IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| MOJO MOBILITY, INC, <br>    *Plaintiff*, <br> v. <br> SAMSUNG ELECTRONICS CO., LTD.; <br> SAMSUNG ELECTRONICS AMERICA, INC., <br>    *Defendant*. | § § § § § § § § § § Case No. 2:22-cv-00398-JRG-RSP |

## MEMORANDUM ORDER

  Before the Court is Defendants Samsung Electronics Co. LTD. and Samsung Electronics America, Inc.'s Motion for Leave to Amend Invalidity Contentions. (**Dkt. No. 50**.) In its Motion, Samsung requests leave to amend its invalidity contentions to add PCT Publication No. WO 2007/090168 A2. (*Id*. at 1.)

  Under the Local Patent Rules, leave to amend or supplement invalidity contentions may be made "only upon a showing of good cause." P.R. 3–6(b). The Federal Circuit has stated that "'good cause' requires a showing of diligence." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006). Diligence includes a party's diligence in discovering the reference: "the critical issue is whether or not [the party seeking to amend] exercised diligence in discovering the prior art.'" *Invensys Sys, Inc. v. Emerson Elec. Co.*, No. 6:12-CV-799, 2014 WL 12598865, at *3 (E.D. Tex. Dec. 3, 2014) (citing *Symantec Corp. v. Acronis Corp.*, 2013 WL 5368053, at *5 (N.D. Cal. Sept. 25, 2013) (internal quotation marks omitted)).

"In the context of untimely amendments to invalidity contentions, the first factor—explanation—requires the amending party to show it was diligent both in discovering *and* in disclosing the prior art references." *Uniloc 2017 LLC v. Google LLC*, No. 2:18-cv-00550-JRG-RSP, Dkt. No. 133, at *3–4 (E.D. Tex. Jan. 17, 2020) (emphasis in original) (collecting cases). A party must "explain why, with reasonable diligence, [it] could not have discovered" the relevant prior art references "prior to the deadline for filing Invalidity Contentions." *Innovative Display Techs. LLC v. Acer Inc.*, No. 2:13-CV-00522-JRG, 2014 WL 2796555, at *1 (E.D. Tex. June 19, 2014). "A party's failure to provide *any* adequate justification for its untimely disclosure materially weighs heavily in favor of rejecting the disclosure, and may even be sufficient standing alone to support exclusion." *Uniloc USA, Inc. v. Samsung Elecs. Am., Inc.*, No. 2:17-CV-00651-JRG, 2019 WL 2267212, at *3 (E.D. Tex. May 28, 2019) (emphasis in original) (collecting cases).

After consideration, the Court concludes that Samsung has shown good cause to amend its invalidity contentions. Accordingly, the Court **GRANTS** Samsung's Motion.

**SIGNED this 11th day of January, 2024.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE