IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MOJO MOBILITY, INC, | § § § | |
| *Plaintiff*, | § | |
| v. | § § | Case No. 2:22-cv-00398-JRG-RSP |
| SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG ELECTRONICS AMERICA, INC., | § § § § | |
| *Defendant*. | § | |

## MEMORANDUM ORDER

Before the Court is Defendants Samsung Electronics Co. LTD. and Samsung Electronics America, Inc.'s Motion to Stay Pending *Inter Partes* Review. (**Dkt. No. 40**.) Samsung filed IPRs against all asserted patents in this case. (Dkt. No. 41 at 3-4.) In a recent filing, the Parties informed the Court that the Patent trial and Appeal Board instituted two IPRs against the '349 Patent, but that plaintiff Mojo Mobility is no longer pursuing that patent in this case. (Dkt. No. 75.) All other IPRs were denied institution and Defendants are seeking Director Review regarding IPRs pursued against a single patent. (*Id*.)

District courts have the power to stay proceedings as part of their inherent power to control their own docket. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Nelson v. Grooms*, 307 F.2d 76, 78 (5th Cir. 1962). In deciding whether to stay litigation pending PTAB review, courts consider: "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set." *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005) (citing *Xerox Corp. v. 3Com Corp.*, 69 F.Supp.2d 404, 406 (W.D. N.Y. 1999)).

At best, only a single patent of the six at issue before the Court could be subject to an IPR. Even if all asserted claims of that patent were found invalid, the Court would still be left to conduct a trial as to the remaining patents. Thus, there is very limited simplification to be gained by a stay in this case.

With minimal simplification, the Court finds there is no grounds to grant this motion. Therefor, the motion is **DENIED**.

**SIGNED this 26th day of February, 2024.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE