**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| MOJO MOBILITY INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 2:22-CV-00398-JRG-RSP |
| | § | |
| SAMSUNG ELECTRONICS CO., LTD.; | § | JURY TRIAL DEMANDED |
| SAMSUNG ELECTRONICS AMERICA, | § | |
| INC., | § | |
| | § | |
| Defendants. | § | |
| | § | |

**DEFENDANTS SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.'S OPPOSITION TO MOJO MOBILITY INC.'S MOTION TO STRIKE PORTIONS OF JULIA R. ROWE'S REBUTTAL EXPERT REPORT ON DAMAGES**

████████████████████████

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ........................................................................................... 1

II.    OPPOSITION AND ARGUMENT ................................................................. 2

      A.     Mojo Fails to Justify Exclusion of Ms. Rowe's Opinions ................... 2

           1.     Ms. Rowe's opinions related to nonparty patents and state-of-the-art wireless charging technology are appropriate to analyze the value of the asserted patents ..................................................... 2

           2.     Ms. Rowe's opinions related to comparable licenses or non-infringing alternatives are proper rebuttal opinions. ................................ 4

           3.     References to Qi/WPC are appropriate rebuttal opinions to Mojo's arguments that relate to the value of the asserted patents. ..................... 8

           4.     Ms. Rowe appropriately relies on discussions with Samsung employees in forming her opinions. ......................................... 12

           5.     Ms. Rowe properly relied on the opinions of David Baarman in forming her opinions. ................................................................. 14

III.   CONCLUSION ............................................................................................. 14

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Apple Inc. v. Motorola, Inc*.,
  757 F.3d 1286 (Fed. Cir. 2014)...........................................................................................2, 3

*Arigna Tech. Ltd. v. Nissan Motor Co*.,
  No. 2:22-cv-00126-JRG-RSP, 2022 WL 14328350 (E.D. Tex. Oct. 24, 2022)......................2

*CEATS, Inc. v. TicketNetwork, Inc*.,
  No. 2:15-CV-01470-JRG-RSP, 2018 WL 453732 (E.D. Tex. Jan. 17, 2018).........................5

*Correct Transmission, LLC v. Nokia of Am. Corp*.,
  No. 2:22-CV-00343-JRG-RSP, 2024 WL 1289821 (E.D. Tex. Mar. 26, 2024) ...........8, 13, 14

*Entropic Commc'ns, LLC v. Charter Commc'ns, Inc*.,
  No. 2:22-CV-00125-JRG, 2023 WL 8260866 (E.D. Tex. Nov. 28, 2023)...............................4

*Estech Sys. IP, LLC v. Carvana LLC*,
  No. 2:21-CV-00482-JRG-RSP, 2023 WL 3292881 (E.D. Tex. May 5, 2023)........................13

*First Nat. Bank of Louisville v. Lustig*,
  96 F.3d 1554 (5th Cir. 1996) ..........................................................................................13, 14

*Geiserman v. MacDonald*,
  893 F.2d 787 (5th Cir. 1990) ..................................................................................................4

*Genband US LLC v. Metaswitch Networks Corp.*,
  No. 2:14-cv-33-JRG-RSP, 2016 WL 125503 (E.D. Tex. Jan. 9, 2016) ...........................12, 13

*GEODynamics, Inc. v. DynaEnergetics U.S., Inc*.,
  No. 2:17-CV-00371-RSP, 2018 WL 4732419 (E.D. Tex. Sep. 30, 2018) ..........................5, 12

*Georgia–Pac. Corp. v. U.S. Plywood Corp*.,
  318 F. Supp. 1116 (S.D.N.Y. 1970)........................................................................................11

*Gibson Brands, Inc. v. Armadillo Distrib. Enters., Inc.*,
  No. 4:19-CV-00358, 2020 WL 6581868 (E.D. Tex. Nov. 10, 2020)........................................9

*Gibson Brands, Inc. v. Armadillo Distrib. Enters. Inc.*,
  No. 4:19-cv-00358, 2021 WL 231764 (E.D. Tex. Jan. 22, 2021) ..........................................10

*Monsanto Co. v. David*,
  516 F.3d 1009 (Fed. Cir. 2008)...............................................................................................3

## TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Morgan v. Com. Union Assurance Cos.*,
    606 F.2d 554 (5th Cir. 1979) ....................................................................9

*Netlist, Inc. v. Micron Tech., Inc.*
    No. 2:22-cv-203-JRG-RSP, 2024 WL 326591 (E.D. Tex. Jan. 26, 2024) ...........................6, 7

*PerdiemCo, LLC v. Industrack LLC*,
    No. 2:15-CV-00727-JRG-RSP, 2016 WL 8135383 (E.D. Tex. Oct. 25, 2016) .......................3

*Personalized Media Commc'ns, LLC v. Apple, Inc.*,
    No. 2:15-cv-01366-JRG-RSP, 2021 WL 662237 (E.D. Tex. Feb. 20, 2021)...........................7

*Smart Path Connections, LLC v. Nokia of Am. Corp.*,
    No. 2:22-cv-0296-JRG-RSP, 2024 WL 1096117 (E.D. Tex. Mar. 13, 2024) ........................11

**Other Authorities**

Fed. R. Civ. P. 26 .................................................................................................6, 11

Fed. R. Evid. 702 .................................................................................................13

Fed. R. Evid. 703 .................................................................................................3, 13

███████████████████████████████

## TABLE OF EXHIBITS

| Exhibit | Description |
| --- | --- |
| A | ████████████████████████████████ |
| B | Qi Wireless Power License Fees – VIA LA (https://www.via-la.com/licensing-2/qi-wireless-power/qi-wireless-power-license-fees/), produced by Samsung at SAM-MOJO-00848789 |
| C | Wireless Power IP Licensing | Philips (https://www.philips.com/a-w/about/innovations/ips/ip-licensing/programs/wireless-power.html), produced by Samsung at SAM-MOJO-00848673 |
| D | Relevant portions of the deposition of Julia Rowe, taken on April 24, 2024 |
| E | Deposition of ████████, taken on February 29, 2024 |
| F | "Who Leads the Qi Wireless Charging Patent Race? 2024," LexisNexis |
| G | Exhibit 25 to the Deposition of Afshin Partovi, taken on February 15-16, 2024 |
| H | Samsung's Responses to Mojo Mobility's First Set of Interrogatories (Nos. 1-19), May 1, 2023 |

## I.    INTRODUCTION

Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") submit this response to Plaintiff Mojo Mobility Inc.'s ("Mojo") Motion to Strike Portions of Julia R. Rowe's Rebuttal Expert Report on Damages (Dkt. 88) ("Mot.").

Fundamentally, Ms. Rowe should be allowed to rebut the damages opinions of Mr. Jim Bergman, disclosed for the first time in his expert report on behalf of Mojo. Among other things, Ms. Rowe's opinions address (i) nonparty patents and state-of-the-art wireless charging technology illustrating the value of the features of the asserted patents; (ii) certain comparable licenses or non-infringing alternatives ("NIAs"); and (iii) Mr. David Baarman's opinions related to the field of wireless charging. Samsung could not have disclosed those rebuttal opinions any earlier in the case, nor do courts in this District require offering such opinions before a rebuttal report.

There is no basis to preclude Ms. Rowe's rebuttal opinions addressing the Qi standard. Mojo, through its survey expert Dr. Rebbecca Reed-Arthurs, injected the Qi standard into the case by way of her consumer survey, and Mr. Bergman relied on that survey in formulating his damages opinions. As such, Mojo's experts opened the door to Ms. Rowe's rebuttal opinions that the Qi standard and related patents contribute significant value that Mr. Bergman failed to apportion out of his damages analysis for the asserted patents. Ms. Rowe's opinions related to the rates that wireless charging patent portfolios are offered at and the value that certain NIAs hold in the market appropriately rebut Mojo's introduction of the same.

Finally, Ms. Rowe properly relied on the statements of Samsung's employees and experts in formulating her opinions. Not only is the law on this issue clear, but Mr. Bergman similarly relied on discussions with other fact and expert witnesses in formulating his opinions. There is therefore no basis to exclude Ms. Rowe's reliance on discussions with Samsung's other witnesses.

Samsung respectfully requests the Court to deny Mojo's motion.

## II.    OPPOSITION AND ARGUMENT

Mojo improperly objects and moves to exclude the opinions put forth by Ms. Rowe illustrating Mojo's lack of apportionment. Ms. Rowe's opinions are proper rebuttal evidence to Mojo's expert reports and should not be excluded for the reasons addressed in turn below.

### A.    Mojo Fails to Justify Exclusion of Ms. Rowe's Opinions

**1.    Ms. Rowe's opinions related to nonparty patents and state-of-the-art wireless charging technology are appropriate to analyze the value of the asserted patents**.

Samsung's references to nonparty patents and state-of-the-art wireless charging technology are not unfairly prejudicial and confusing. Mot. at 2-6. Mojo seeks to insulate its damages expert, Mr. Bergman, from his failure to apportion the incremental value of the asserted patents by precluding rebuttal from Ms. Rowe, who identified and addressed nonparty patents and state-of-the-art wireless charging technology that also contribute value to the wireless charging field. The Court should reject any such attempt to misappropriate evidentiary rules to prevent one expert from identifying the flaws in another expert's methodology.

This Court has found that a damages expert can rely upon the opinions of a technical expert in forming her own opinions. *See Arigna Tech. Ltd. v. Nissan Motor Co*., No. 2:22-cv-00126-JRG-RSP, 2022 WL 14328350, at *3 (E.D. Tex. Oct. 24, 2022) ("[T]here is no *per se* rules [sic] against relying on a conversation between experts," and finding that the damages expert is permitted to rely on a "technical expert in the industry to help form the damages opinion."); *see also Apple Inc. v. Motorola, Inc*., 757 F.3d 1286, 1321 (Fed. Cir. 2014) ("Experts routinely rely upon other experts hired by the party they represent for expertise outside of their field." (internal citation omitted)). Here, Ms. Rowe relied on conversations with Dr. Zane and Mr. Baarman to understand that Mojo's patents represent only a small advance in a crowded field of prior art. *See,*

*e.g.*, Dkt. 88-2 (Rowe Rpt.) ¶¶ 53, 240.  And Ms. Rowe's reliance on Dr. Zane and Mr. Baarman to address Mojo's lack of apportionment is also routinely recognized as appropriate.  *Apple*, 757 F.3d at 1321 ("Consistent with Rule 703, patent damages experts often rely on technical expertise outside of their field when evaluating design around options or valuing the importance of the specific, infringing features in a complex device." (citing *Monsanto Co. v. David*, 516 F.3d 1009, 1015 (Fed. Cir. 2008))).  Because Mr. Bergman did not apportion the incremental value attributable to the asserted patents, Ms. Rowe's rebuttal evidence evincing that fact is both proper and important and should not be excluded.

Mojo further states that Samsung did not identify nonparty patents or state-of-the-art wireless charging technology documents in its responses to Interrogatory Nos. 8-12 and 22.  Mot. at 5 (citing Ex. 3 (Dkt. 88-4)).  Those interrogatories, however, did not seek an identification of nonparty patents or other state-of-the-art wireless charging technology documents.  *See* Dkt. 88-4.[1]  Instead, they sought non-infringing alternatives, license offers made to or offered by Samsung, or documents otherwise not required to be identified in response to an interrogatory due to being the subject of expert analysis and opinion (*i.e.*, documents and calculations related to damages).  Additionally, Mojo did not move to compel further discovery regarding the interrogatories cited in its motion.  *See PerdiemCo, LLC v. Industrack LLC*, No. 2:15-CV-00727-JRG-RSP, 2016 WL 8135383, at *2 (E.D. Tex. Oct. 25, 2016) ("If [plaintiff] took issue with any of [defendant]'s interrogatory responses or objections, the appropriate remedy was to file a motion to compel a response.").  Therefore, Mojo cannot claim prejudice regarding Ms. Rowe's use of nonparty patents and state-of-the-art references as rebuttal evidence to Mojo's purported valuation.

---

[1] Mojo cited to Exhibit 3, Plaintiff's First Set of Interrogatories (Dkt. 88-4), to allege that Samsung did not identify nonparty patents or state-of-the-art wireless charging technology in response to Interrogatory Nos. 8-12 and 22.  Samsung notes that Plaintiff's First Set of Interrogatories does not contain Interrogatory No. 22.

Further, the cases that Mojo cites (*Entropic* and *Geiserman*) are inapposite because they do not address the use of nonparty patents or state-of-the-art references to rebut a plaintiff's failure to apportion. *See* Mot. at 5 (citing *Entropic Commc'ns, LLC v. Charter Commc'ns, Inc.*, No. 2:22-CV-00125-JRG, 2023 WL 8260866, at *2 (E.D. Tex. Nov. 28, 2023) (discussing reliance on late-disclosed spreadsheets and the failure to timely disclose a license agreement); *see also id.* (citing *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990) (affirming district court's exclusion of expert witness designations due to party's failure to timely designate)). These cases do not relate to what Mojo seeks to exclude (*i.e.*, references to the state of the art for the purposes of rebuttal), and deal only with untimely disclosure, which is not at issue here (*see infra* §§ II.A.2-3).

Accordingly, the Court should deny Mojo's request to exclude Ms. Rowe's opinions related to nonparty patents and state-of-the-art wireless charging technology references.

### 2.    Ms. Rowe's opinions related to comparable licenses or non-infringing alternatives are proper rebuttal opinions.

Samsung did not untimely disclose various discovery items. Each alleged untimely disclosure is discussed in turn below.

First, Mojo alleges that Ms. Rowe relies on ████████████████████ ████████ VIA LA Wireless Power Royalty Rates; and Philips Patent Portfolio License) not timely disclosed in discovery. Mot. at 6. Mojo contends that ████████ should have been disclosed in response to Interrogatory Nos. 9, 10, and/or 12. *Id.* As an initial matter, and as explained below, two of these documents (VIA LA Wireless Power Royalty Rates and Philips Patent Portfolio License) are not even licenses. Interrogatory No. 9 sought license offers made to or offered by Samsung comparable to the patents-in-suit. *See* Dkt. 88-4. Interrogatory No. 10 sought documents and/or other information that may be used to support or refute a calculation of any reasonable royalty damages. *Id.* And Interrogatory No. 12 sought all license offers made to or offered by Samsung that involve wireless charging. *Id.* ████████████████



██████████████     *GEODynamics, Inc. v. DynaEnergetics U.S., Inc.*, No. 2:17-CV-00371-RSP, 2018 WL 4732419, at *2 (E.D. Tex. Sep. 30, 2018) (quoting *CEATS, Inc. v. TicketNetwork, Inc.*, No. 2:15-CV-01470-JRG-RSP, 2018 WL 453732, at *3 (E.D. Tex. Jan. 17, 2018)) ("A rebuttal report 'explains, repels, counteracts, or disproves evidence of the adverse party's initial report.").

Moreover, the above-mentioned interrogatories request license offers that *were made to or offered by* Samsung.  As noted, neither the VIA LA Wireless Power Royalty Rates nor the Philips Patent Portfolio License documents qualify.  Rather, those are public documents analyzed by Ms. Rowe that illustrate the offered rates for patent portfolios with Qi-essential patents.  *See, e.g.*, Ex. D at 30:19-31:3. █████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Further, Interrogatory No. 10 calls for the disclosure of the calculation of reasonable royalty damages, which is the province of expert discovery and need not be identified in response to an interrogatory.  As Samsung noted in

---

[2] ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

its interrogatory responses[3], such a request was premature to the extent it sought expert opinions

outside of the discovery schedule ordered by the Court and set forth in Rule 26 of the Federal

Rules.  *See generally* Dkt. 88-6; *see also* Dkt. 29 (Discovery Order) at 3-4 ("the disclosure of the

computation of damages may be deferred until the time for Expert Disclosures if a party will rely

on a damages expert.").  Finally, Mojo did not move to compel a further response.  In short, Mojo's

arguments regarding the untimely disclosure of documents and prejudice are unavailing.

Second, Mojo argues that the Court should strike references to alleged NIAs that were not

disclosed in Samsung's interrogatory responses or opening expert reports.  Mot. at 8.  Mojo states

that Samsung did not address any of the NIAs it listed in response to Mojo's interrogatories in its

opening expert report and introduced "wired charging" as a new alleged NIA in Ms. Rowe's

rebuttal report.  *Id*.  But Ms. Rowe's discussion of "wired charging" was in direct response to Mr.

Bergman's purported valuation of wireless charging in comparison to wired charging.  As Mr.

Bergman made explicit, "I analyzed the pricing and profits associated with Samsung's wired

versus wireless chargers . . . ."  Dkt. 96-1 (Bergman Rpt.) ¶ 240.  In response, Ms. Rowe addressed

Mr. Bergman's related opinion.  *See, e.g.*, Dkt. 88-2 (Rowe Rpt.) ¶ 261 ("Mr. Bergman said that

he quantified the benefit of "high-speed wireless charging," but he did not explain how (if at all)

he took into account the obvious NIA of wired charging.").  In *Netlist, Inc. v. Micron Tech., Inc.*,

plaintiff contended that defendant's rebuttal reports contained new NIA theories while defendant

asserted that its experts' NIA opinions were in rebuttal to opinions proffered in plaintiff's opening

reports.  No. 2:22-cv-203-JRG-RSP, 2024 WL 326591, at *3-4 (E.D. Tex. Jan. 26, 2024).  There,

the Court did not strike those expert rebuttal opinions that addressed the opening reports'

---

[3] *See* Ex. H (Samsung's Objections and Responses to Plaintiff's First Set of Interrogatories) at 22-
24 (objecting to Interrogatory Nos. 10-11 as, *inter alia*, premature to the extent they seek expert
discovery outside of the discovery schedule).

introduction of NIA theories finding that the rebuttal opinions were "not untimely."  *Id.*  Similarly here, Ms. Rowe's statements are proper rebuttal and should not be excluded.  Mojo has not identified any purportedly new NIAs beyond "wired charging," but to the extent Mojo subsequently does, Samsung reserves all rights to respond in sur-reply or otherwise.

Finally, Mojo argues that any opinions related to the comparability of licenses with regard to damages should have been disclosed by Samsung in an opening report.  Mot. at 4-5.  Tellingly, Mojo cites no case law to support this novel assertion.  *See generally* Mot.  Mojo's contention that a defendant is required to provide license comparability opinions in an opening report is contrary to longstanding practice in this District where defendants traditionally provide those opinions in a rebuttal report.[4]  *See, e.g.*, *Personalized Media Commc'ns, LLC v. Apple, Inc.*, No. 2:15-cv-01366-JRG-RSP, 2021 WL 662237 (E.D. Tex. Feb. 20, 2021) (defendant providing license comparability opinions in rebuttal damages report).  As stated above, Ms. Rowe put forth her opinions as rebuttal to Mojo's damages analysis, including Mr. Bergman's lack of apportionment, failure to consider actual market transactions, and disregard of numerous other data points.  ███████████

███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
████████████████████

---

[4] ████████████████████████████████████████████
If Mojo expected Samsung to address license comparability in an opening report after which Mojo would respond, it is unclear why Mojo offered those opinions in its opening report.

████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████. For that

reason, *Correct Transmission* is inapposite. *See Correct Transmission, LLC v. Nokia of Am. Corp.*,

No. 2:22-CV-00343-JRG-RSP, 2024 WL 1289821, at *4 (E.D. Tex. Mar. 26, 2024). In *Correct*

*Transmission*, the Court excluded inadequately identified NIAs that were deemed "ultimately

irrelevant" to the case because they were not tied to a damages analysis. *Id.* (stating NIAs were

"not relevant" because defendant's expert did not "provide any financial analysis of the impact"

of an NIA to a reasonable royalty). ██████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████.

Accordingly, the Court should deny Mojo's request to exclude Ms. Rowe's opinions

related to comparable licenses and NIAs because they constitute proper rebuttal opinion.

### 3.    References to Qi/WPC are appropriate rebuttal opinions to Mojo's arguments that relate to the value of the asserted patents.

Ms. Rowe's references to the Qi standard and the Wireless Power Consortium ("WPC")

are appropriate rebuttals to Qi- and WPC-based arguments related to the value of the asserted

patents. Mojo contends that any reference to the Qi standard or the WPC would be prejudicial and

unduly confusing to the jury because Mojo itself is not a member of the WPC, and the WPC's

policies do not apply to Mojo. Mot. at 9-12. Mojo also asserts that Ms. Rowe's references to the

Qi standard and/or the WPC are improper because they were not made in timely interrogatory

responses or opening expert reports. *Id.* Mojo further states that any discussion related to the Qi

standard or the WPC should only be allowed with respect to infringement or non-infringement.

*Id.* Mojo's Qi- and WPC-based arguments lack merit, and each is addressed in turn below.

███████████████████████████████████████████

First, the fact that Mojo is not a WPC member and not subject to its licensing guidelines is irrelevant when Mojo put the Qi standard into play in the case. For example, Mr. Bergman, Mojo's damages expert, opined on the Qi standard's operability, its inclusion in the accused products, and its popularity in the market. *See, e.g.*, Dkt. 96-1 (Bergman Rpt.) ¶ 102 (discussing that interest in Qi charging beyond the home is surging). Further, Dr. Reed-Arthurs, Mojo's survey expert, based survey questions on consumer's interest in owning Qi-compliant devices. *See, e.g.*, Dkt. 95-1 (Reed-Arthurs Rpt.) ¶ 33 █████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

█████████████████████, ¶ 48 (Figure 4 describing language used in the survey and noting Qi as a wireless charging method). Mojo's contention that Ms. Rowe cannot rebut these assertions by addressing the value of the Qi standard and related patents is plainly incorrect. *Gibson Brands, Inc. v. Armadillo Distrib. Enters., Inc.*, No. 4:19-CV-00358, 2020 WL 6581868, at *2 (E.D. Tex. Nov. 10, 2020) ("The Fifth Circuit noted that 'rebuttal' is a term of art 'denoting evidence introduced by a [party] to meet new facts brought out in the [party] opponent's case in chief.'" (quoting *Morgan v. Com. Union Assurance Cos.*, 606 F.2d 554, 556 (5th Cir. 1979))).

Second, Mojo's argument that Samsung's references to the Qi standard and/or the WPC are improper because they were not identified in interrogatory responses or opening expert reports (Mot. at 11) is belied by the fact that Ms. Rowe is a rebuttal expert responding to arguments made by Mojo. As explained above, Mojo's experts first injected discussion of the value of the Qi standard and WPC policies into their expert reports. Responses to such statements are fair game for a rebuttal damages expert, especially when refuting a damages model whereby Mr. Bergman credits the asserted patents with the value of the Qi standard by failing to apportion it out. *Gibson Brands*, 2020 WL 6581868, at *2.

Mojo's attempt to limit any discussion of the Qi standard or the WPC to infringement and non-infringement is improper and highly prejudicial to Samsung.  Mot. at 10.  Mojo wants to use the Qi standard to prove that Samsung infringes the asserted patents, and has put forth the opinions of Mr. Bergman, as well as Dr. David S. Ricketts, to support this notion.  *See, e.g.*, Dkt. 96-1 (Bergman Rpt.) ¶ 196 (relying on discussions with Dr. Ricketts that certain asserted claims are enabled through use of the Qi standard).  But if Mojo wants to use the Qi standard as a proxy to prove alleged infringement by Samsung's Qi-certified devices, then the converse of that proposition should also be allowed.  That is, Samsung should be allowed to point to the Qi standard and patents that are essential to that standard to demonstrate the *apportioned* value of Mojo's asserted patents.[5]  Ms. Rowe has done that by identifying features that are part of the Qi standard to establish the value of such features.  These opinions are germane to the patent-value question because Mojo and its damages expert, Mr. Bergman, failed to apportion out the value of features that are part of the Qi standard when analyzing the purported value of Mojo's patents.[6]  Excluding these opinions would, in effect, exclude evidence of the *incremental* value of the asserted patents in the context of using the standard to assert infringement.

Mojo also contends that Samsung's use of the Philips and VIA LA licensing offers is improper because they were not timely disclosed in interrogatory responses or opening expert reports.  Mot. at 10.  As explained above, Ms. Rowe's use of data points as a method to rebut the value of the purported invention is proper rebuttal evidence.  *Gibson Brands, Inc. v. Armadillo Distrib. Enters. Inc.*, No. 4:19-cv-00358, 2021 WL 231764, at *3 (E.D. Tex. Jan. 22, 2021)

---

[5] Dr. Partovi recognized that the Qi standard adds value and licensing opportunities for patent holders.  *See* Ex. G (Partovi Dep. Tr. at Ex. 25).

[6] Mojo additionally failed to apportion the value attributable to other patents in the wireless charging technology field.

██████████████████████████████████████████████

("Nothing in Rule 26 or the nature of rebuttal prohibits offering independent opinions or utilizing other methodologies."). ██████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

█████████████  And the *Georgia-Pacific* factors also encourage taking into account other offers to license in the industry. *See Georgia-Pac. Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970) (Factor 12: The portion of the profit or of the selling price that may be customary in the particular business or in comparable businesses to allow for the use of the invention or analogous inventions).

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████  Ms. Rowe's reliance on the statements of Dr. Zane and Mr. Baarman is appropriate given that she is not a technical expert and can rely on the opinions of other experts in forming her own opinion. *Smart Path Connections, LLC v. Nokia of Am. Corp.*, No. 2:22-cv-0296-JRG-RSP, 2024 WL 1096117, at *2-3 (E.D. Tex. Mar. 13, 2024) ("An expert is permitted to rely upon the testimony of other witnesses in developing their opinions, including the testimony of other experts.").

Mojo's argument (Mot. at 11-12) that Ms. Rowe's citation of the 2024 LexisNexis rankings is misplaced and unreliable is similarly unavailing. *See* Dkt. 88-2 (Rowe Rpt.) ¶ 369. As discussed above, Ms. Rowe's use of third-party data points to apportion value to the alleged invention is

████████████████████████████████████████

appropriate rebuttal evidence. *GEODynamics,* 2018 WL 4732419, at *2. The 2024 LexisNexis document properly uses a forward citation analysis to indicate patent value, unlike the forward citation analysis performed by Mr. Bergman that is the subject of Samsung's motion to exclude his opinions. *See* Ex. F ("Counting Qi active and granted patent families and multiplying the Patent Asset Index, a score that uses a patent's forward citation and a patent family's market coverage to indicate a patent's value, shows highest shares for Philips followed by Qualcomm, Samsung, Apple and Sony."). For example, the 2024 LexisNexis document appropriately considers the context of the number of citations (*e.g.*, by comparison among companies), whereas Mr. Bergman's analysis is done in isolation and without any context to render his opinion useful or reliable. The fact that this evidence illustrates that Samsung has made significant investments of its own in wireless charging technology and Qi-related patents demonstrates that its contributions should have been apportioned out by Mr. Bergman, rather than being credited to the asserted patents.

Accordingly, the Court should deny Mojo's request to exclude Ms. Rowe's opinions related to the Qi standard and the WPC.

    **4.    Ms. Rowe appropriately relies on discussions with Samsung employees in forming her opinions**.

Mojo is flatly incorrect that Ms. Rowe's opinions based on discussions with ████████ and ████████ both Samsung employees, are hearsay and thus inadmissible. *See* Mot. at 12-13. Specifically, Mojo contends that Ms. Rowe cannot rely on interviews with ████████ and ████████ to introduce evidence that is otherwise inadmissible. *Id.* However, there is nothing improper about Ms. Rowe basing her opinions on discussions with Samsung witnesses who were properly disclosed and deposed. This Court has previously denied striking portions of an expert report based on alleged hearsay conversations with company employees. *See Genband US LLC v. Metaswitch Networks Corp.*, No. 2:14-cv-33-JRG-RSP, 2016 WL 125503, at *3 (E.D. Tex. Jan.

9, 2016) (finding an expert's reliance on conversations with employees can be explored through cross-examination but does not warrant striking the testimony).  Moreover, under Rule 703, "[a]n expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed," and share otherwise inadmissible facts or data with the jury as long as "their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." *Estech Sys. IP, LLC v. Carvana LLC*, No. 2:21-CV-00482-JRG-RSP, 2023 WL 3292881, at *2 (E.D. Tex. May 5, 2023) (quoting Fed. R. Evid. 703).  Where Ms. Rowe relies on conversations with Samsung employees, she discloses this fact in her report along with an explanation of her reasoning and methodology.  *See, e.g.*, Dkt. 88-2 (Rowe Rpt.) ¶¶ 18-19.  This satisfies Rule 702; an expert's report need not catalog all the details of the experiential knowledge upon which the expert relies.  *Genband*, 2016 WL 125503, at *3.

Notably, Mojo's experts also based their opinions on otherwise inadmissible discussions with Mojo employees.  *See, e.g.*, Dkt. 96-1 (Bergman Rpt.) (citing to numerous discussions with Afshin Partovi as a basis for opinions).  Mojo further alleges that Ms. Rowe's discussions with Samsung's technical expert Dr. Zane and with Mr. Baarman are improper.  Dkt. 88 at 12-13.  Here, too, Mojo's experts did the same thing.  *See, e.g.*, Dkt. 96-1 ¶ 9 ("I have spoken with . . . Dr. David Ricketts, Mojo's technical expert, and Dr. Rebbecca Reed-Arthurs, Mojo's survey expert, in forming my opinions.").  That Ms. Rowe similarly based her opinions on conversations with Samsung's employees or experts does not warrant excluding those opinions.  *See Correct Transmission*, 2024 WL 1289821, at *5 (citing *First Nat. Bank of Louisville v. Lustig*, 96 F.3d 1554, 1576 (5th Cir. 1996) ("Experts may rely on hearsay evidence in forming their opinions.")).

Accordingly, the Court should deny Mojo's request to exclude Ms. Rowe's opinions relying on discussions with Samsung's employees or experts.

### 5. Ms. Rowe properly relied on the opinions of David Baarman in forming her opinions.

Mojo's contention that Ms. Rowe cannot rely on the opinions of David Baarman, a business and licensing expert in the field of wireless charging, is also incorrect. As further detailed in Samsung's Opposition to Mojo's Motion to Strike and Exclude the Expert Report and Testimony of Mr. Baarman, Mr. Baarman provides opinions regarding the value of wireless charging and rebuts the damages calculation of Mr. Bergman, Mojo's damages expert. Mr. Baarman's report looks at the state of the art of wireless charging in order to contrast Mojo's damages number with rates that are standard in the wireless charging industry. It therefore supports Samsung's other experts, like Ms. Rowe, in providing their rebuttal opinions. Because Samsung does not bear the burden of proof on damages, such rebuttal of Mojo's experts is proper.

Additionally, Ms. Rowe not only relies on the report of Mr. Baarman but also his deposition testimony, where he was subject to cross-examination. *See, e.g.*, Dkt. 88-2 (Rowe Rpt.) ¶¶ 87-92. To the extent that Mr. Baarman is providing fact testimony, he will also appear at trial; therefore, excluding his testimony, and any reliance thereon, would be inappropriate at this stage. In any event, as discussed above, an expert may rely on the statements of other experts, including hearsay statements, in forming her own opinions. *Correct Transmission*, 2024 WL 1289821, at *5 (citing *First Nat. Bank of Louisville*, 96 F.3d at 1576).

Thus, Mojo's request to exclude Ms. Rowe's reliance on the opinions of Mr. Baarman should be denied.

## III.    CONCLUSION

For the foregoing reasons, Mojo's Motion to Strike Portions of Julia R. Rowe's Rebuttal Expert Report on Damages should be denied.

███████████████████████████

DATED:  May 13, 2024

Respectfully submitted,

By:  */s/ Allan M. Soobert*
Allan M. Soobert
allansoobert@paulhastings.com
James V. Razick (*pro hac vice*)
jamesrazick@paulhastings.com
David Valente (*pro hac vice*)
davidvalente@paulhastings.com
Jason Mikus *(pro hac vice)*
jasonmikus@paulhastings.com
Kevin Stewart *(pro hac vice)*
kevinstewart@paulhastings.com
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C. 20036
Telephone: 202-551-1700
Facsimile: 202-551-1705

Elizabeth L. Brann
elizabethbrann@paulhastings.com
Soyoung Jung (*pro hac vice*)
soyoungjung@paulhastings.com
PAUL HASTINGS LLP
4655 Executive Drive, Suite 350
San Diego, CA  92121
Telephone:  (858) 458-3000
Facsimile:  (858) 458-3005

Robert W. Unikel
robertunikel@paulhastings.com
John A. Cotiguala
johncotiguala@paulhastings.com
PAUL HASTINGS LLP
71 South Wacker Drive, Forty-Fifth Floor
Chicago, IL 60606
Telephone: (312) 499-6000
Facsimile: (312) 499-6100

Matthias A. Kamber
matthiaskamber@paulhastings.com
PAUL HASTINGS LLP
101 California Street, Forty-Eighth Floor
San Francisco, CA 94111
Telephone: (415) 856-7000
Facsimile: (415) 856-7100

███████████████████████████

Melissa R. Smith (TX Bar No. 24001351)
melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 S. Washington Ave.
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Andrew Thompson ("Tom") Gorham
(TX Bar No. 24012715)
tom@gillamsmithlaw.com
James Travis Underwood
travis@gillamsmithlaw.com
GILLAM & SMITH, L.L.P.
102 N. College, Suite 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

*Attorneys for Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.*

## CERTIFICATE OF AUTHORIZATION TO SEAL

I hereby certify that under Local Rule CV-5(a)(7), the foregoing document is filed under seal pursuant to the Court's Protective Order entered in this matter.

 */s/ Allan M. Soobert*
Allan M. Soobert

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on May 13, 2024. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and by email.

 */s/ Allan M. Soobert*
Allan M. Soobert

16