IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MOJO MOBILITY, INC., | § § § | |
| *Plaintiff*, | § § | |
| v. | § § § | CASE NO. 2:22-CV-00398-JRG-RSP |
| SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., | § § § § § | |
| *Defendants*. | § | |

## REPORT & RECOMMENDATION

Before the Court is the Motion for Summary Judgment of No Willful Infringement or Enhanced Damages filed by Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. **Dkt. No. 93**; Dkt. No. 148 (reply). Plaintiff Mojo Mobility, Inc. has filed briefs opposing the Motion. *See* Dkt. No. 122 (response); Dkt. No. 171 (sur-reply). For the reasons discussed herein, the motion should be **DENIED**.

### I.     LEGAL STANDARD

Summary judgment is proper when there is no genuine dispute of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine [dispute] of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Id.* at 248. A dispute about a material fact is "genuine"

when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

"Enhanced damages under § 284 are predicated on a finding of willful infringement." *SRI Int'l, Inc. v. Cisco Sys., Inc.*, 930 F.3d 1295, 1310 (Fed. Cir. 2019) ("*SRI II*"). Willful infringement is a question of fact merely requiring a finding of deliberate or intentional infringement. *SRI Int'l, Inc. v. Cisco Sys., Inc.*, 14 F.4th 1323, 1330 (Fed. Cir. 2021), *cert. denied*, 142 S. Ct. 2732 (2022) ("*SRI IV*") (citing *Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*, 946 F.3d 1367, 1378 (Fed. Cir. 2020)); *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016) ("We do not interpret *Halo* [*Electronics, Inc. v. Pulse Electronics, Inc.*, 136 S.Ct. 1923] as changing the established law that the factual components of the willfulness question should be resolved by the jury.").

Willful infringement impliedly requires knowledge of the patent in suit. *WBIP*, 829 F.3d at 1341 (Fed. Cir. 2016) (citing *Halo*, 136 S.Ct. at 1932-33). Further, evidence of knowledge of the patents in suit and intent sufficient to establish deliberate or intentional conduct may be inferred from circumstantial evidence. See *Warsaw Orthopedic, Inc. v. NuVasive, Inc.*, 824 F.3d 1344, 1347 (Fed. Cir. 2016) ("knowledge of infringement can be inferred from circumstantial evidence"); *WCM Industries, Inc. v. IPS Corporation*, 721 Fed.Appx. 959, 970 (Fed. Cir. 2018) ("whether an act is 'willful' is by definition a question of the actor's intent, the answer to which must be inferred *from all the circumstances*.") (emphasis original) (cleaned up) (quoting *Gustafson, Inc. v. Intersystems Industrial Products, Inc.*, 897 F.2d 508 (Fed. Cir. 1990)). However, "[k]nowledge of the asserted patent and evidence of infringement is necessary, but not sufficient, for a finding of willfulness. Rather, willfulness requires deliberate or intentional

infringement." *Bayer Healthcare LLC v. Baxalta Inc.*, 989 F.3d 964, 988 (Fed. Cir. 2021) (citing *Eko Brands*, 946 F.3d at 1378).

## II.   ANALYSIS

Mojo has asserted against Samsung U.S. Patent Nos. 7,948,208; 9,557,440; 11,201,500; 11,316,371; 11,342,777; and 11,462,942. Dkt. No. 93 at 5. Samsung contests generally whether pre-suit knowledge or intent was present to sustain Mojo's claim of willful infringement for the six asserted patents. *Id.* Further, Samsung contends that post-suit willful infringement is not present and that Mojo is not entitled to enhanced damages. *Id.* at 5, 17–18. The Court considers each of these points in turn.

### A.   Pre-suit Willfulness

#### 1.   Knowledge of the Asserted Patents

Samsung does not contend that knowledge of the '208 and '440 Patents was absent prior to the filing of the suit. *See* Dkt. No. 93. Rather, Samsung focuses on intent to willfully infringe for these patents, discussed below. *See* Dkt. No. 93 at 14–16; *infra* Section II(A)(2).

Samsung asserts that "Mojo failed to give pre-suit notice of the '500, '371, '777, and '942 Patents" and requests summary judgment of no pre-suit willfulness for these four patents. Dkt. No. 93 at 11–14. Samsung contends that while lists of patents were sent to Samsung from Mojo, they did not include the '500, '371, '777, and '942 Patents or mention of patent applications for these four patents. Dkt. No. 93 at 11. Further, Samsung asserts that awareness of the patent family does not suffice as notice of the asserted patents for purposes of willful infringement. Dkt. No. 93 at 12 (citing *Touchstream Techs. v. Altice U.S., Inc.*, 2024 WL 1117930, at *2 (E.D. Tex. Mar. 14, 2024); *Intell. Ventures II LLC v. Sprint Spectrum, L.P.*, 2019 WL 1987172, at *2 (E.D. Tex. 2019)). Samsung asserts that Mojo's 2013 trips to South Korea were before the filing and issue dates of

the asserted patents and that neither those trips, nor citation to other Mojo patents in IPR proceedings, can satisfy the evidentiary requirements for willful infringement. Dkt. No. 93 at 12–13.

Mojo responds that "Samsung knew or should have known that there was risk that it was infringing all the asserted patents" pointing to Samsung's receipt of patent listings, Samsung's research of Mojo's patents, Samsung's use of "a third party to keep an eye on Mojo's portfolio," and Samsung's use of other patents owned by Mojo during IPR proceedings. Dkt. No. 122 at 10–11, 13, 15, 16 (citing *Warsaw Orthopedic, Inc. v. NuVasive, Inc.*, 824 F.3d 1344, 1347 (Fed. Cir. 2016) for the proposition that circumstantial evidence can support knowledge of infringement). In summary, Mojo asserts that "Samsung was intimately familiar with Mojo's products, technology, and the other asserted patents." Dkt. No. 122 at 19.

The Court finds that a genuine dispute of material fact remains for the question of pre-suit willfulness as it relates to knowledge of the asserted patents. The core of the knowledge dispute is centered on the interactions of the parties over the period of time prior to this suit. This dispute is highlighted by conflicting interpretations of the underlying facts, such as the nature of the South Korea meetings, the reasons for requesting patent lists and prototypes, and generally Samsung's awareness of Mojo's patent portfolio. As a whole, the Court finds that in viewing the totality of the circumstantial evidence, a jury could reasonably find that knowledge of the asserted patents was present prior to the filing of the Complaint.

    2.   Intent or Deliberate Actions

Samsung's Motion focuses on the '208 and '440 Patents when disputing whether "Samsung's 'conduct rose to the level of wanton, malicious, and bad-faith behavior required for willful infringement.'" Dkt. No. 93 at 14 (citing *Bayer HealthCare LLC v. Baxalta Inc.*, 989 F.3d

964, 987–88 (Fed. Cir. 2021)). Samsung asserts that general knowledge of the '208 and '440 Patents does not support any underlying intent to willfully infringe and contends that Mojo has failed to point to evidence of deliberate or intentional actions. Dkt. No. 93 at 15–16. Mojo responds with the same facts discussed above, namely that Samsung researched Mojo's IP, continued to monitor Mojo's IP, tested Mojo's prototypes, asked for demonstrations, and sought a "business partnership with Mojo." Dkt. No. 122 at 18. Mojo further responds that a failure to investigate or a disregard of an obvious risk of infringement could lead a jury to find intent. Dkt. No. 122 at 15.

The Court finds that a genuine dispute of material fact remains as to the question of intent. The Court is not persuaded by Samsung's argument that the record demonstrates a lack of evidence of intent similar to the *Bayer* decision. *See Bayer*, 989 F.3d at 988 (Fed. Cir. 2021) (finding that the evidence at trial only demonstrated knowledge and direct infringement but did not show deliberate or intentional infringement); *Arigna Tech. Ltd. v. Nissan Motor Company, Ltd.*, 2022 WL 17978913, at *2 (E.D. Tex. 2022). Here, the Court finds that the record shows evidence by which a reasonable jury could find deliberate or intentional infringement.

### B. Post-suit Willfulness

Samsung asserts that there is "no evidence of any post-suit filing deliberate or intentional infringement" apart from "continuing to offer its accused devices[.]" Dkt. No. 93 at 16–17 (citing *Firtiva Corp. v. Funimation*, 2:21-cv-111, Dkt. No. 163, at *3 (June 1, 2022)). Mojo responds that that Samsung's failure to take remedial actions after receiving the complaint, such as designing around the patent or pursuing a license, demonstrate facts by which a jury could find post-suit willfulness. Dkt. No. 122 at 16–17.

The requisite element of post-suit knowledge of the patent is satisfied by the complaint. The Court finds that a genuine dispute of material fact persists for post-suit willfulness as to the

5

question of intentional actions. In finding this dispute, the Court clarifies that a lack of remedial actions alone is insufficient to demonstrate post-suit willfulness. *See Arigna*, 2022 WL 17978913, at *2 (finding that post-suit willfulness was still disputed based on the circumstantial evidence as a whole); *Bayer*, 989 F.3d at 988 (Fed. Cir. 2021); *Firtiva Corp. v. Funimation Global Group*, 2:21-cv-00111-JRG-RSP, Dkt. No. 163, at *2–3. Here, there persists a genuine issue of material fact based on the totality of the circumstantial evidence, not just a lack of remedial action.

### C. Enhanced Damages

Samsung asserts that enhanced damages are not available because Mojo lacks evidence of egregious behavior. Dkt. No. 93 at 17–19. In response, Mojo points to the same circumstantial evidence discussed above. *See* Dkt. No. 122 at 20; *supra* Sections II(A)(1)–(2). The Court finds that determination of whether enhanced damages are available is premature at the summary judgment stage in light of the findings above on pre-suit and post-suit willfulness. As a determination by the jury regarding willfulness has not yet been made, the Court cannot adequately address enhanced damages at this stage.

### III. CONCLUSION

The Court recommends that Samsung's Motion for Summary Judgment of No Willful Infringement or Enhanced Damages (Dkt. No. 93) be **DENIED**. A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event

"Objection to Report and Recommendations [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 4th day of June, 2024.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE