IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MOJO MOBILITY, INC., | § § § | |
| *Plaintiff*, | § § | |
| v. | § § § | CASE NO. 2:22-CV-00398-JRG-RSP |
| SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., | § § § § § | |
| *Defendants*. | § § | |

## REPORT & RECOMMENDATION

Before the Court is the Motion for Partial Summary Judgment on Prosecution Laches filed by Plaintiff Mojo Mobility, Inc. **Dkt. No. 91**; Dkt. No. 137 (reply). Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. have filed briefs opposing the Motion. *See* Dkt. No. 117 (response); Dkt. No. 163 (sur-reply). For the reasons discussed herein, the motion should be **DENIED**.

### I.   LEGAL STANDARD

Summary judgment is proper when there is no genuine dispute of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine [dispute] of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Id.* at 248. A dispute about a material fact is "genuine"

1

when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

"Prosecution laches as a defense to infringement requires proof of two elements: (a) that the patentee's delay in prosecution was unreasonable and inexcusable under the totality of the circumstances; and (b) that the accused infringer or the public suffered prejudice attributable to the delay." *Seagen Inc. v. Daiichi Sankyo Co.*, 2022 WL 2789901, at *4 (E.D. Tex. July 15, 2022) (citing *Cancer Research Tech. Ltd. v. Barr Lab'ys, Inc.*, 625 F.3d 724, 728-29 (Fed. Cir. 2010)).

## II. ANALYSIS

### A. Applicability of Prosecution Laches

Mojo asserts that the equitable defense of prosecution laches is unavailable as a matter of law in this case. Dkt. No. 91 at 13. Mojo asserts that prosecution laches is unavailable as a defense against patents issued after June 8, 1995, when the General Agreement on Tariffs and Trade ("GATT") was incorporated into law. Dkt. No. 91 at 13, 14–16. Mojo further contends that Congress "obviated prosecution laches," and points to an absence of Federal Circuit precedent regarding "post-GATT" patents. Dkt. No. 91 at 14, 15. Additionally, Mojo contends that the asserted patents are incapable of being extended past the term of 20 years post-GATT, which, coupled with terminal disclaimers, results in prosecution laches being inapplicable. Dkt. No. 91 at 13, 14, 16.

Federal Circuit precedent for prosecution laches "post-GATT" initially focused on "submarine patents." However, recent precedent indicates prosecution laches is still available as an equitable defense. *See Personalized Media Communications, LLC v. Apple Inc.*, 57 F.4th 1346, 1354–58 (Fed. Cir. 2023); *Hyatt v. Hirshfeld*, 998 F.3d 1347, 1360–61 (Fed. Cir. 2021) (outlining the establishment of Federal Circuit precedent with regards to prosecution laches). In *Personalized*

*Media Communications,* the Federal Circuit declined to hold that all prosecution laches cases must match a specific fact pattern, rather choosing to focus on whether prosecution of the patent was done in an equitable way. 57 F.4th at *1354. While the Federal Circuit found that the *Personalized Media Communications* fact pattern was similar to other pre-GATT prosecution laches decisions, the holding does not seek to foreclose other factual circumstances from giving rise to the equitable defense of prosecution laches. *Id.* ("[Plaintiff's] argument rests on the faulty premise: that [plaintiff's] conduct has to look like *Hyatt* or the handful of other [laches] cases. . . Setting this aside, this case is very similar to *Hyatt*. . .") The Court is not persuaded that a lack of explicit applicability of prosecution laches to "post-GATT" patents at the Federal Circuit has abrogated prosecution laches for "post-GATT" patents as Mojo suggests. Accordingly, the Court finds that Mojo has not demonstrated that prosecution laches is unavailable as a matter of law in this case.

### B. Unreasonable and Inexcusable Delay

Mojo asserts that "Samsung cannot show unreasonable or unexplained delay because Mojo followed routine, statutorily permissible prosecution practices, including continuation practice." Dkt. No. 91 at 16. Mojo contends that the delay between the asserted patents' priority date and issuance date, applying for new claim scope, not prosecuting applications in parallel, and refiling rejected claims, do not amount to unreasonable or unexplained delays. Dkt. No. 91 at 16–20. Additionally, Mojo contests several points raised by Samsung's expert witness. *Id.* at 18–20. Samsung responds that Mojo unreasonably and inexcusably delayed by "repeatedly filing the same claims, failing to take allowable subject matter, filing post-notice of allowability information disclosure statements, shifting claim scope overnight, and stringing together continuation applications to keep prosecution alive." Dkt. No. 117 at 11, 12–16.

The Parties' arguments demonstrate not only ongoing fact disputes as to the prosecution practices of the asserted patents, but also disputes related to expert testimony that are better adjudicated outside the context of a summary judgment motion. Accordingly, the Court finds in viewing the totality of the circumstances that genuine disputes of material fact persist for the delay factor of prosecution laches. *See Personalized Media*, 57 F.4th at 1354–58.

### C. Prejudice

Mojo asserts that Samsung cannot raise a fact issue regarding prejudice since Samsung has not provided evidence of different actions that would have been taken if the claims had been issued sooner. Dkt. No. 91 at 20–21 (citing *Ormco Corp. v. Align Tech., Inc.*, 647 F. Supp. 2d 1200, 1207 (C.D. Cal. 2009)). Mojo also asserts that since the "Qi standard became 'ubiquitous,' Samsung would surely have built Qi technology into its phones no matter when the asserted patents issued." Dkt. No. 91 at 21. Samsung responds that Samsung was prejudiced by the delay since "Samsung 'invested in, worked on, or used' the allegedly claimed technology during Mojo's 10-15 years of prosecution delay" giving rise to a genuine dispute of material fact for this factor. Dkt. No. 117 at 20–21.

The Court finds that a genuine dispute of material fact persists for the prejudice factor. The Parties' dispute is related to the actions taken by Samsung in the intervening period between application and issuance for the Asserted Patents. Samsung points to evidence of development choices made for the Galaxy S6 and other accused products that demonstrate prejudice through evidence of investing in, working on, or using the accused technology. Contrary to Mojo's citation, the Federal Circuit has held that such evidence can support a finding of prejudice. *Cancer Research Tech. Ltd. v. Barr Labs., Inc.*, 625 F.3d 724, 729 (Fed. Cir. 2010); *Personalized Media*, 57 F.4th at 1358.

### III. CONCLUSION

Having found that genuine disputes of material fact exist for the two factors, the Court recommends that Mojo's Motion for Partial Summary Judgment on Prosecution Laches (Dkt. No. 91) be **DENIED**.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendations [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 11th day of June, 2024.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE