# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| MOJO MOBILITY, INC., | |
| Plaintiff, | Civil Action No. 2:22-CV-00398-JRG-RSP |
| vs. | |
| SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG ELECTRONICS AMERICA, INC., | JURY TRIAL |
| Defendant. | |

**MOJO MOBILITY'S RESPONSE TO SAMSUNG'S OBJECTIONS TO THE MAGISTRATE JUDGE'S CLAIM CONSTRUCTION MEMORANDUM AND ORDER**

**I.      INTRODUCTION**

Samsung complains that Magistrate Judge Payne erred in his construction of only the four terms that Samsung suggests should be held indefinite. Yet Samsung's Objections to the Claim Construction Order (Dkt. 175) ("Order") merely rehash the arguments that were already considered and appropriately rejected by Judge Payne. Most importantly, Samsung has not shown that any of Judge Payne's constructions are clearly erroneous or contrary to the law. *See* 28 U.S.C. 636(b)(1)(A). Rather, Samsung is improperly using the objections as a vehicle to take a second bite at the claim-construction apple and a second bite at invalidity. The Court should deny Samsung's objections and adopt Judge Payne's report.

**II.     LEGAL STANDARD**

A party objecting to a Court's Opinion and Order bears the burden of proving that the findings of the Magistrate Judge were clearly erroneous or contrary to the law. 28 U.S.C. 636(b)(1)(A); Local Rule CV 72(b); *see, e.g.*, *Droplets, Inc. v. Overstock.com, Inc.*, No. 2:11-CV-401-JRG-RSP, 2014 WL 12638484, at *1 (E.D. Tex. Dec. 1, 2014) (Gilstrap, J.).

Under Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636, along with a large body of case law, a party is not entitled to raise new arguments in challenges to a district judge that were not raised in front of the Magistrate Judge. *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990–91 (1st Cir. 1988) (adopted by the Fifth Circuit); *Requena-Rodriguez v. Pasquarell*, 190 F.3d 299, 307 (5th Cir. 1999) (a district court has the power to decide that legal arguments not raised before a magistrate judge are waived). A party "has a duty to put its best foot forward" before the Magistrate Judge—i.e., "to spell out its arguments squarely and distinctly." *Paterson-Leitch Co.*, 840 F.2d at 990–91. The reasons for this rule include that "[s]ystemic efficiencies would be frustrated and the magistrate's role reduced to that of a mere dress rehearser," and "it would be fundamentally unfair to permit a litigant to set its case in motion before the

1

magistrate, wait to see which way the wind was blowing, and—having received an unfavorable recommendation—shift gears before the district judge." *Id.*

### III.    ARGUMENT

#### A.    The constructions of "near a [first] resonant frequency" and "near a resonance frequency" are not clearly erroneous.

Samsung objects to the Order's construction of "near a [first] resonant/[resonance] frequency" for the 500, 371, and 942 Patents because it allegedly does not resolve the meaning of that phrase with reasonable certainty. Dkt 175 at 1. Samsung states that the construction does not provide certainty on the term "near." *Id*. at 1–2. This is the *exact* same argument that Samsung made in its briefing (Dkt. 61 at 14) and that has already been dispelled multiple times by the claim language of the Asserted Patents. *See, e.g.*, Dkt. 65 at 2 ("Samsung cannot avoid that the claims require an 'operating frequency within [a] range of frequencies,' and that range must be: (i) '*near a resonance frequency*' '(ii) *such that* increasing values of the operating frequency … correspond to a lower voltage or current" at an output of the receiver, '*and (iii) that* allow activation and powering of the receiver unit and charging the battery….' *See* 371 Patent at Claim 1 (emphasis added)."); *see also* Dkt. 57 at n.5. These arguments were properly considered, in depth, by the Magistrate Judge in rejecting Samsung's proposed construction. Order at 24–25. Rehashing arguments already disposed hardly meets the "clearly erroneous" standard.

Further, Judge Payne properly considered the specification—contrary to Samsung's assertions. Dkt. 175 at 2. Samsung briefed this issue and had arguments related to the specification support. Dkt. 61 at 14. Mojo dispelled these arguments and identified specification support that reiterates the claim language. *See, e.g.*, Dkt. 57 at 6 ("For example, the 500, 371, and 942 specifications each explain that 'the frequency … can be changed to move the circuit into, and out of, resonance to create the appropriate voltage in the receiver' and that '[h]igher drive frequency

2

corresponds to lower output power … and lower frequency corresponds to higher output power.'"); Order at 25–26. That the Magistrate Judge did not rule in Samsung's favor does not mean he ignored Samsung arguments. To the contrary, Judge Payne properly examined this evidence. *Id*. Samsung should not have a "do over." *Pasquarell*, 190 F.3d at 307.

        **B.**      **The construction of "power parameter" is not clearly erroneous.**

Here again Samsung merely reiterates arguments already considered and rejected by the Magistrate Judge. Order at 27–30. The Court exhaustively considered the arguments and expressly rejected Samsung's argument that the specifications provide no guidance on the term or are inconsistent. *Id*. Samsung makes no attempt to show how the Magistrate Judge's reasoning was erroneous or that the law was incorrectly implied; Samsung just restates the same arguments about the different uses of the term. *See* Dkt 61 at 28–30, Dkt. 175 at 2–3. By restating the same arguments, Samsung has not shown that the Court clearly erred.

The arguments raised in Samsung's Objections do not identify any ambiguity in the Order's construction of "power parameter." Rather, Samsung argues that for the 208 patent, the Order's construction "subsumes" other claim limitations. That is incorrect. One part of Claim 1 of the 208 patent requires that the base unit "determine and regulate one or more of output voltage, current, or power ... to be within the range of one or more of a value of a required voltage, current, or other *power parameter*," while another part of the claim requires that the system "periodically thereafter exchange information to provide power transfer to the device and/or battery, including device and/or battery charging or power status or presence." 208 Patent, claim 1. These parts of the claim recite different limitations even considering the Court's construction, and Samsung has not shown that under the Court's construction "power parameter" has the same meaning as any other claim term.

Similarly, the 371 Patent, claims 28 and 30, and the 942 Patent, claim 29, recite different

3

limitations relating to the "power parameter" and "exchange information" terms. These claims recite the use of a "power parameter" to "operate the drive circuit" and then also recite the communication of *additional* information, like that corresponding to "a presently induced output voltage or current of the receiver rectifier circuit." *E.g.*, 371 Patent at 80:43–54. Samsung has failed to show that any of the other terms cited have identical scope to "power parameter."

### C.     The construction of "placed upon or close to" is not clearly erroneous.

Samsung objects to the Order's construction of "placed upon or close to" because allegedly the Order did not address relevant disclosures in the intrinsic record. Dkt. 175 at 3. Samsung seeks to sow confusion by pointing to embodiments in the specification that appear to contradict the Court's construction. *Id*. at 4. But this argument was already addressed by Mojo (Dkt. 57 at 17–21 and Dkt. 65 at 7–8) and the Court (Order at 38–39). Samsung's regurgitation of arguments already considered does not show that Magistrate Judge Payne clearly erred.

Samsung faults the Order for not explicitly addressing a passage from the patent specification that reads "one can obtain a working distance of several inches or feet depending on the application for the technology" by "increasing the frequency." Dkt. 175 at 4; 208 Patent at 16:24–34; 440 Patent at 16:45–56. As Mojo explained in its opening brief, however, this passage relates to low-power electronics like RFID. Dkt. 57 at 19 (citing 208 Patent at 16:24–34; 440 Patent at 16:45–56). In contrast, the Order found that "the claims and specification focus on higher-power mobile devices like cellular telephones, notebook computers, music players, or cameras, which would require more power and therefore closer proximity to the charger." Dkt. 124 at 39 (citing 208 Patent at 1:32–39, 15:23–36). Thus, the Order was right to select a shorter range when construing "placed upon or close to."

### D.     The construction of "universal base unit" is not clearly erroneous.

Samsung objects to the Order's construction of "universal base unit" because it allegedly

4

reads "universal" out of the claim and conflicts with the intrinsic record. Dkt. 175 at 4–5. Samsung argues that the "[t]he construction restates the claim language surrounding 'universal,' except it removes the term 'universal base unit for' and replaces it with 'base unit capable of,' effectively construing 'universal' by crossing it out and giving it no meaning." *Id*. The objection presents no novel information, nor any arguments as to why the Magistrate Judge's decision is clearly erroneous. And, in fact, Samsung's reiteration of its previous arguments still fails to consider the disputed term in the context of the surrounding claim language and the specification, which the Court properly analyzed. *See, e.g.*, Order at 40–42; Dkt. 57 at 22–24.

The Order's construction of "universal" does not cross the term out as Samsung alleges. Rather, it explains that "universal," in this context, means that the base unit is "capable of charging different mobile devices and/or batteries of different charging characteristics associated therewith." This construction squares with how other courts have construed "universal" in similar contexts. *See, e.g., Schrader Elecs., Inc. v. Cont'l Auto. Sys., US, Inc.*, No. 12-CV-10715, 2013 WL 4567477, at *7 (E.D. Mich. Apr. 24, 2013) (construing "universal monitor" as "monitor which can be used with multiple different tire pressure monitoring systems"); Dkt. 27 at 22.

While Samsung repeats its argument that a statement from the prosecution history requires that "universal base unit" exclude any charger that can charge only a single brand of device, the Order specifically addressed this argument and found that the statement cited by Samsung is "unclear" and "does not rise to the level of a clear and unambiguous disclaimer." Order at 40–41; *see* Dkt. 65 (Reply) at 8.

**IV.   CONCLUSION**

The Court should adopt Judge Payne's report.

Dated: June 12, 2024

Respectfully submitted,

*/s/ Steven J. Pollinger*
Steven J. Pollinger
Texas State Bar No. 24011919
spollinger@McKoolSmith.com
Charles E. Fowler, Jr.
Texas State Bar No. 24083014
cfowler@McKoolSmith.com
George T. Fishback, Jr.
Texas State Bar No. 24120823
gfishback@McKoolSmith.com
Kenneth M. Scott
Texas State Bar No. 24137497
kscott@mckoolsmith.com
MCKOOL SMITH, P.C.
303 Colorado Street, Suite 2100
Austin, Texas 78701
Phone: (512) 692-8700
Fax: (512) 692-8744

Samuel F. Baxter
Texas State Bar No. 1938000
sbaxter@McKoolSmith.com
Jennifer Truelove
Texas State Bar No. 24012906
jtruelove@McKoolSmith.com
Kevin Burgess
Texas State Bar No. 24006927
kburgess@McKoolSmith.com
MCKOOL SMITH, P.C.
104 E. Houston Street, Suite 300
Marshall, Texas 75670
Phone: (903) 923-9000
Fax: (903) 923-9099

Christopher P. McNett
cmcnett@McKoolSmith.com
MCKOOL SMITH, P.C.
1999 K Street NW, Suite 600
Washington, D.C. 20006
Phone: (202) 370-8300
Fax: (202) 370-8344

Ryan McBeth
Texas State Bar No. 24078955
rmcbeth@mckoolsmith.com
Archis "Neil" Ozarkar
Texas State Bar. 24079096
nozarkar@mckoolsmith.com
MCKOOL SMITH, P.C.
600 Travis St., Suite 7000
Houston, Texas 77002
Phone: (713) 485-7300
Fax: (713) 485-7344

**ATTORNEYS FOR PLAINTIFF MOJO MOBILITY, INC.**

**CERTIFICATE OF SERVICE**

I certify that I served a true and correct copy of this document on all counsel of record by email on June 12, 2024.

/s/ *Steven J. Pollinger*
Steven J. Pollinger