# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| MOJO MOBILITY, INC., | |
| Plaintiff, | Civil Action No. 2:22-CV-00398-JRG-RSP |
| vs. | |
| SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG ELECTRONICS AMERICA, INC., | JURY TRIAL |
| Defendant. | |

**PLAINTIFF MOJO MOBILITY, INC.'S MOTIONS *IN LIMINE***

## I.  INTRODUCTION

With the understanding the Court's standard MILs apply here (*see* Standing Order On Motions *in Limine* in Cases Assigned to Chief Judge Rodney Gilstrap Involving Allegations of Patent Infringement and/or Breach of FRAND Obligations, as Well as Declaratory Judgment Actions Which Relate to the Same (Dec. 14, 2022) ("Standing Order")), Mojo moves *in limine* for additional orders similarly requiring Samsung to approach the bench and obtain leave of Court before offering certain evidence or referencing certain additional matters in front of the jury. Mojo understands that Samsung does not dispute the Court's standard MILs. The disputed additional matters largely relate to topics Mojo seeks to strike from Samsung's expert reports. But Mojo's motions *in limine* go beyond its motions to strike, seeking to ensure that Samsung does not otherwise refer to the disputed matters before the jury, as through *voir dire*, attorney argument, or lay-witness testimony. Mojo recognizes that, if the Court disagrees with Mojo's motions to strike and rules that Samsung's experts may present certain disputed matters, Mojo's motions *in limine* would be mooted in that regard. While these requested MILs consistent Mojo's motions to strike may seem obvious, because Samsung refused to agree and instead opposes them, Mojo respectfully presents them to the Court for resolution before trial.

## II.  LEGAL STANDARD

"The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *Baker v. City of McKinney, Texas*, 608 F. Supp. 3d 457, 461 (E.D. Tex. 2022). Motions *in limine* serve "to prevent the other party from asking prejudicial questions or introducing prejudicial evidence in front of the jury." *Utilities Optimization Grp., L.L.C. v. Temple-Inland, Inc.*, No. 1:08-CV-68-TH, 2010 WL 11530725, at *1 (E.D. Tex. Jan. 12, 2010). They should not seek to reiterate rules of procedure or evidence but should "identify specific issues which are likely to arise at trial, and which, due to their complexity

1

or potentially prejudicial nature, are best addressed in the context of a motion *in limine*." *Baker*, 608 F. Supp. 3d at 461.

An *in limine* ruling is tentative by nature. It is "not a definitive ruling on evidence" but merely requires "the proponent of the evidence to approach the bench and seek leave of court prior to offering the disputed evidence at trial." *United States v. Magdaleno*, No. 1:23-CR-111(1), 2024 WL 1443170, at *1 (E.D. Tex. Apr. 3, 2024).

### III.   ARGUMENT

**A.   Mojo's MIL No. 1: Mentions of any patents or alleged prior art references suggesting invalidity or low value of any of the asserted claims of the Mojo patents, beyond the alleged prior art elected by Samsung per the focusing order.**

To the extent Mojo's motions to strike are granted on the topic, Samsung should not be able to refer to patents or technologies at trial—beyond its properly disclosed prior-art references—to suggest either invalidity or that Mojo's patents contribute little value. This requested MIL rises or falls along with Mojo's motions to strike, so that Mojo will not repeat its arguments here. *See* ECF No. 87 (Mot. to Strike Baarman) at 13–15; ECF No 88 (Mot. to Strike Rowe) at 2–6; ECF No. 89 (Mot. to Strike Weber) at 2–6; ECF No 90 (Mot. to Strike Zane) at 2–3. By this motion, Mojo seeks to apply the same prohibition it seeks for Mojo's experts, but to Samsung's conduct at trial more broadly—for instance, just as Samsung's experts should be barred from referring to other patents or technologies, so should Samsung's attorneys and lay witnesses. Moreover, this is required by the Court's MIL 4, *see* Standing Order at 2, which Samsung has represented it does not seek to modify: "The parties shall be precluded from introducing evidence, testimony, or argument regarding prior art that is not disclosed in a specific combination set forth in any party's expert report or invalidity contentions." Samsung's expert reports are already in violation of Court's MIL 4, as seen in Mojo's motions to strike, contrary to Samsung's statement

2

that it does not oppose any of the Court's MILs.

        **B.**      <u>**Mojo's MIL No. 2**</u>**: Mentions of WPC with respect to licensing rates.**

Similarly here, to the extent Mojo's motions to strike are granted on the topic, references to the Wireless Power Consortium (WPC), the WPC's Qi wireless-charging standard, and the WPC's IP-licensing policies should play no role at trial in relation to licensing rates, damages, or the value of Mojo's patents. *See* ECF No. 87 at 11–13; ECF No 88 at 9–12; ECF No. 89 at 1–3; ECF No 88 at 7–9. By this motion, Mojo again seeks to apply the same prohibition it seeks for Mojo's experts, but to Samsung's conduct at trial more broadly—for instance, just as Samsung's experts should be barred from referring to Qi licensing, so should Samsung's attorneys and lay witnesses.

        **C.**      <u>**Mojo's MIL No. 3**</u>**: Anything covered by Mojo's pending motions to strike.**

More generally, Mojo's motions to strike seek to preclude Samsung's four experts from referring to various other matters in front of the jury. *See generally* ECF Nos. 87–90. Mojo believes that, if the Court strikes any matters from Samsung's expert reports, then at the least, Samsung should have to approach the bench and obtain a ruling before otherwise placing those matters before the jury (as through attorney argument or lay-witness testimony). Referring to stricken matters would pose an undue risk of placing before the jury matters that are irrelevant, unfairly prejudicial, confusing, or misleading. *See* Fed. R. Evid. 402, 403. It may also risk subverting the Court's gatekeeping role for opinion testimony. *See* Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

Mojo expected that the parties would readily agree (and, to be sure, mutually apply) this commonsense precautionary requirement to approach the bench before referencing in any way matters stricken from the parties' expert reports. Yet Samsung opposes on the grounds that Mojo's request improperly "embodies" Mojo's motions to strike and violates the Court's five-MIL limit

by incorporating many discrete topics. Mojo's request no-doubt parallels and reinforces Mojo's motions to strike, though it goes beyond the motions to strike by applying not just to Samsung's experts but to all of Samsung's conduct before the jury. In any case, Mojo believes the order it seeks would assist in the conduct of trial and shield the jury from improper and unfairly prejudicial evidence—a proper function for an *in limine* order. *See Baker*, 608 F. Supp. 3d at 461.

IV.   **CONCLUSION**

It is respectfully requested that the Court grant Mojo's motions *in limine* and order that Samsung approach the bench and seek leave of Court before offering the disputed evidence or referencing the disputed matters at trial.

Dated: June 14, 2024                                  Respectfully submitted,

Samuel F. Baxter                          */s/ Steven J. Pollinger*
Texas State Bar No. 1938000               Steven J. Pollinger
sbaxter@McKoolSmith.com                   Texas State Bar No. 24011919
Jennifer Truelove                         spollinger@McKoolSmith.com
Texas State Bar No. 24012906              Charles E. Fowler, Jr.
jtruelove@McKoolSmith.com                 Texas State Bar No. 24083014
Kevin Burgess                             cfowler@McKoolSmith.com
Texas State Bar No. 24006927              George T. Fishback, Jr.
kburgess@mckoolsmith.com                  Texas State Bar No. 24120823
MCKOOL SMITH, P.C.                        gfishback@McKoolSmith.com
104 E. Houston Street, Suite 300          Kenneth M. Scott
Marshall, Texas 75670                     Texas State Bar No. 24137497
Phone: (903) 923-9000                     kscott@mckoolsmith.com
Fax: (903) 923-9099                       MCKOOL SMITH, P.C.
                                          303 Colorado Street, Suite 2100
Christopher P. McNett                     Austin, Texas 78701
cmcnett@McKoolSmith.com                   Phone: (512) 692-8700
MCKOOL SMITH, P.C.                        Fax: (512) 692-8744
1999 K Street NW, Suite 600
Washington, D.C. 20006                    Ryan McBeth
Phone: (202) 370-8300                     Texas State Bar No. 24078955
Fax: (202) 370-8344                       rmcbeth@mckoolsmith.com
                                          Archis "Neil" Ozarkar
                                          Texas State Bar. 24079096
                                          nozarkar@mckoolsmith.com
                                          MCKOOL SMITH, P.C.

600 Travis St., Suite 7000  
Houston, Texas 77002  
Phone: (713) 485-7300  
Fax: (713) 485-7344

**ATTORNEYS FOR PLAINTIFF MOJO MOBILITY, INC.**

**CERTIFICATE OF SERVICE**

I certify that I served a true and correct copy of this document on all counsel of record by email on June 14, 2024.

/s/ Steven J. Pollinger  
Steven J. Pollinger

**CERTIFICATE OF CONFERENCE**

I certify that, under Local Rule CV-7(h) and (i), counsel for the plaintiff met and conferred with counsel for the defendants on June 14, 2024, in a good-faith attempt to resolve the matters raised by this motion. No agreement could be reached. The defendants stated that they oppose the relief requested by this motion. The parties' discussions ended in an impasse and leave open issues for the Court to resolve.

/s/ Steven J. Pollinger  
Steven J. Pollinger