# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| MOJO MOBILITY INC. § § Plaintiff, § § v. § § SAMSUNG ELECTRONICS CO., LTD.; § SAMSUNG ELECTRONICS AMERICA, § INC., § § Defendants. § § | Civil Action No. 2:22-CV-00398-JRG-RSP  JURY TRIAL DEMANDED |

**DEFENDANTS' MOTION FOR CLARIFICATION REGARDING THE COURT'S AUGUST 9, 2023 STANDING ORDER ON THE NUMBER AND USE OF PRE-ADMITTED EXHIBITS IN CIVIL CASES ASSIGNED TO CHIEF JUDGE RODNEY GILSTRAP**

Samsung moves for clarification regarding the Court's August 9, 2023 Standing Order on the Number and use of Pre-Admitted Exhibits in Civil Cases Assigned to Chief Judge Rodney Gilstrap ("Standing Order"). Specifically, Mojo's current exhibit list contains 658 exhibits that Mojo contends is merely 39 "compilation" exhibits under FRE 1006 for purposes of the limits imposed by the Standing Order, which are 75 joint exhibits and 30 exhibits per party. Mojo's characterization is improper under the Standing Order and FRE 1006, does not allow the parties to meaningfully meet and confer to bring the final exhibit lists within the Court's limits, and will require the Court to rule on objections to hundreds of individual exhibits at the pretrial conference.

On May 20, Mojo served an exhibit list of over 600 exhibits, but characterized them as merely 37 exhibits based on alleged groupings or compilations under FRE 1006. Ex. A. On May 21, Samsung objected to these alleged groupings as improper. Ex. B at 13. Specifically, Samsung contended that most of Mojo's alleged groupings cannot credibly be presented as "compilation exhibits" under FRE 1006, and that the oversized volume of exhibits not only violated the letter and spirit of the Standing Order (including the "burden[] to the party obligated to review the documents for objection"), but made it impractical to meaningfully meet and confer to bring the final exhibit lists within the Court's limits before the pretrial conference on July 1. *Id*. at 10-11. In an effort to compromise, Samsung proposed five existing groupings from Mojo's exhibit list to account for the number of patents and accused products in the case.[1] *Id*. at 6-7. Samsung further proposed that each party narrow its exhibit list to 200 exhibits, with each document counting as a single exhibit except for the proposed compromise groupings (i.e. Mojo would get 195 exhibits in addition to its 240 other exhibits that would count as merely 5 grouped exhibits). *Id*. From there,

---

[1] The proposal also included nine groupings for Samsung's exhibit list.

the parties would meet and confer to bring the final exhibit lists within the Court's limits before the pretrial conference on July 1. *Id*.

On June 9, Mojo served a revised exhibit list of 658 exhibits, but again characterized them as merely 39 exhibits based on alleged groupings or compilations. Ex. C. While Mojo claims that it reduced the number of exhibits from 658 to 608, it nonetheless reserved the right to use these "removed" exhibits at trial; thus, none were actually removed. Mojo's position on the subsequent meet and confer was that it could not meaningfully reduce its exhibit list until it had drafted its witness examinations for trial. Mojo was also clear that it would not eliminate any of its 39 groupings before trial. Thus, Mojo intends to maintain an exhibit list of over 600 exhibits in violation of the Standing Order and FRE 1006.

While the Standing Order does not allow for groupings of exhibits as a means to exceed the limits, Samsung agreed as a compromise proposal to the following five existing groupings in Mojo's exhibit list to account for the number of patents and accused products in the case. There are 240 individual exhibits within these groupings.

- ███████████████████████████ (Exhibit 14[2] at rows 36-152)
- ███████████████████████████████████ (Exhibit 15 at rows 154-235)
- ████████████████████████████████ (Exhibit 20 at rows 335-354)
- "Samsung FCC Report Submissions" (Exhibit 23 at rows 367-388)
- ██████████████████████████████ (Exhibit 24 in rows 389-396)

Samsung objects to the balance of Mojo's exhibit groupings because the evidentiary issues in those documents must be assessed individually. Some examples include:

---

[2] All citations refer to Mojo's current exhibit list attached as Exhibit C.

-2-

- "Correspondence between Mojo/Samsung" (Exhibit 31 at rows 511-617)—this grouping includes over 100 individual emails spanning over a decade.[3]

- "Samsung Correspondence (without Mojo)" and "Mojo Correspondence (without Samsung)" (Exhibit 30 at rows 500-510; Exhibit 32 at rows 618-626)—these groupings include 17 individual emails spanning over a decade.

- ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ (Exhibit 29 at rows 450-499)—this grouping includes 49 different ▆▆▆▆▆▆▆ spanning nearly a decade.

- "Third Party Marketing Materials" (Exhibit 26 at rows 415-429)—this grouping includes 14 third party articles spanning over a decade from various authors and website sources.

- "Third Party Reference Materials" (Exhibit 28 at rows 441-449)—this grouping includes 8 third party articles spanning a decade from various authors and sources.

- ▆▆▆▆▆▆▆▆▆ (Exhibit 36 at row 685)—this grouping includes 25 appendices from an expert report.

- "Samsung Technical Documents" (Exhibit 34 at row 639-664)—this grouping includes over 20 documents relating to various technical descriptions and presentations that span over a decade.

While Mojo's broad buckets of documents may be convenient for indexing, they do not make the evidentiary issues for each document susceptible to category-wide rulings, nor are they an appropriate means to increase the total exhibit count well beyond the Court's limits.

Mojo's current grouping strategy will require the Court to rule on objections to hundreds of individual documents within Mojo's alleged "compilations" at the pretrial conference, as well

---

[3] Mojo purported to remove about 30 of these emails, but still reserves the right to rely on the "removed" emails at trial.

as objections to nearly 40 groupings themselves as inappropriate under FRE 1006 and/or the Standing Order.  This is precisely the burden the Court aimed to avoid with its Standing Order.  Thus, Samsung requests that the Court order Mojo to narrow its exhibit list to 200 exhibits, with each document counting as a single exhibit for purposes of the Standing Order except for the five groupings that Samsung proposed as a compromise.

DATED:  June 13, 2024            Respectfully submitted,

By: */s/ Allan M. Soobert*
Allan M. Soobert
allansoobert@paulhastings.com
James V. Razick (*pro hac vice*)
jamesrazick@paulhastings.com
David Valente (*pro hac vice*)
davidvalente@paulhastings.com
Jason Mikus (*pro hac vice*)
jasonmikus@paulhastings.com
Kevin Stewart (*pro hac vice*)
kevinstewart@paulhastings.com
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C. 20036
Telephone: 202-551-1700
Facsimile: 202-551-1705

Elizabeth L. Brann
elizabethbrann@paulhastings.com
Soyoung Jung (*pro hac vice*)
soyoungjung@paulhastings.com
Sasha Vujcic (*pro hac vice*)
sashavujcic@paulhastings.com
PAUL HASTINGS LLP
4655 Executive Drive, Suite 350
San Diego, CA  92121
Telephone:  (858) 458-3000
Facsimile:  (858) 458-3005

Robert W. Unikel
robertunikel@paulhastings.com
John A. Cotiguala
johncotiguala@paulhastings.com
PAUL HASTINGS LLP
71 South Wacker Drive, Forty-Fifth Floor
Chicago, IL 60606
Telephone: (312) 499-6000
Facsimile: (312) 499-6100

Matthias A. Kamber
matthiaskamber@paulhastings.com
PAUL HASTINGS LLP
101 California Street, Forty-Eighth Floor
San Francisco, CA 94111
Telephone: (415) 856-7000

Facsimile: (415) 856-7100

Melissa R. Smith (TX Bar No. 24001351)
melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 S. Washington Ave.
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Andrew Thompson ("Tom") Gorham
(TX Bar No. 24012715)
tom@gillamsmithlaw.com
James Travis Underwood
travis@gillamsmithlaw.com
GILLAM & SMITH, L.L.P.
102 N. College, Suite 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

*Attorneys for Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rules CV-7(h) and (i), counsel for the Defendants met and conferred with counsel for the Plaintiff on June 10, 2024 in a good faith attempt to resolve the matters raised by this motion. No agreement could be reached. Plaintiff indicated it opposes the relief requested by this motion. Thus, these discussions have conclusively ended in an impasse and leave an open issue for the Court to resolve.

                                                               */s/ Allan M. Soobert*
                                                               Allan M. Soobert

## CERTIFICATE OF AUTHORIZATION TO SEAL

I hereby certify that under Local Rule CV-5(a)(7), the foregoing document is filed under seal pursuant to the Court's Protective Order entered in this matter.

                                                 */s/ Allan M. Soobert*
                                                 Allan M. Soobert

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on June 13, 2024. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and by email.

                                                 */s/ Allan M. Soobert*
                                                 Allan M. Soobert