## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| **MOJO MOBILITY INC.,** | |
| **Plaintiff,** | Civil Action No.  2:22-cv-00398 |
| **vs.** | |
| **SAMSUNG ELECTRONICS CO. LTD., AND SAMSUNG ELECTRONICS AMERICA, INC.,** | JURY TRIAL |
| **Defendant.** | |

### JOINT PRETRIAL ORDER

Pursuant to the Second Amended Docket Control Order, (Dkt.83) the parties submit the following:

### A.  COUNSEL FOR THE PARTIES

1.  Plaintiff – Mojo Mobility Inc.

| | |
|---|---|
| Steven J. Pollinger | Samuel F. Baxter |
| Texas State Bar No. 24011919 | Texas State Bar No. 1938000 |
| spollinger@McKoolSmith.com | sbaxter@McKoolSmith.com |
| Charles E. Fowler, Jr. | Jennifer Truelove |
| Texas State Bar No. 24083014 | Texas State Bar No. 24012906 |
| cfowler@McKoolSmith.com | jtruelove@McKoolSmith.com |
| George T. Fishback, Jr. | Kevin Burgess |
| Texas State Bar No. 24120823 | Texas State Bar No. 24006927 |
| gfishback@McKoolSmith.com | Kburgess@mckoolsmith.com |
| Kenneth M. Scott | MCKOOL SMITH, P.C. |
| Texas State Bar No. 24137497 | 104 E. Houston Street, Suite 300 |
| kscott@mckoolsmith.com | Marshall, Texas 75670 |
| MCKOOL SMITH, P.C. | Phone: (903) 923-9000 |
| 303 Colorado Street, Suite 2100 | Fax: (903) 923-9099 |
| Austin, Texas 78701 | |
| Phone: (512) 692-8700 | |
| Fax: (512) 692-8744 | Christopher P. McNett (*PHV*) |
| | cmcnett@McKoolSmith.com |
| | MCKOOL SMITH, P.C. |
| Ryan McBeth | 1999 K Street NW, Suite 600 |
| Texas State Bar No. 24078955 | Washington, D.C. 20006 |
| rmcbeth@mckoolsmith.com | Phone: (202) 370-8300 |

| | |
|---|---|
| Archis "Neil" Ozarkar<br>Texas State Bar. 24079096<br>nozarkar@mckoolsmith.com<br>MCKOOL SMITH, P.C.<br>600 Travis St., Suite 7000<br>Houston, Texas 77002<br>Phone: (713) 485-7300<br>FAX: (713) 485-7344 | Fax: (202) 370-8344 |

2. Defendants – Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.

   (referred to collectively by Mojo as "Samsung")

| | |
|---|---|
| Allan M. Soobert<br>allansoobert@paulhastings.com<br>James V. Razick (*pro hac vice*)<br>jamesrazick@paulhastings.com<br>David Valente (*pro hac vice*)<br>davidvalente@paulhastings.com<br>Jason Mikus (*pro hac vice*)<br>jasonmikus@paulhastings.com<br>Kevin Stewart (*pro hac vice*)<br>kevinstewart@paulhastings.com<br>PAUL HASTINGS LLP<br>2050 M Street NW<br>Washington, D.C. 20036<br>Telephone: 202-551-1700<br>Facsimile: 202-551-1705<br><br>Elizabeth L. Brann<br>elizabethbrann@paulhastings.com<br>Soyoung Jung (*pro hac vice*)<br>soyoungjung@paulhastings.com<br>Sasha Vujcic (*pro hac vice*)<br>sashavujcic@paulhastings.com<br>PAUL HASTINGS LLP<br>4655 Executive Drive, Suite 350<br>San Diego, CA  92121<br>Telephone:  (858) 458-3000<br>Facsimile:  (858) 458-3005<br><br>Robert W. Unikel<br>robertunikel@paulhastings.com<br>John A. Cotiguala<br>johncotiguala@paulhastings.com | Melissa R. Smith (TX Bar No. 24001351)<br>melissa@gillamsmithlaw.com<br>GILLAM & SMITH, LLP<br>303 S. Washington Ave.<br>Marshall, TX 75670<br>Telephone: (903) 934-8450<br>Facsimile: (903) 934-9257<br><br>Andrew Thompson ("Tom") Gorham (TX Bar No. 24012715)<br>tom@gillamsmithlaw.com<br>James Travis Underwood<br>travis@gillamsmithlaw.com<br>GILLAM & SMITH, L.L.P.<br>102 N. College, Suite 800<br>Tyler, Texas 75702<br>Telephone: (903) 934-8450<br>FACSIMILE: (903) 934-9257 |

<table>
<tr><td>

PAUL HASTINGS LLP
71 South Wacker Drive, Forty-Fifth Floor
Chicago, IL 60606
Telephone: (312) 499-6000
Facsimile: (312) 499-6100
Matthias A. Kamber
matthiaskamber@paulhastings.com
PAUL HASTINGS LLP
101 California Street, Forty-Eighth Floor
San Francisco, CA 94111
Telephone: (415) 856-7000
Facsimile: (415) 856-7100

</td><td></td></tr>
</table>

## B. STATEMENT OF JURISDICTION

This action arises under the patent laws of the United States, including 35 U.S.C. § 1 et seq. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). For the purposes of this action only, the parties do not contest that this Court has personal jurisdiction over all parties. Likewise, for purposes of this action only, the parties do not contest that venue is proper in the United States District Court for the Eastern District of Texas, Marshall Division.

## C. NATURE OF ACTION

This is a patent infringement case arising under the patent laws of the United States. Plaintiff Mojo Mobility Inc. ("Mojo" or "Plaintiff") alleges that Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc. ("SEA") (collectively "Samsung" or "Defendant") have infringed the following claims pursuant to 35 U.S.C. § 271(a):

- claim 1 of U.S. Patent No. 7,948,208 (the "'208 Patent");

- claim 1 of U.S. Patent No. 9,577,440 (the "'440 Patent");

- claims 1, 2, 23, and 30 of U.S. Patent No. 11,201,500 (the "'500 Patent");

- claims 1, 2, 28, and 30 of U.S. Patent No. 11,316,371 (the "'371 Patent");

- claims 1, 5, 12, and 21 of U.S. Patent No. 11,462,942 (the "'942 Patent"); and

- claims 1 and 15 of U.S. Patent No. 11,342,777 (the "'777 Patent").

The '208, '440, '500, '371, '942, and '777 Patents are collectively referred to herein as the "Asserted Patents."

Mojo seeks money damages from Samsung for allegedly infringing the Asserted Patents, by making, using, importing, exporting, selling, and/or offering to sell in the United States certain Samsung smartphones, watches, earbud cases, and wireless chargers. Mojo also seeks declarations and equitable relief from the Court based on this infringement.

Samsung denies infringement of any asserted claim of the Asserted Patents and further contends that every asserted claim is invalid and unenforceable for failing to satisfy one or more requirements for patentability under the patent laws of the United States, as set forth in Title 35 of the United States Code, including without limitation, the requirements set forth in sections 103 and 112. Samsung contends that all of the asserted claims are invalid because they (1) are obvious in view of the prior art under Section 103; and (2) do not meet the requirements of Section 112, including each of the written description, enablement, and definiteness requirements.

Samsung denies that any damages are owed, and denies that if any infringement was found, it was willful. Samsung also contends that Mojo's claims against Samsung are barred, in whole or in part, as a result of an implied license to the Asserted Patents; that Mojo's claims against Samsung are barred, in whole or in part, by prosecution laches, equitable estoppel, and waiver and acquiescence; that Mojo's claims against Samsung are barred, in whole or in part, by lack of standing to pursue infringement claims related to the Asserted Patents because of the assignment of rights to the Asserted Patents to third party employers of Mr. Sears; that Mojo's claims against Samsung are barred, in whole or in part, by prosecution history disclaimer, prosecution history

estoppel, and ensnarement; that Mojo's claims for relief are limited or barred, in whole or in part, by 35 U.S.C. §§ 286, 287, and/or 288; and that Mojo is limited in its right to seek damages due to a failure to mark products covered by the Asserted Patent and because it failed to provide actual notice before the filing of complaint.

## D.  CONTENTIONS OF THE PARTIES

The parties set forth below a summary of their contentions for trial.  The parties do not necessarily agree with each other's summaries and contentions and reserve all objections.

### 1.  Mojo's Contentions

Mojo provides the following statement of contentions without waiver of any claim pled, any response given during discovery, or any opinion expressed by Mojo's experts. By providing these contentions, Mojo does not waive any of its motions in limine, motions for summary judgment, Daubert motions, or motions to strike.

(1)     Mojo contends that Samsung infringes claim 1 of the 208 patent under 35 U.S.C. § 271(a), literally, by making, using, selling, offering to sell, and/or importing into the United States from October 10, 2016 (six years prior to the filing of this lawsuit) to the present, the Samsung wireless chargers that are the "208 Accused Products."

The 208 Accused Products include the 2-in-1 Portable Fast Wireless Charger and Battery P (EB-U1200), Samsung 10,000 mAH Super Fast Wireless Charger (EB-U3300), Car Mounting Wireless Charger (EP-H5300), Wireless Charger Convertible Qi (EP-N3300), Fast Charge Stand (2018 Edition) (EP-N5100), Fast Charge Stand (2019 Edition) (EP-N5105), Fast Charge 2.0 Stand (EP-N5200), Duo Stand/Pad (EP-N6100), Wireless Charger Stand (EP-NG930), Fast Charge Pad (2018 Edition) (EP-P3100), Fast Charge Pad (2019 Edition) (EP-P3105), Wireless Charger Duo (2021) (EP-P4300), Fast Charge 2.0 DUO Pad (EP-P5200), 15W Super Fast Wireless Charger

Duo (EP-P5400), Wireless Charger Trio (EP-P6300), Wireless Charger Tray (EP-PA710), and Fast Charge Convertible Stand/Pad (EP-PG950).

(2)      Mojo contends that Samsung infringes claim 1 of the 440 patent under 35 U.S.C. § 271(a), literally, by making, using, selling, offering to sell, and/or importing into the United States from the issue date of the 440 patent to the present, the Samsung smartphones, watches, earbud cases, and wireless chargers that are the "440 Accused Products."

The 440 Accused Products include the Galaxy Note 5, Galaxy Note 8, Galaxy Note 9, Galaxy Note 10, Galaxy Note 10+, Galaxy Note 10+ 5G, Galaxy Note 20 5G, Galaxy Note 20 Ultra 5G, Galaxy S6, Galaxy S6 Edge, Galaxy S6 Edge+, Galaxy S7, Galaxy S7 Edge, Galaxy S7 Active, Galaxy S8, Galaxy S8 Active, Galaxy S8+, Galaxy S9, Galaxy S9+, Galaxy S10, Galaxy S10e, Galaxy S10+, Galaxy S10 5G, Galaxy S20 5G, Galaxy S20 FE 5G, Galaxy S20+ 5G, Galaxy S20 Ultra 5G, Galaxy S21 5G, Galaxy S21 FE 5G, Galaxy S21+ 5G, Galaxy S21 Ultra 5G, Galaxy S22, Galaxy S22 5G, Galaxy S22+, Galaxy S22 Ultra, Galaxy S23, Galaxy S23+, Galaxy S23 Ultra, Galaxy S24, Galaxy S24+, Galaxy S24 Ultra, Galaxy Z Flip, Galaxy Z Flip 5G, Galaxy Z Flip3 5G, Galaxy Z Flip4, Galaxy Z Flip5, Galaxy Fold, Galaxy Z Fold2 5G, Galaxy Z Fold3 5G, Galaxy Z Fold4, Galaxy Z Fold5, Galaxy Buds, Galaxy Buds+, Galaxy Buds2, Galaxy Buds Live, Galaxy Buds Pro, Galaxy Buds2 Pro, Gear S2, Gear S2 Classic, Gear S3 Frontier, Gear S3, Gear S3 Classic, Gear Sport, Galaxy Watch, Galaxy Watch Active, Galaxy Watch Active 2, Galaxy Watch 3, Galaxy Watch 4, Galaxy Watch 4 Classic, Galaxy Watch5, Galaxy Watch5 Pro,  Galaxy Watch6, Galaxy Watch6 Classic.

(3)      Mojo contends that Samsung infringes claims 1, 2, 23, and 30 of the 500 patent under 35 U.S.C. § 271(a), literally as to each clam and/or under the doctrine of equivalents with respect to claim 23, by making, using, selling, offering to sell, and/or importing into the United

States from the issue date of the 500 patent to the present, the Samsung smartphones, watches, earbud cases, and wireless chargers that are the "500 Accused Products."

The 500 Accused Products include the Galaxy Note 8, Galaxy Note 9, Galaxy Note 10, Galaxy Note 10+, Galaxy Note 20 5G, Galaxy Note 20 Ultra 5G, Galaxy S9, Galaxy S9+, Galaxy S10, Galaxy S10e, Galaxy S10+, Galaxy S10 5G, Galaxy S20 5G, Galaxy S20 FE 5G, Galaxy S20+ 5G, Galaxy S20 Ultra 5G, Galaxy S21 5G, Galaxy S21 FE 5G, Galaxy S21+ 5G, Galaxy S21 Ultra 5G, Galaxy S22, Galaxy S22 5G, Galaxy S22+, Galaxy S22 Ultra, Galaxy S23, Galaxy S23+, Galaxy S23 Ultra, Galaxy S24, Galaxy S24+, Galaxy S24 Ultra, Galaxy Z Flip 5G, Galaxy Z Flip3 5G, Galaxy Z Flip4, Galaxy Z Flip5, Galaxy Z Fold2 5G, Galaxy Z Fold3 5G, Galaxy Z Fold4, Galaxy Z Fold5, Galaxy Watch, Galaxy Watch Active, Galaxy Watch Active 2, Galaxy Watch 3, Galaxy Watch 4, Galaxy Watch 4 Classic, Galaxy Watch5, Galaxy Watch5 Pro,  Galaxy Watch6, Galaxy Watch6 Classic, 2-in-1 Portable Fast Wireless Charger and Battery (EB-U1200), and Galaxy Watch Charging Dock (EP-OR825).

(4)    Mojo contends that Samsung infringes claims 1, 2, 28, and 30 of the 371 patent under 35 U.S.C. § 271(a), literally as to each claim and/or under the doctrine of equivalents with respect to claim 30, by making, using, selling, offering to sell, and/or importing into the United States from the issue date of the 371 patent to the present, the Samsung smartphones, watches, earbud cases, and wireless chargers that are the "371 Accused Products."

The 371 Accused Products include the Galaxy Note 8, Galaxy Note 9, Galaxy Note 10, Galaxy Note 10+, Galaxy Note 20 5G, Galaxy Note 20 Ultra 5G, Galaxy S9, Galaxy S9+, Galaxy S10, Galaxy S10e, Galaxy S10+, Galaxy S10 5G, Galaxy S20 5G, Galaxy S20 FE 5G, Galaxy S20+ 5G, Galaxy S20 Ultra 5G, Galaxy S21 5G, Galaxy S21 FE 5G, Galaxy S21+ 5G, Galaxy S21 Ultra 5G, Galaxy S22, Galaxy S22 5G, Galaxy S22+, Galaxy S22 Ultra, Galaxy S23, Galaxy

S23+, Galaxy S23 Ultra, Galaxy S24, Galaxy S24+, Galaxy S24 Ultra, Galaxy Z Flip 5G, Galaxy Z Flip3 5G, Galaxy Z Flip4, Galaxy Z Flip5, Galaxy Z Fold2 5G, Galaxy Z Fold3 5G, Galaxy Z Fold4, Galaxy Z Fold5, Galaxy Watch, Galaxy Watch Active, Galaxy Watch Active 2, Galaxy Watch 3, Galaxy Watch 4, Galaxy Watch 4 Classic, Galaxy Watch5, Galaxy Watch5 Pro,  Galaxy Watch6, Galaxy Watch6 Classic, 2-in-1 Portable Fast Wireless Charger and Battery (EB-U1200), and Galaxy Watch Charging Dock (EP-OR825).

(5)     Mojo contends that Samsung infringes claims 1, 5, 12, and 21 of the 942 patent under 35 U.S.C. § 271(a), literally as to each claim and/or under the doctrine of equivalents with respect to claim 21, by making, using, selling, offering to sell, and/or importing into the United States from the issue date of the 942 patent to the present, the Samsung smartphones, watches, earbud cases, and wireless chargers that are the "942 Accused Products."

The 942 Accused Products include the Galaxy Note 9, Galaxy Note 10, Galaxy Note 10+, Galaxy Note 20 5G, Galaxy Note 20 Ultra 5G, Galaxy S9, Galaxy S9+, Galaxy S10, Galaxy S10e, Galaxy S10+, Galaxy S10 5G, Galaxy S20 5G, Galaxy S20 FE 5G, Galaxy S20+ 5G, Galaxy S20 Ultra 5G, Galaxy S21 5G, Galaxy S21 FE 5G, Galaxy S21+ 5G, Galaxy S21 Ultra 5G, Galaxy S22, Galaxy S22 5G, Galaxy S22+, Galaxy S22 Ultra, Galaxy S23, Galaxy S23+, Galaxy S23 Ultra, Galaxy S24, Galaxy S24+, Galaxy S24 Ultra, Galaxy Z Flip 5G, Galaxy Z Flip3 5G, Galaxy Z Flip4, Galaxy Z Flip5, Galaxy Z Fold2 5G, Galaxy Z Fold3 5G, Galaxy Z Fold4, Galaxy Z Fold5, Galaxy Watch 4, Galaxy Watch 4 Classic, Galaxy Watch5, Galaxy Watch5 Pro,  Galaxy Watch6, Galaxy Watch6 Classic, 2-in-1 Portable Fast Wireless Charger and Battery (EB-U1200), Samsung 10,000 mAH Super Fast Wireless Charger (EB-U3300), Car Mounting Wireless Charger (EP-H5300), Wireless Charger Convertible Qi (EP-N3300), Fast Charge Pad (2021 Edition) (EP-P1300), 15W Super Fast Wireless Charger (EP-P2400), Fast Charge Pad (2019 Edition) (EP-

P3105), Wireless Charger Duo (2021) (EP-P4300), 15W Super Fast Wireless Charger Duo (EP-P5400), Wireless Charger Trio (EP-P6300), SmartThings Station (EP-P9500), Galaxy Watch Charging Dock (EP-OR825), and Galaxy Watch Charging Dock (EP-OR900).

(6)    Mojo contends that Samsung infringes claims 1 and 15 of the 777 patent under 35 U.S.C. § 271(a), literally with respect to each claim, by making, using, selling, offering to sell, and/or importing into the United States from the issue date of the 777 patent to the present, the Samsung smartphones, watches, earbud cases, and wireless chargers that are the "777 Accused Products."

The 777 Accused Products include the Galaxy Note 8, Galaxy Note 9, Galaxy Note 10, Galaxy Note 10+, Galaxy Note 20 5G, Galaxy Note 20 Ultra 5G, Galaxy S9, Galaxy S9+, Galaxy S10, Galaxy S10e, Galaxy S10+, Galaxy S10 5G, Galaxy S20 5G, Galaxy S20 FE 5G, Galaxy S20+ 5G, Galaxy S20 Ultra 5G, Galaxy S21 5G, Galaxy S21 FE 5G, Galaxy S21+ 5G, Galaxy S21 Ultra 5G, Galaxy S22, Galaxy S22 5G, Galaxy S22+, Galaxy S22 Ultra, Galaxy S23, Galaxy S23+, Galaxy S23 Ultra, Galaxy S24, Galaxy S24+, Galaxy S24 Ultra, Galaxy Z Flip 5G, Galaxy Z Flip3 5G, Galaxy Z Flip4, Galaxy Z Flip5, Galaxy Z Fold2 5G, Galaxy Z Fold3 5G, Galaxy Z Fold4, Galaxy Z Fold5, Galaxy Watch5, Galaxy Watch5 Pro,  Galaxy Watch6, Galaxy Watch6 Classic, 2-in-1 Portable Fast Wireless Charger and Battery (EB-U1200), Samsung 10,000 mAH Super Fast Wireless Charger (EB-U3300), Wireless Charger Convertible Qi (EP-N3300), Fast Charge 2.0 Stand (EP-N5200), Fast Charge Pad (2021 Edition) (EP-P1300), 15W Super Fast Wireless Charger (EP-P2400), Fast Charge Pad (2019 Edition) (EP-P3105), Wireless Charger Duo (2021) (EP-P4300), 15W Super Fast Wireless Charger Duo (EP-P5400), Wireless Charger Trio (EP-P6300), SmartThings Station (EP-P9500), and Galaxy Watch Charging Dock (EP-OR900).

(7)    Mojo contends that Samsung's infringement for each of the patents-in-suit has been and continues to be willful.

(8)    Mojo contends that it has been damaged by Defendant's infringement of each of the patents-in-suit, and is entitled to enhanced damages and reasonable costs under 35 U.S.C. §284.

(9)    Mojo contends that this is an exceptional case entitling it to attorneys' fees under 35 U.S.C. § 285.

(10)    Mojo contends that it is the valid, presumptive assignee of each of the patents-in-suit and all rights thereto, including the right to claim damages for past infringement and including the right to bring this action.

(11)    Mojo contends that the asserted claims of each of the patents-in-suit are not invalid for any reason, including under Sections 101, 102, 103 and 112 of the Patent Act.

(12)    Mojo contends that the asserted claims of each of the patents-in-suit are not unenforceable for any reason, including for estoppel, or any other legal or equitable theory asserted by Samsung.

(13)    Mojo contends that its damages for Samsung's past infringement of each of the asserted claims of the patents-in-suit are not barred or limited by 35 U.S.C. § 287, or any other legal or equitable theory asserted by Samsung.

(14)    Mojo contends that Samsung is not entitled to a judgment in its favor on any affirmative defense asserted by Samsung.

(15)    Mojo contends that Samsung is not entitled to any finding in their favor that this case is exceptional, or to any damages, attorneys' fees, or costs.

(16)    Mojo contends that it is entitled to supplemental damages for period between the jury verdict and the entry of final judgment.

(17)    Mojo contends that it is entitled to pre-judgment and post-judgment interest.

(18)    Mojo contends that it is entitled to supplemental and ongoing royalties.

(19)    Mojo seeks all equitable relief from the Court that is just and proper.

(20)    Mojo contends that the patents-in-suit have the following issuance and expiration dates:

| Patent | Issue Date | Expiration Date |
|--------|-----------|-----------------|
| 208 | 5/24/2011 | 1/30/2027 |
| 440 | 02/21/2017 | 1/30/2027 |
| 500 | 12/14/2021 | 1/30/2027 |
| 371 | 4/26/2022 | 1/30/2027 |
| 777 | 5/24/2022 | 1/30/2027 |
| 942 | 10/4/2022 | 1/30/2027 |

(21)    Mojo contends that the asserted claims of the patents-in-suit have the following priority dates:

| Patent | Claims | Priority Date |
|--------|--------|---------------|
| 208 | 1 | 12/5/2006 |
| 440 | 1 | 6/1/2006 |
| 500 | 1, 23, 30 | 12/5/2006 |
| 500 | 2 | 12/12/2007 |
| 371 | 1, 28 | 7/30/2007 |
| 371 | 2, 30 | 12/12/2007 |
| 942 | 1, 21 | 7/30/2007 |
| 942 | 5, 12 | 12/12/2007 |
| 777 | 1, 15 | 1/18/2011 |

(22)    Mojo objects to any of Samsung's contentions that were not properly disclosed pursuant to the Court's rules and orders.

(23)    Mojo objects to Samsung's contentions regarding issues excluded by agreement and/or by the rulings of the Court.

(24)    Mojo objects to any contention that is subject to a currently pending motion in this matter.

(25)    Mojo objects to the re-litigation of any issue that has already been determined by the Court.

(26)    Mojo specifically, without limitation, objects to any of Samsung's contentions that are not properly in this case due to Samsung not putting forth these contentions and/or not putting forth any theories or bases for these contentions during discovery. This is shown for example by Samsung not including these contentions in response to Mojo Interrogatory No. 18. This includes at least the following late, undeveloped, and/or unpreserved contentions by Samsung:

1. that the claims of the patents-in-suit do not meet the requirements of Section 35 U.S.C. § 112, in whole or in part, to the extent not covered in Samsung's technical expert, Dr. Zane's opening report;

2. that Mojo's claims are barred, in whole or in part, as a result of an implied license to the Asserted Patents;

3. that Mojo's claims are barred in whole or in part based on equitable estoppel, waiver and/or acquiescence;

4. that Mojo's claims are barred, in whole or in part, by lack of standing to pursue infringement claims related to the Asserted Patents;

5. that Mojo's claims for relief are limited or barred, in whole or in part, by 35 U.S.C. §§ 286, 287, and/or 288;

6. that Mojo is limited in its right to seek damages, in whole or in part, due to a failure to mark products covered by the Asserted Patent and because it failed to provide actual notice before the filing of complaint;

7. that Mojo's infringement allegations for all asserted claims are barred or limited, in whole or in part. by prosecution history disclaimer, prosecution history estoppel, and/or ensnarement;

8. that Mojo is not the valid, presumptive assignee of each of the patents-in-suit and all rights thereto, including the right to claim damages for past infringement.

(27)    To the extent not already addressed above, Mojo disagrees with Samsung's contentions.

## 2.  Samsung's Contentions

1.    Samsung provides the following statement of contentions without waiver of any affirmative defense pled, any response given during discovery, or any opinion expressed by Samsung's experts.  By providing these contentions, Samsung does not waive any of its motions in limine, motions for summary judgment, Daubert motions, or motions to strike; or any of its oppositions to Mojo's motions, including, e.g., Mojo's motion for leave to amend infringement contentions (Dkt. 119).

2.    Samsung contends that it has not infringed any asserted claim of the Asserted Patents whether literally or under the doctrine of equivalents.

3.    Samsung contends that it has not infringed claim 1 of the '208 Patent under 35 U.S.C. § 271(a), whether literally or under the doctrine of equivalents, by making, using, selling, offering to sell, and/or importing into the United States from October 10, 2016 (six years prior to the filing of this lawsuit) to the present, the '208 Accused Products.

4.    Samsung contends that it has not infringed claim 1 of the '440 Patent under 35 U.S.C. § 271(a), whether literally or under the doctrine of equivalents, by making, using, selling, offering to sell, and/or importing into the United States from the issue date of the 440 Patent to the present, the '440 Accused Products.

5.    Samsung contends that it has not infringed claims 1, 2, 23, and 30 of the '500 Patent under 35 U.S.C. § 271(a), whether literally or under the doctrine of equivalents, by making, using,

selling, offering to sell, and/or importing into the United States from the issue date of the '500 Patent to the present, the '500 Accused Products.

6.      Samsung contends that it has not infringed claims 1, 2, 28, and 30 of the '371 Patent under 35 U.S.C. § 271(a), whether literally or under the doctrine of equivalents, by making, using, selling, offering to sell, and/or importing into the United States from the issue date of the '371 Patent to the present, the '371 Accused Products.

7.      Samsung contends that it has not infringed claims 1, 5, 12, and 21 of the '942 Patent under 35 U.S.C. § 271(a), whether literally or under the doctrine of equivalents, by making, using, selling, offering to sell, and/or importing into the United States from the issue date of the '942 Patent to the present, the '942 Accused Products.

8.      Samsung contends that it has not infringed claims 1 and 15 of the '777 Patent under 35 U.S.C. § 271(a), whether literally or under the doctrine of equivalents, by making, using, selling, offering to sell, and/or importing into the United States from the issue date of the '777 Patent to the present, the '777 Accused Products.

9.      Samsung contends that it has not willfully infringed, and is not willfully infringing, any claim of the Asserted Patents, and that Mojo has not put forward any sufficient basis for willful infringement.

10.     Samsung contends that Mojo did not provide any pre-suit notice of any alleged infringement of the Asserted Patents. Samsung denies that it received notice of the '500 Patent, '371 Patent, '942 Patent, or '777 Patent before Mojo filed this suit on October 7, 2022. Samsung denies any knowledge of the '208 Patent and '440 Patent before Mojo filed this suit on October 7, 2022 other than their inclusion in lists of patents that Mojo sent to Samsung in 2014 and 2017. Samsung also denies that it knew or should have known of any risk that it was infringing the Asserted Patents. See Dkt. No. 93.

11.     Samsung contends that Mojo's infringement allegations for all asserted claims are barred or limited in whole or in part by prosecution history disclaimer, prosecution history estoppel, and ensnarement.

12.    Samsung contends that all asserted claims of the Asserted Patents are invalid as obvious under 35 U.S.C. § 103.

13.    Samsung contends that claim 1 of the '208 Patent is invalid as obvious under 35 U.S.C. § 103 based on U.S. Patent Publication No. 2005/0127868 to Calhoon et al. entitled "Inductive Battery Charger" ("Calhoon") in combination with the following prior art references: U.S. Patent No. 6,912,137 to Berghegger entitled "Inductive contactless power transmitter" ("Berghegger"), and Japanese Patent Publication No. 2006/141170 to Okada et al. entitled "Electric Power Supply System, Power Transmitting Device, and Power Receiving Device For System" ("Okada").

14.    Samsung contends that claim 1 of the '208 Patent is invalid as obvious under 35 U.S.C. § 103 based on Calhoon in combination with the following prior art references: Berghegger, Okada, and U.S. Patent Publication No. 2006/0202665 to Hsu entitled "Inductive powering surface for powering portable devices" ("Hsu").

15.    Samsung contends that claim 1 of the '440 Patent is invalid as obvious under 35 U.S.C. § 103 based on Calhoon in combination with the following prior art references:  Hsu and U.S. Patent No. 5,733,313 to Barreras entitled "RF coupled, implantable medical device with rechargeable back-up power source" ("Barreras").

16.    Samsung contends that claim 1 of the '440 Patent is invalid as obvious under 35 U.S.C. § 103 based on Calhoon in combination with the following prior art references:  Hsu, Barreras, and U.S. Patent Publication No. 2005/0189910 to Hui entitled "Planar Inductive Battery Charger" ("Hui").

17.    Samsung contends that claims 1, 2, and 23 of the '500 Patent are invalid as obvious under 35 U.S.C. § 103 based on Chinese Patent Publication No. 1835338 to Su entitled "Zone controllable power strip" ("Su") in combination with the following prior art references:  U.S. Patent Publication No. 2007/0145830 to Lee entitled "System and method for contact free transfer of power" ("Lee-830") and Patent Cooperation Treaty Publication No. 2008/050917 to Kook

entitled "Non-contact charger available of wireless data and power transmission, charging battery-pack and mobile divice (sic) using non-contact charger" ("Kook").

18. Samsung contends that claim 30 of the '500 Patent is invalid as obvious under 35 U.S.C. § 103 based on Su in combination with the following prior art references:  Lee-830, Kook, and U.S. Patent Publication No. 2007/0103110 to Sagoo entitled "Apparatus and method of wirelessly sharing power by inductive method" ("Sagoo").

19. Samsung contends that claim 1 of the '371 Patent is invalid as obvious under 35 U.S.C. § 103 based on Okada in combination with the following prior art references:  Kook, Non-Patent Literature to Lim et al. entitled "Printed Circuit Board Windings-Based Ultra Low-Profile Power Conditioning Circuits For SDR Application Systems" ("Lim"), and U.S. Patent Publication No. 2004/0082369 to Dayan et al. entitled "Alternative wirefree mobile device power supply method & system with free positioning" ("Dayan").

20. Samsung contends that claim 2 of the '371 Patent is invalid as obvious under 35 U.S.C. § 103 based on Okada in combination with the following prior art references:  Kook, Lim, Dayan, and U.S. Patent Publication No. 2005/0135129 to Kazutoshi entitled "Contactless power supply system" ("Kazutoshi").

21. Samsung contends that claim 28 and 30 of the '371 Patent are invalid as obvious under 35 U.S.C. § 103 based on Okada in combination with the following prior art references:  Kook, Lim, and U.S. Patent No. 5,808,587 to Shima entitled "Wireless access control system using a proximity member and antenna equipment therefor" ("Shima").

22. Samsung contends that claims 1 and 21 of the '942 Patent are invalid as obvious under 35 U.S.C. § 103 based on Okada in combination with the following prior art references:  Kook, and Lim.

23. Samsung contends that claim 5 of the '942 Patent is invalid as obvious under 35 U.S.C. § 103 based on Okada in combination with the following prior art references:  Kook, Lim, and U.S. Patent Publication No. 2004/0130916 to Baarman entitled "Adaptive Inductive Power Supply" ("Baarman").

24.     Samsung contends that claim 12 of the '942 Patent is invalid as obvious under 35 U.S.C. § 103 based on Okada in combination with the following prior art references:  Kook, Lim, U.S. Patent Publication No. 2005/0134213 to Takagi et al. entitled "Contactless power transmitting device" ("Takagi"), and Kazutoshi.

25.     Samsung contends that claims 1 and 15 of the '777 Patent are invalid as obvious under 35 U.S.C. § 103 based on U.S. Patent No. 8,369,905 to Sogabe et al. entitled "Power transmission control device, power transmission device, power receiving control device, power receiving device, and electronic apparatus" ("Sogabe") in combination with the following prior art references:  Non-Patent Literature to Wireless Power Consortium entitled "System Description Wireless Power Transfer Volume 1: Low Power Part 1: Interface Definition Version 1.0.1 October 2010" ("Qi").

26.     Samsung contends that claims 1 and 15 of the '777 Patent are invalid as obvious under 35 U.S.C. § 103 based on Sogabe in combination with the following prior art references: Qi and U.S. Patent No. 8,193,764 to Jakubowski entitled "Wireless charging of electronic devices" ("Jakubowski").

27.     Samsung contends that all asserted claims of the Asserted Patents are invalid under 35 U.S.C. § 112 for failure to comply with the written description requirement.

28.     Samsung contends that the following claims of the Asserted Patents are not adequately enabled, and thus are invalid, under 35 U.S.C. § 112:  claim 1 of the '208 Patent; claim 1 of the '440 Patent; claim 1 of the '500 Patent; and claim 1 of the '371 Patent.

29.     Samsung contends that Mojo's claims of patent infringement related to the Asserted Patents are barred, in whole or in part, by prosecution laches.

30.     Samsung contends that Mojo's claims of patent infringement related to the Asserted Patents are barred, in whole or in part, by equitable estoppel and waiver and acquiescence because of the misleading conduct Mojo engaged in that led Samsung to reasonably infer that Mojo did not intend to assert its patents against Samsung.

31.     Samsung contends that Mojo's claims against Samsung are barred, in whole or in part, by lack of standing to pursue infringement claims related to the Asserted Patents because of the assignment of rights to the Asserted Patents to third party employers of Mr. Sears.

32.     Samsung contends that Mojo is not entitled to any of the recovery it seeks.

33.     Samsung contends that Mojo's claims for relief related to its claims of patent infringement related to the Asserted Patents are precluded, in whole or in part, as a result of an implied license to the Asserted Patents.

34.     Samsung contends that Mojo's claims for relief are limited or barred, in whole or in part, by 35 U.S.C. §§ 286, 287, and/or 288.

35.     Samsung contends that Mojo is not the valid, presumptive assignee of each of the patents-in-suit and all rights thereto, including the right to claim damages for past infringement.

36.     Samsung contends that Mojo is limited in its right to seek damages due to a failure to mark products covered by the Asserted Patents and because it failed to provide actual notice before the filing of complaint.

37.     Samsung contends that Mojo is not entitled to damages under 35 U.S.C. § 284, including but not limited to a reasonable royalty, on its claims of infringement related to the Asserted Patents. To the extent damages are to be awarded based on infringement of any of the asserted claims of the Asserted Patents, Mojo's calculation of a reasonable royalty relies on an improper methodology and improper evidence, and Mojo has failed to provide a suitable basis on which damages may be properly calculated. Samsung contends in particular, as detailed in Samsung's motion to exclude certain expert testimony of Jim Bergman, Dkt. No. 96, that Mojo's damages theories are legally deficient and methodologically unsound and thus should be excluded from trial. Samsung further contends that additional deficiencies in the expert report of Jim Bergman, as detailed in the expert report of Julia Rowe, causes Mojo's requested damages to be inflated, inaccurate, and not reflective of a hypothetical negotiation between the parties.

38.     Samsung contends that Mojo is not entitled to enhanced damages under 35 U.S.C. § 284.

39.     Samsung contends that Mojo is not entitled to pre-judgment or post-judgment interest or costs, including under 35 U.S.C. § 284.

40.     Samsung contends that Mojo is not entitled to an award of its attorneys' fees.

41.     Samsung contends that it has engaged in all relevant activities in good faith, thereby precluding Mojo, even if it prevails, from recovering its reasonable attorneys' fees or costs under 35 U.S.C. § 285.

42.     Samsung contends that this is an exceptional case under 35 U.S.C. § 285 entitling Samsung to attorneys' fees, costs, and interest.

43.     Samsung contends that Mojo is not entitled to an accounting for damages.

44.     Samsung contends that Mojo is not entitled to any damages, including supplemental damages post-verdict.

45.     Samsung contends that Mojo is not entitled to supplemental and/or ongoing royalties.

46.     Samsung contends that Mojo is not entitled to a compulsory ongoing licensing fee.

47.     Samsung contends that Mojo is not entitled to any other relief.

48.     Samsung contends that it is not liable to Mojo under any cause of action or legal theory that Mojo asserts.

49.     Samsung objects to any of Mojo's contentions that were not properly disclosed pursuant to the Court's rules and orders.

50.     Samsung objects to Mojo's contentions regarding issues excluded by agreement and/or by the rulings of the Court.

51.     Samsung objects to any contention that is subject to a currently pending motion in this matter.

52.     Samsung objects to the relitigation of any issue that has already been determined by the Court.

53.     To the extent not already addressed above, Samsung disagrees with Mojo's contentions.

### E. STIPULATIONS AND UNCONTESTED FACTS

1. Stipulations

(1)      The following stipulations are for the purposes of this case only.

(2)      The parties will continue to meet and confer to attempt to resolve their objections to deposition designations, witnesses, and exhibits, and to identify additional potential stipulations, and will supplement these stipulations to the extent that additional stipulations are agreed by the parties.

(3)      The parties propose that the Court present a tutorial video from the Federal Judicial Center regarding the U.S. Patent Office to the members of the jury as part of its preliminary instructions to the jury.

(4)      The parties agree that written answers to interrogatories and requests for admission or stipulations agreed to in this case shall be treated by the opposing party as having been given under oath, whether or not the answers were signed or verified by the party making them.

(5)      The parties agree to the following procedure that will govern the disclosure of witnesses, exhibits, deposition testimony, and demonstratives[1] to use at trial and the process to identify any objections remaining between the parties with regard to these disclosures:

(6)      **Notification of Live Witnesses:**

    a.   A party will provide a list of witnesses that the party intends to call for direct examination, the order the party expects to call the witnesses, and the method of testimony (i.e., live or by deposition) by **7:00 p.m. CT** two (2) days before they are expected to testify. Any objections to a witness will be provided no later than **7:00 p.m. CT** the day before they are expected to testify. The parties are to meet and

---

[1] Samsung proposed addition, disputed by Mojo (“Demonstratives” as used in this document include without limitation all documentary (including any document not on the joint or party exhibit lists), graphic, slide, animation, video, and any other form of demonstratives, such as prototypes or physical devices.)

confer to resolve any objections at **8:00 p.m. CT** the day before the witness is expected to testify.

b. Fact witnesses are not allowed into the courtroom before they testify on the stand, or after, if they are subject to recall. The only exception is the parties' client representative, who will be allowed in the courtroom even if testifying in the case.

(7)    **Demonstratives:**

a. Samsung proposed addition, disputed by Mojo (<mark>Demonstratives are those that do not go back to the jury room.</mark>) Mojo's demonstratives will be identified by numbers prefixed with "PD." Samsung's demonstratives will be identified by numbers prefixed with "DD."

b. A party will provide demonstratives to be used in connection with direct examination, including indicating with which witness the demonstratives will be used, by **6:00 p.m. CT** the day before their intended use, and objections will be provided no later than **7:00 p.m. CT** the day before their intended use. The parties are to meet and confer to resolve any objections at **8:00 p.m. CT** the day before the demonstratives' intended use. For all demonstratives used in connection with direct examination on the first day of trial, a party will provide those demonstratives by **4:00 p.m. CT** the day before trial, and objections will be provided no later than **6:00 p.m. CT** the day before trial. The parties are to meet and confer to resolve any objections at **8:00 p.m. CT** the day before trial. If good faith efforts to resolve objections to demonstratives fail, the objecting party shall bring its objections to the Court's attention the next morning prior to any witnesses being called to the witness stand.

c. If any of the demonstratives change after they have been provided to the opposing party, including non-substantive edits and typographical corrections, the party intending to use the demonstrative will promptly notify the opposing party of the change(s) to provide the opposing party with reasonable notice of the changes before the demonstratives are presented to the jury.

d. Where a demonstrative refers to information found in a trial exhibit, the party offering the demonstrative shall disclose to the other party all trial exhibits that form the basis of the demonstrative at the same time the party discloses the demonstrative.

e. The party seeking to use demonstratives will provide a color representation of the demonstratives to the other side in PDF form. However, for video animations, the party seeking to use the demonstrative will provide it to the other side electronically via a secure file share or other similar method. Physical demonstratives must be identified in writing with specificity by the **6:00 p.m. CT** deadline and, upon request, make it available for inspection no later than the **7:00 p.m. CT** deadline for objections.

f. This provision does not apply to demonstratives created during testimony or demonstratives created live in Court, none of which need to be provided to the other side in advance of their use.

(8) **Opening Statement:**

a. The parties will exchange demonstratives to be used in opening statements by **4:00 p.m. CT** the day before opening statements. The parties will provide any objections to such demonstratives by **5:00 p.m. CT** on the day before opening statements. The parties are to meet and confer to resolve any objections to the demonstratives for opening statements at **6:00 p.m. CT** the day before opening statements. If good faith efforts to resolve objections to demonstratives to be used in opening statements fail, the objecting party shall promptly bring its objections to the Court's attention on the morning of opening statements.

b. This provision does not apply to demonstratives created during opening statements, which do not need to be provided to the other side in advance of their use.

c. No party can use any of the other party's disclosed demonstratives in its opening statement presentation before the disclosing party has used it in its own opening statement.

d. The parties agree that any exhibit listed on the joint exhibit list or either party's exhibit list as to which no objection remains pending at the time of opening statements may be shown to the jury by either party during opening statements if the exhibit will be the subject of testimony and explained to the jury by a witness at trial. The parties agree to meet and confer to the extent objections remain pending to attempt to resolve any such objections so that exhibits may be used during opening statements or objections can be resolved by the Court.

e. The parties agree that demonstratives the parties intend to use at trial do not need to be included on the joint or party exhibit lists, including the exhibit lists exchanged for pretrial disclosures and the final joint and party exhibit lists.  The parties otherwise reserve all rights to object to any demonstrative.

(9) **Closing Argument:**

a. The parties will not exchange demonstratives to be used in closing except that exchange is required for any demonstratives not previously shown in identical form to the jury. Notwithstanding the foregoing, any slide for closing that consists exclusively of actual copied snippets from admitted exhibits or from the trial transcript need not be disclosed prior to closing, so long as the snippets are not augmented, titled, or adulterated in any way not previously shown to the jury during trial. The parties will exchange qualifying demonstratives by **5:00 p.m. CT** the day before closing statements. The parties will provide any objections to such demonstratives by **6:00 p.m. CT** on the day before closing statements. The parties are to meet and confer to resolve any objections to the demonstratives for closing statements at **7:00 p.m. CT** the day before closing statements. If good faith efforts

to resolve objections to demonstratives to be used in closing statements fail, the objecting party shall promptly bring its objections to the Court's attention on the morning of closing statements.

(10)  **Exhibits:**

    a.  A party will provide a list of exhibits to be used in connection with direct examination (whether live or by deposition), including indicating with which witness the exhibit will be used, by **6:00 p.m. CT** the day before their intended use, and objections will be provided no later than **7:00 p.m. CT** the day before their intended use. The parties are to meet and confer to resolve any objections at **8:00 p.m. CT** the day before the exhibits' intended use. If good faith efforts to resolve the objections fail, the party objecting to the exhibits shall bring its objections to the Court's attention prior to the witness being called to the witness stand.

    b.  Once an exhibit is used before the jury, it does not have to be disclosed for use with other witnesses on direct examination.

    c.  Each party may use an exhibit that is listed on the other party's exhibit list, to the same effect as though it were listed on its own exhibit list, subject to evidentiary objections. The parties' exhibit lists and the joint exhibit list include exhibits that may not necessarily be introduced into evidence. A party's failure to introduce any exhibit appearing on its list or the joint list shall not be commented on during trial except that a comment may be made if the exhibit was used in opening and then not explained to the jury by a witness at trial.

    d.  The parties agree that they will not pre-exchange or identify exhibits to be used with any witness on cross examination.  Samsung proposed addition, disputed by Mojo (Documents proposed to be used with any witness on cross examination that a party seeks to enter into evidence must be on the joint or party exhibit lists. Demonstratives proposed to be used with any witness on cross examination must be exchanged the evening before use and objections may be lodged then.  For the abundance of clarity, any document, communication, or thing produced or made available in this case may be used for the purposes of impeachment in cross examination unless otherwise prohibited by a motion in limine or other court order.)

    e.  A legible copy of an exhibit may be offered and received into evidence in lieu of the original, unless a genuine question is raised as to the authenticity of the original, or in circumstances where it would be unfair to admit the copy in lieu of the original.

    f.  Legible copies of U.S. patents, and the contents of associated file histories, may be offered and received in evidence in lieu of certified copies thereof, subject to all other objections which might be made to admissibility of certified copies.

    g.  For exhibits that are Excel spreadsheets, PowerPoint presentations, images, video files, or other electronic files, the parties may use electronic versions of such exhibits in their native format.

h. None of the exhibit lists (including the joint list and each party's list) nor any portion thereof is admissible or may be presented to the jury without leave of Court. The parties agree that any description of a document on an exhibit list is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding the listed document or any other listed document.

i. The parties will use their best efforts to ensure that only one version of a copy of a document is admitted into evidence. The parties agree that other versions of exhibits listed in the parties' exhibit lists that have been produced, cited, considered, or marked during the course of this litigation may be substituted for versions of exhibits listed therein with otherwise substantively identical documents.

j. If a party provides a binder of exhibits to a witness prior to examination, the party will provide one copy to the other party.

**(11)    Deposition Testimony:**

a. If a party identifies a witness that it intends to call to testify at trial by deposition, then the party shall identify the specific pages and lines of the witness's deposition testimony that the party expects to read or play by **6:00 p.m. CT** four (4) days before the trial day during which the deposition testimony is expected to be read or played. For each such witness, the other party shall then identify its counter-designations to the identified testimony by **7:00 p.m. CT** three (3) days before the deposition testimony is expected to be read or played. The parties shall exchange objections by **5:30 p.m. CT** two (2) days before the deposition testimony is to be read or played and meet and confer to resolve any objections to designated testimony by **8:00 p.m. CT** that evening.

b. The party introducing the deposition testimony shall be responsible for editing the deposition video to include the testimony and any counter-designation testimony, minus any attorney objections, and provide a final version of the video to the other party as soon as any final rulings are obtained from the Court and the video editing has been completed and to provide the video and transcript of the proffered testimony to the other party for review by **7:00 p.m. CT** the day before it is to be shown to the jury.

c. Deposition video will include subtitles of the testimony at the bottom of the screen that matches the witness's testimony.

d. If any designated portions of deposition testimony to be presented at trial have been amended or corrected via errata, the party offering the errata must present the corresponding portions of the errata immediately after such deposition testimony is presented.

e. Deposition counter-designations will be counted against the designator's time. If the parties disagree as to the time allocation for any designations and counter-designations, including based on any optional completeness objections, the parties agree to raise the issue with the Court in advance of the deposition being presented

to the jury. The designations and counter-designations must be presented in the order they appear in the transcript.

f.  Colloquy between counsel and objections will be eliminated when the deposition is played by video.

g.  In order to reduce the number of duplicative exhibits, where a deposition excerpt references a document by deposition exhibit number and that identical document was also marked as a different exhibit number for use at trial, a party may substitute the trial exhibit for the deposition exhibit.

h.  Nothing in this provision shall preclude a party from using deposition testimony at trial for purposes of impeachment.  However, nothing in this provision is intended to expand the scope of proper impeachment of a witness.

(12)  **Handling of Confidential Material and Source Code:**

a.  The parties agree to request that the courtroom be sealed when a party's or non-party's confidential information, including source code or evidence concerning highly sensitive business documents, testimony, or information, is expected to be presented.  The Protective Order in this case (Dkt. 31) applies to all sealed pre-trial and trial proceedings (i.e., all provisions and obligations of the Protective Order apply to all individuals attending the sealed proceedings, including corporate representatives).

(13)  **Shared Electronic Versions of Displays:**

a.  The parties agree to provide electronic PDF versions of demonstratives displayed to the jury as soon practicable.

(14)  **Notice of Intent to Rest:**

a.  A party will provide to the Court and the other party a good-faith notice that it expects to rest by **5:00 p.m. CT** or before leaving court, whichever is later, the day before that party expects to rest and a good-faith estimate of how much additional trial time the party expects to use before resting.

(15)  **Motions:**

a.  All motions for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(a) may be brought to the Court orally or in writing.

(16)  **Juror Notebooks:**

a.  The parties agree that jurors shall be permitted to take handwritten notes in the provided Juror Notebooks during the presentations of the parties and that jurors be permitted to bring these notes into the deliberation room. The parties propose that

jurors be instructed not to exchange or share their notes with other jurors (though they may discuss the contents of their notes during deliberations) and that the juror's notes be collected by the clerk each evening after the jury has been excused, and collected and destroyed without review after the jury is discharged. Twelve (12) copies of an agreed juror notebook which will contain lined witness sheets with names, titles, and color photos, a copy of any agreed-upon documents (including the asserted patents), a legal pad, a non-clicking pen, and a highlighter will be delivered to the Court by Mojo before jury selection.

(17)    The parties request that during the pendency of the trial, counsel be permitted to move, and the Court admit if appropriate, evidence following use of the evidence, to the extent not admitted at the time of use. To clarify, this provision shall apply only to trial exhibits, properly admissible under the Federal Rules of Evidence, and about which a witness has referenced and specifically provided testimony and which were disclosed to the other side prior to such testimony pursuant to the stipulations above.

(18)    The parties agree that a single attorney will handle each witness, regardless of the scope and number of issues on which that witness testifies.  For example, if an expert witness is addressing both infringement and validity, only one attorney will be allowed to cross examine that witness

(19)    The parties will share any courtroom audio-visual equipment.

(20)    Samsung expects that one or more witnesses will testify live in a language other than English.  The parties agree that Ann Park or another interpreter from PACLS, Inc. will be the trial interpreter.

(21)    The parties shall make good faith efforts to resolve objections over the use of identified witnesses, testimony, exhibits, and demonstratives by participating in a meet and confer following the identification of and objection to witnesses, testimony, exhibits, and demonstratives each day.

(22)    Fact witnesses will be sequestered so that they cannot hear other witnesses' testimony pursuant to Federal Rule of Evidence 615. This stipulation does not apply to a party's corporate trial representative.

2. Uncontested Facts

(1)    The patents-in-suit have the following issuance and expiration dates:

| Patent | Issue Date | Expiration Date |
|--------|-----------|-----------------|
| 208 | 5/24/2011 | 1/30/2027 |
| 440 | 02/21/2017 | 1/30/2027 |
| 500 | 12/14/2021 | 1/30/2027 |
| 371 | 4/26/2022 | 1/30/2027 |
| 777 | 5/24/2022 | 1/30/2027 |
| 942 | 10/4/2022 | 1/30/2027 |

## F.  CONTESTED ISSUES OF FACT AND LAW

### 1.  Mojo's Statement of Contested Issues of Fact and Law

1.    Whether Samsung has infringed claim 1 of the 208 patent.

2.    Whether Samsung has infringed claim 1 of the 440 patent.

3.    Whether Samsung has infringed claims 1, 2, 23, and 30 of the 500 patent.

4.    Whether Samsung has infringed claims 1, 2, 28, and 30 of the 371 patent.

5.    Whether Samsung has infringed claims 1, 5, 12, and 21 of the 942 patent.

6.    Whether Samsung has infringed claims 1 and 15 of the 777 patent.

7.    Whether Samsung has willfully infringed any claim of the Asserted Patents.

8.    Whether any of the asserted claims of the Asserted Patents are invalid.

9.    Whether Mojo is entitled to the damages it seeks, including for past infringement, prejudgment interest, post-judgment interest, supplemental damages, and costs.

10.    Whether Mojo is entitled to a post-trial award of ongoing royalties.

11.    Whether Mojo is entitled to enhanced damages under 35 U.S.C. § 284 and, if so, the amount of enhancement.

12.    Whether Mojo is entitled to equitable relief.

13.    Whether this case is exceptional under 35 U.S.C. § 285 and, if so, whether Mojo is entitled to attorneys' fees or costs.

### 2.    Samsung's Statement of Contested Issues of Fact and Law

1.    Whether Mojo has proven by a preponderance of the evidence that Samsung has directly infringed the asserted claims of the '208 Patent by making, using, selling, offering to sell and/or importing into the United States the '208 Accused Products.

2.    Whether Mojo's infringement allegations for all of the asserted claims of the '208 Patent are limited by prosecution history disclaimer.

3.    Whether Mojo's infringement allegations for all of the asserted claims of the '208 Patent are limited by prosecution history estoppel.

4.    Whether Mojo's infringement allegations for all of the asserted claims of the '208 Patent are limited by ensnarement.

5.    Whether Samsung has proven by clear and convincing evidence that the asserted claims of the '208 Patent is invalid as obvious under 35 U.S.C. § 103.

6.    Whether Samsung has proven by clear and convincing evidence that the asserted claims of the '208 patent are invalid based on lack of written description under 35 U.S.C. § 112.

7.  Whether Samsung has proven by clear and convincing evidence that the asserted claims of the '208 patent are invalid based on lack of enablement under 35 U.S.C. § 112.

8.  Whether Mojo's claim of patent infringement related to the asserted claims of the '208 Patent is barred, in whole or in part, by prosecution laches.

9.  Whether Mojo's claim of patent infringement related to the asserted claims of the '208 Patent is barred, in whole or in part, by equitable estoppel because of the misleading conduct Mojo engaged in that led Samsung to reasonably infer that Mojo did not intend to assert its patents against Samsung.

10. Whether Mojo's claim of patent infringement related to the asserted claims of the '208 Patent is barred, in whole or in part, by waiver and acquiescence because of the misleading conduct Mojo engaged in that led Samsung to reasonably infer that Mojo did not intend to assert its patents against Samsung.

11. Whether Mojo's claims of patent infringement against Samsung are barred, in whole or in part, by lack of standing to pursue infringement claims related to the '208 Patent because of the assignment of rights to the '208 Patent to third party employers of Mr. Sears.

12. Whether Mojo is precluded from asserting the asserted claims of the '208 Patent against the '208 Accused Products because of an implied license to the '208 Patent.

13. Whether Mojo has proven by a preponderance of the evidence that any infringement by Samsung of the '208 Patent was willful.

14. Whether Mojo substantially complied with the marking requirement under U.S.C. § 287 with respect to the '208 Patent.

15. Whether Mojo is limited in its right to seek damages related to the '208 Patent because it failed to mark products covered by the '208 Patent.

16. Whether Mojo is limited in its right to seek damages related to the '208 Patent because it failed to provide actual notice before the filing of complaint.

17. Whether Mojo is entitled to a reasonable royalty under 35 U.S.C. § 284 for Samsung's alleged infringement of the asserted claims of the '208 Patent, and if proven, the total amount of such royalty.

18. Whether Mojo has proven that it is entitled to enhanced damages under 35 U.S.C. § 284 in the event that Samsung is found to have willfully infringed the asserted claims of the '208 Patent, and, if so, in what amount.

19. Whether Mojo has proven by a preponderance of the evidence that Samsung has directly infringed the asserted claims of the '440 Patent by making, using, selling, offering to sell and/or importing into the United States the '440 Accused Products.

20. Whether Mojo's infringement allegations for all of the asserted claims of the '440 Patent are limited by prosecution history disclaimer.

21. Whether Mojo's infringement allegations for all of the asserted claims of the '440 Patent are limited by prosecution history estoppel.

22. Whether Mojo's infringement allegations for all of the asserted claims of the '440 Patent are limited by ensnarement.

23. Whether Samsung has proven by clear and convincing evidence that the asserted claims of the '440 Patent is invalid as obvious under 35 U.S.C. § 103.

24. Whether Samsung has proven by clear and convincing evidence that the asserted claims of the '440 patent are invalid based on lack of written description under 35 U.S.C. § 112.

25. Whether Samsung has proven by clear and convincing evidence that the asserted claims of the '440 patent are invalid based on lack of enablement under 35 U.S.C. § 112.

26. Whether Mojo's claim of patent infringement related to the asserted claims of the '440 Patent is barred, in whole or in part, by prosecution laches.

27. Whether Mojo's claim of patent infringement related to the asserted claims of the '440 Patent is barred, in whole or in part, by equitable estoppel because of the misleading conduct Mojo engaged in that led Samsung to reasonably infer that Mojo did not intend to assert its patents against Samsung.

28. Whether Mojo's claim of patent infringement related to the asserted claims of the '440 Patent is barred, in whole or in part, by waiver and acquiescence because of the misleading conduct Mojo engaged in that led Samsung to reasonably infer that Mojo did not intend to assert its patents against Samsung.

29. Whether Mojo's claims of patent infringement against Samsung are barred, in whole or in part, by lack of standing to pursue infringement claims related to the '440 Patent because of the assignment of rights to the '440 Patent to third party employers of Mr. Sears.

30. Whether Mojo is precluded from asserting the asserted claims of the '440 Patent against the '440 Accused Products because of an implied license to the '440 Patent.

31. Whether Mojo has proven by a preponderance of the evidence that any infringement by Samsung of the '440 Patent was willful.

32. Whether Mojo substantially complied with the marking requirement under U.S.C. § 287 with respect to the '440 Patent.

33. Whether Mojo is limited in its right to seek damages related to the '440 Patent because it failed to mark products covered by the '440 Patent.

34. Whether Mojo is limited in its right to seek damages related to the '440 Patent because it failed to provide actual notice before the filing of complaint.

35. Whether Mojo is entitled to a reasonable royalty under 35 U.S.C. § 284 for Samsung's alleged infringement of the asserted claims of the '440 Patent, and if proven, the total amount of such royalty.

36. Whether Mojo has proven that it is entitled to enhanced damages under 35 U.S.C. § 284 in the event that Samsung is found to have willfully infringed the asserted claims of the '440 Patent, and, if so, in what amount.

37. Whether Mojo has proven by a preponderance of the evidence that Samsung has directly infringed the asserted claims of the '500 Patent by making, using, selling, offering to sell and/or importing into the United States the '500 Accused Products.

38. Whether Mojo's infringement allegations for all of the asserted claims of the '500 Patent are limited by prosecution history disclaimer.

39. Whether Mojo's infringement allegations for all of the asserted claims of the '500 Patent are limited by prosecution history estoppel.

40. Whether Mojo's infringement allegations for all of the asserted claims of the '500 Patent are limited by ensnarement.

41. Whether Samsung has proven by clear and convincing evidence that the asserted claims of the '500 Patent is invalid as obvious under 35 U.S.C. § 103.

42. Whether Samsung has proven by clear and convincing evidence that the asserted claims of the '500 patent are invalid based on lack of written description under 35 U.S.C. § 112.

43. Whether Samsung has proven by clear and convincing evidence that the asserted claims of the '500 patent are invalid based on lack of enablement under 35 U.S.C. § 112.

44. Whether Mojo's claim of patent infringement related to the asserted claims of the '500 Patent is barred, in whole or in part, by prosecution laches.

45. Whether Mojo's claim of patent infringement related to the asserted claims of the '500 Patent is barred, in whole or in part, by equitable estoppel because of the misleading conduct Mojo engaged in that led Samsung to reasonably infer that Mojo did not intend to assert its patents against Samsung.

46. Whether Mojo's claim of patent infringement related to the asserted claims of the '500 Patent is barred, in whole or in part, by waiver and acquiescence because of the misleading conduct Mojo engaged in that led Samsung to reasonably infer that Mojo did not intend to assert its patents against Samsung.

47. Whether Mojo's claims of patent infringement against Samsung are barred, in whole or in part, by lack of standing to pursue infringement claims related to the '500 Patent because of the assignment of rights to the '500 Patent to third party employers of Mr. Sears.

48. Whether Mojo is precluded from asserting the asserted claims of the '500 Patent against the '500 Accused Products because of an implied license to the '500 Patent.

49. Whether Mojo has proven by a preponderance of the evidence that any infringement by Samsung of the '500 Patent was willful.

50. Whether Mojo substantially complied with the marking requirement under U.S.C. § 287 with respect to the '500 Patent.

51. Whether Mojo is limited in its right to seek damages related to the '500 Patent because it failed to mark products covered by the '500 Patent.

52. Whether Mojo is limited in its right to seek damages related to the '500 Patent because it failed to provide actual notice before the filing of complaint.

53. Whether Mojo is entitled to a reasonable royalty under 35 U.S.C. § 284 for Samsung's alleged infringement of the asserted claims of the '500 Patent, and if proven, the total amount of such royalty.

54. Whether Mojo has proven that it is entitled to enhanced damages under 35 U.S.C. § 284 in the event that Samsung is found to have willfully infringed the asserted claims of the '500 Patent, and, if so, in what amount.

55. Whether Mojo has proven by a preponderance of the evidence that Samsung has directly infringed the asserted claims of the '371 Patent by making, using, selling, offering to sell and/or importing into the United States the '371 Accused Products.

56. Whether Mojo's infringement allegations for all of the asserted claims of the '371 Patent are limited by prosecution history disclaimer.

57. Whether Mojo's infringement allegations for all of the asserted claims of the '371 Patent are limited by prosecution history estoppel.

58. Whether Mojo's infringement allegations for all of the asserted claims of the '371 Patent are limited by ensnarement.

59. Whether Samsung has proven by clear and convincing evidence that the asserted claims of the '371 Patent is invalid as obvious under 35 U.S.C. § 103.

60. Whether Samsung has proven by clear and convincing evidence that the asserted claims of the '371 patent are invalid based on lack of written description under 35 U.S.C. § 112.

61. Whether Samsung has proven by clear and convincing evidence that the asserted claims of the '371 patent are invalid based on lack of enablement under 35 U.S.C. § 112.

62. Whether Mojo's claim of patent infringement related to the asserted claims of the '371 Patent is barred, in whole or in part, by prosecution laches.

63. Whether Mojo's claim of patent infringement related to the asserted claims of the '371 Patent is barred, in whole or in part, by equitable estoppel because of the misleading conduct Mojo engaged in that led Samsung to reasonably infer that Mojo did not intend to assert its patents against Samsung.

64. Whether Mojo's claim of patent infringement related to the asserted claims of the '371 Patent is barred, in whole or in part, by waiver and acquiescence because of the misleading conduct Mojo engaged in that led Samsung to reasonably infer that Mojo did not intend to assert its patents against Samsung.

65. Whether Mojo's claims of patent infringement against Samsung are barred, in whole or in part, by lack of standing to pursue infringement claims related to the '371 Patent because of the assignment of rights to the '371 Patent to third party employers of Mr. Sears.

66. Whether Mojo is precluded from asserting the asserted claims of the '371 Patent against the '371 Accused Products because of an implied license to the '371 Patent.

67. Whether Mojo has proven by a preponderance of the evidence that any infringement by Samsung of the '371 Patent was willful.

68. Whether Mojo substantially complied with the marking requirement under U.S.C. § 287 with respect to the '371 Patent.

69. Whether Mojo is limited in its right to seek damages related to the '371 Patent because it failed to mark products covered by the '371 Patent.

70. Whether Mojo is limited in its right to seek damages related to the '371 Patent because it failed to provide actual notice before the filing of complaint.

71. Whether Mojo is entitled to a reasonable royalty under 35 U.S.C. § 284 for Samsung's alleged infringement of the asserted claims of the '371 Patent, and if proven, the total amount of such royalty.

72. Whether Mojo has proven that it is entitled to enhanced damages under 35 U.S.C. § 284 in the event that Samsung is found to have willfully infringed the asserted claims of the '371 Patent, and, if so, in what amount.

73. Whether Mojo has proven by a preponderance of the evidence that Samsung has directly infringed the asserted claims of the '942 Patent by making, using, selling, offering to sell and/or importing into the United States the '942 Accused Products.

74. Whether Mojo's infringement allegations for all of the asserted claims of the '942 Patent are limited by prosecution history disclaimer.

75. Whether Mojo's infringement allegations for all of the asserted claims of the '942 Patent are limited by prosecution history estoppel.

76. Whether Mojo's infringement allegations for all of the asserted claims of the '942 Patent are limited by ensnarement.

77. Whether Samsung has proven by clear and convincing evidence that the asserted claims of the '942 Patent is invalid as obvious under 35 U.S.C. § 103.

78. Whether Samsung has proven by clear and convincing evidence that the asserted claims of the '942 patent are invalid based on lack of written description under 35 U.S.C. § 112.

79. Whether Samsung has proven by clear and convincing evidence that the asserted claims of the '942 patent are invalid based on lack of enablement under 35 U.S.C. § 112.

80. Whether Mojo's claim of patent infringement related to the asserted claims of the '942 Patent is barred, in whole or in part, by prosecution laches.

81. Whether Mojo's claim of patent infringement related to the asserted claims of the '942 Patent is barred, in whole or in part, by equitable estoppel because of the misleading conduct Mojo engaged in that led Samsung to reasonably infer that Mojo did not intend to assert its patents against Samsung.

82. Whether Mojo's claim of patent infringement related to the asserted claims of the '942 Patent is barred, in whole or in part, by waiver and acquiescence because of the misleading conduct Mojo engaged in that led Samsung to reasonably infer that Mojo did not intend to assert its patents against Samsung.

83. Whether Mojo's claims of patent infringement against Samsung are barred, in whole or in part, by lack of standing to pursue infringement claims related to the '942 Patent because of the assignment of rights to the '942 Patent to third party employers of Mr. Sears.

84. Whether Mojo is precluded from asserting the asserted claims of the '942 Patent against the '942 Accused Products because of an implied license to the '942 Patent.

85. Whether Mojo has proven by a preponderance of the evidence that any infringement by Samsung of the '942 Patent was willful.

86. Whether Mojo substantially complied with the marking requirement under U.S.C. § 287 with respect to the '942 Patent.

87. Whether Mojo is limited in its right to seek damages related to the '942 Patent because it failed to mark products covered by the '942 Patent.

88. Whether Mojo is limited in its right to seek damages related to the '942 Patent because it failed to provide actual notice before the filing of complaint.

89. Whether Mojo is entitled to a reasonable royalty under 35 U.S.C. § 284 for Samsung's alleged infringement of the asserted claims of the '942 Patent, and if proven, the total amount of such royalty.

90. Whether Mojo has proven that it is entitled to enhanced damages under 35 U.S.C. § 284 in the event that Samsung is found to have willfully infringed the asserted claims of the '942 Patent, and, if so, in what amount.

91. Whether Mojo has proven by a preponderance of the evidence that Samsung has directly infringed the asserted claims of the '777 Patent by making, using, selling, offering to sell and/or importing into the United States the '777 Accused Products.

92. Whether Mojo's infringement allegations for all of the asserted claims of the '777 Patent are limited by prosecution history disclaimer.

93. Whether Mojo's infringement allegations for all of the asserted claims of the '777 Patent are limited by prosecution history estoppel.

94. Whether Mojo's infringement allegations for all of the asserted claims of the '777 Patent are limited by ensnarement.

95. Whether Samsung has proven by clear and convincing evidence that the asserted claims of the '777 Patent is invalid as obvious under 35 U.S.C. § 103.

96. Whether Samsung has proven by clear and convincing evidence that the asserted claims of the '777 patent are invalid based on lack of written description under 35 U.S.C. § 112.

97. Whether Samsung has proven by clear and convincing evidence that the asserted claims of the '777 patent are invalid based on lack of enablement under 35 U.S.C. § 112.

98. Whether Mojo's claim of patent infringement related to the asserted claims of the '777 Patent is barred, in whole or in part, by prosecution laches.

99. Whether Mojo's claim of patent infringement related to the asserted claims of the '777 Patent is barred, in whole or in part, by equitable estoppel because of the misleading conduct Mojo engaged in that led Samsung to reasonably infer that Mojo did not intend to assert its patents against Samsung.

100.    Whether Mojo's claim of patent infringement related to the asserted claims of the '777 Patent is barred, in whole or in part, by waiver and acquiescence because of the misleading conduct Mojo engaged in that led Samsung to reasonably infer that Mojo did not intend to assert its patents against Samsung.

101.    Whether Mojo's claims of patent infringement against Samsung are barred, in whole or in part, by lack of standing to pursue infringement claims related to the '777 Patent because of the assignment of rights to the '777 Patent to third party employers of Mr. Sears.

102.    Whether Mojo is precluded from asserting the asserted claims of the '777 Patent against the '777 Accused Products because of an implied license to the '777 Patent.

103.    Whether Mojo has proven by a preponderance of the evidence that any infringement by Samsung of the '777 Patent was willful.

104.    Whether Mojo substantially complied with the marking requirement under U.S.C. § 287 with respect to the '777 Patent.

105.    Whether Mojo is limited in its right to seek damages related to the '777 Patent because it failed to mark products covered by the '777 Patent.

106.    Whether Mojo is limited in its right to seek damages related to the '777 Patent because it failed to provide actual notice before the filing of complaint.

107.     Whether Mojo is entitled to a reasonable royalty under 35 U.S.C. § 284 for Samsung's alleged infringement of the asserted claims of the '777 Patent, and if proven, the total amount of such royalty.

108.     Whether Mojo has proven that it is entitled to enhanced damages under 35 U.S.C. § 284 in the event that Samsung is found to have willfully infringed the asserted claims of the '777 Patent, and, if so, in what amount.

109.     If infringement of any of the Asserted Patents is found, whether Mojo is entitled to pre- or post-judgment interest, and if so, the total amount of such interest.

110.     Whether Mojo has proven that it is entitled to costs.

111.     Whether Mojo has proven that it is entitled to a post-trial award of ongoing royalties.

112.     Whether Mojo has proven that it is entitled to an accounting for damages.

113.     Whether Mojo has proven that it is entitled to supplemental damages post-verdict.

114.     Whether Mojo has proven that it is entitled to a compulsory ongoing licensing fee.

115.     Whether Mojo has proven that it is entitled to equitable relief.

116.     Whether Mojo is entitled to its attorneys' fees, costs, and interest pursuant to 35 U.S.C. § 285.

117.     Whether Samsung is entitled to its attorneys' fees, costs, and interest pursuant to 35 U.S.C. § 285.

## G.  LIST OF WITNESSES

1.  For Mojo

Mojo's witness list is attached hereto as **Exhibit A**. Samsung's objections to Mojo's witness list is attached hereto as **Exhibit B**. Mojo's deposition designations, Samsung's objections

and counter-designations, Mojo's objections to Samsung's counter-designations and Mojo's counter-counter designations are attached hereto as **Exhibit C**.

2.  For Samsung

Samsung's witness list is attached hereto as **Exhibit D**.  Mojo's objections to Samsung's witness list is attached as **Exhibit E**.  Samsung's deposition designations, Mojo's objections and counter-designations, Samsung's objections to Mojo's counter-designations are attached as **Exhibit F**.

## H.  LIST OF EXHIBITS

The parties continue to meet and confer regarding the preparation of a joint exhibit list. Mojo's exhibit list, along with Samsung's objections, is attached as **Exhibit G**.  Samsung's exhibit list, along with Mojo's objections is attached as **Exhibit H**.  The parties continue to meet and confer to resolve objections to exhibits.

## I.  JURY INSTRUCTIONS AND VERDICT FORM

Attached as **Exhibit I** are the proposed jury instructions.

## J.  VERDICT FORM

Attached as **Exhibit J** is the proposed verdict form.

## K.  LIST OF ANY PENDING MOTIONS

|   | Date | Dkt | Party | Motion Title |
|---|------|-----|-------|--------------|
| 1 | 4/24/2024 | 85 | Samsung | Motion to Strike Late Disclosure of Mojo Mobility's Purportedly Practicing the Asserted Patents |
| 2 | 4/29/2024 | 87 | Mojo | Motion to Strike and Exclude the Expert Report and Testimony of David Baarman as Untimely and Unreliable |
| 3 | 4/29/2024 | 88 | Mojo | Motion to Strike Portions of Julia R. Rowe's Rebuttal Expert Report on Damages |

|  | Date | Dkt | Party | Motion Title |
|---|---|---|---|---|
| 4 | 4/29/2024 | 89 | Mojo | Motion to Strike Portions of Lynne J. Weber's Rebuttal Expert Report on Survey Evidence |
| 5 | 4/29/2024 | 90 | Mojo | Motion to Strike Portions of Dr. Regan Zane, Ph.D.'s Opening and Rebuttal Report |
| 6 | 4/29/2024 | 91 | Mojo | Motion for Partial Summary Judgment on Prosecution Laches (**Judge Payne has issued a Report & Recommendation)** |
| 7 | 4/29/2024 | 92 | Mojo | Motion for Partial Summary Judgement that Samsung's Obviousness Defense Fails as to the 371, 942 and 777 Patents |
| 8 | 4/29/2024 | 93 | Samsung | Motion for Summary Judgment of No Willful Infringement or Enhanced Damages (**Judge Payne has issued a Report & Recommendation)** |
| 9 | 4/29/2024 | 94 | Samsung | Motion to Exclude Portions of the Expert Reports of Dr. David Ricketts |
| 10 | 4/29/2024 | 95 | Samsung | Motion to Exclude the Expert Opinions of Dr. Rebbecca Reed-Arthurs |
| 11 | 4/29/2024 | 96 | Samsung | Motion to Exclude the Expert Report of Jim Bergman |
| 12 | 5/13/2024 | 119 | Mojo | Motion for Leave to Amend Infringement Contentions Under P.R. 3-6(b) |
| 13 | 5/15/2024 | 120 | Samsung | Motion for Leave to Conduct a Deposition of Lee Pucker and Produce Discovery from a Related DVD in His Possession after the Close of Fact Discovery |
| 14 | 5/30/2024 | 175 | Samsung | Objections to the Claim Construction Report and Recommendations |
| 15 | 6/13/2024 | 199 | Samsung | Motion for Clarification Regarding the Court's August 9, 2023 Standing Order on the Number and Use of Pre-Admitted Exhibits in Civil Cases Assigned to the Chief Judge Rodney Gilstrap |
| 16 | 6/14/2024 | 201 | Mojo | Mojo Mobility, Inc.'s Motions *In Limine* |
| 17 | 6/14/2024 | 202 | Samsung | Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.'s Motions *In Limine* |
| 18 | 6/20/2024 | 209 | Samsung | Objections to Report and Recommendations regarding Dkt. 190 |

## L.  PROBABLE LENGTH OF TRIAL

The Parties estimate the probable length of the jury trial is 30 hours (exclusive of voir dire, opening, and closing), with 15 hours for each side. The Parties propose 30 minutes each for voir dire, 30 minutes each for opening statements, and 40 minutes each for closing statements, with Mojo being allowed to reserve no more than 10 minutes for rebuttal closing.

Samsung: The jury trial will be followed by a trial of the equitable issues (including prosecution laches, equitable estoppel, waiver and acquiescence, lack of standing, and license/implied license) to the Court.

## M. ADDITIONAL MATTERS FOR CONSIDERATION AT THE PRETRIAL CONFERENCE

The Parties request that the pending motions listed above be heard at or before the Pretrial Conference, as they would directly impact the trial.

## N.  CERTIFICATIONS

The undersigned counsel for each side of the parties in this action do hereby certify and acknowledge the following:

1. Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure and the Court's orders;

2. Discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders have been complied with;

3. Each exhibit in the List of Exhibits herein:

   a)  is in existence;

   b)  is numbered; and

   c)  has been disclosed and shown to opposing counsel.

Approved as to form and substance:

Attorneys for Plaintiff: */s/ Steven J. Pollinger*

Attorneys for Defendant: */s/ Allan M. Soobert*

Dated: June 24, 2024

Respectfully submitted,

/s/ Steven J. Pollinger
Steven J. Pollinger
Texas State Bar No. 24011919
spollinger@McKoolSmith.com
Charles E. Fowler, Jr.
Texas State Bar No. 24083014
cfowler@McKoolSmith.com
George T. Fishback, Jr.
Texas State Bar No. 24120823
gfishback@McKoolSmith.com
Kenneth M. Scott
Texas State Bar No. 24137497
kscott@mckoolsmith.com
MCKOOL SMITH, P.C.
303 Colorado Street, Suite 2100
Austin, Texas 78701
Phone: (512) 692-8700
Fax: (512) 692-8744

Samuel F. Baxter
Texas State Bar No. 1938000
sbaxter@McKoolSmith.com
Jennifer Truelove
Texas State Bar No. 24012906
jtruelove@McKoolSmith.com
Kevin Burgess
Texas State Bar No. 24006927
kburgess@mckoolsmith.com
MCKOOL SMITH, P.C.
104 E. Houston Street, Suite 300
Marshall, Texas 75670
Phone: (903) 923-9000
Fax: (903) 923-9099

Christopher P. McNett (*PHV*)
cmcnett@McKoolSmith.com
MCKOOL SMITH, P.C.
1999 K Street NW, Suite 600
Washington, D.C. 20006
Phone: (202) 370-8300
Fax: (202) 370-8344

Ryan McBeth
Texas State Bar No. 24078955
rmcbeth@mckoolsmith.com
Archis "Neil" Ozarkar
Texas State Bar. 24079096
nozarkar@mckoolsmith.com
MCKOOL SMITH, P.C.
600 Travis St., Suite 7000
Houston, Texas 77002
Phone: (713) 485-7300
Fax: (713) 485-7344

**ATTORNEYS FOR PLAINTIFF, MOJO MOBILITY, INC.**

44

Respectfully submitted,

By: */s/ Allan M. Soobert*

Allan M. Soobert
allansoobert@paulhastings.com
James V. Razick (*pro hac vice*)
jamesrazick@paulhastings.com
David Valente (*pro hac vice*)
davidvalente@paulhastings.com
Jason Mikus (*pro hac vice*)
jasonmikus@paulhastings.com
Kevin Stewart (*pro hac vice*)
kevinstewart@paulhastings.com
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C. 20036
Telephone: 202-551-1700
Facsimile: 202-551-1705

Elizabeth L. Brann
elizabethbrann@paulhastings.com
Soyoung Jung (*pro hac vice*)
soyoungjung@paulhastings.com
Sasha Vujcic (*pro hac vice*)
sashavujcic@paulhastings.com
PAUL HASTINGS LLP
4655 Executive Drive, Suite 350
San Diego, CA  92121
Telephone:  (858) 458-3000
Facsimile:  (858) 458-3005

Robert W. Unikel
robertunikel@paulhastings.com
John A. Cotiguala
johncotiguala@paulhastings.com
PAUL HASTINGS LLP
71 South Wacker Drive, Forty-Fifth Floor
Chicago, IL 60606
Telephone: (312) 499-6000
Facsimile: (312) 499-6100

Matthias A. Kamber
matthiaskamber@paulhastings.com
PAUL HASTINGS LLP
101 California Street, Forty-Eighth Floor
San Francisco, CA 94111
Telephone: (415) 856-7000

Facsimile: (415) 856-7100

Melissa R. Smith (TX Bar No. 24001351)
melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 S. Washington Ave.
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Andrew Thompson ("Tom") Gorham
(TX Bar No. 24012715)
tom@gillamsmithlaw.com
James Travis Underwood
travis@gillamsmithlaw.com
GILLAM & SMITH, L.L.P.
102 N. College, Suite 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

**ATTORNEYS FOR DEFENDANTS SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been

served on all counsel of record via the Court's ECF system on June 24, 2024.

*/s/ Steven J. Pollinger*
Steven J. Pollinger
