IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| MOJO MOBILITY, INC., § § *Plaintiff*, § § v. § § SAMSUNG ELECTRONICS CO., LTD. § and SAMSUNG ELECTRONICS § AMERICA, INC., § § *Defendants*. § | CASE NO. 2:22-CV-00398-JRG-RSP |

## REPORT & RECOMMENDATION

Before the Court is the Motion for Partial Summary Judgment that Samsung's Obviousness Defense Fails as to the '371, '942, and '777 Patents filed by Plaintiff Mojo Mobility, Inc. **Dkt. No. 92.** Also before the Court is a related Motion for Leave to Conduct a Deposition of Lee Pucker and Produce Discovery from a Related DVD in his Possession After the Close of Fact Discovery ("Motion to Depose") filed by Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. **Dkt. No. 120.**

### I.  BACKGROUND

Two prior art assertions by Samsung are at issue in the Motion for Partial Summary Judgment: the "Lim Reference" and the Qi 1.0.1 Wireless Power Transfer Specification (hereinafter the "Qi Reference"). Dkt. No. 92. The Lim Reference is composed of a paper authored by Lim entitled "Printed Circuit Board Windings-Based Ultra Low-Profile Power Conditioning Circuits for SDR Application Systems" and related presentation slides. Dkt. No. 92 at 5–6. The Lim Reference is asserted as part of the invalidity grounds for the '371 and '942 Patents. Dkt. No.

92 at 3–4. The Qi Reference, a standard produced by the Wireless Power Consortium, is asserted as invalidity grounds for the '777 Patent.

The Motion to Depose is related to a supporting declaration of the Lim Reference by Mr. Pucker. Dkt. No. 120 at 3; *see generally* Dkt. No. 120.

## II.  SAMSUNG'S MOTION TO DEPOSE (DKT. NO. 120)

Samsung filed the Motion to Depose on May 15, 2024, seeking to depose Mr. Pucker, who had previously provided a declaration for Samsung in support of public availability of the Lim Reference. Dkt. No. 120. Mojo opposed the Motion to Depose through a response brief. Dkt. No. 169. For the following reasons, the Motion to Depose is **DENIED**.

### A.  Legal Standard

Four factors guide the Court's exercise of discretion in evaluating the related question whether to exclude evidence under Rule 37. *CQ, Inc. v. TXU Min. Co., L.P.*, 565 F.3d 268, 280 (5th Cir. 2009); *Uniloc USA, Inc. v. Samsung Elecs. Am., Inc.*, No. 2:17-CV-00651-JRG, 2019 U.S. Dist. LEXIS 65662, 2019 WL 2267212, at *3 (E.D. Tex. May 28, 2019). These factors are: "(1) [the untimely party's] explanation for its failure to disclose the evidence, (2) the importance of the evidence, (3) the potential prejudice to [the objecting party] in allowing the evidence, and (4) the availability of a continuance." *CQ*, 565 F.3d at 280. Failure to provide any justification for its untimely disclosure weighs heavily in favor of striking the evidence and may even be sufficient standing alone to support exclusion. *Sobrino-Barrera v. Anderson Shipping Co.*, 495 F. App'x 430, 433 (5th Cir. 2012).

### B.  Analysis

1. <u>Importance</u>

Samsung asserts that the "requested discovery is critically important because Mojo contends that, without it, Lim cannot qualify as prior art . . ." and seeks the supplemental discovery to address evidentiary insufficiencies raised, in part, by Mojo's Motion for Partial Summary Judgment. Dkt. No. 120 at 5. Particularly, Samsung contends that supplemental discovery will address the issue of public availability of the Lim reference by providing Mojo the opportunity to cross-examine Mr. Pucker and could supplement the evidence of public availability through discovery of the 2005 DVD in Pucker's possession that Samsung asserts contains a distribution of the Lim reference. *Id.* Mojo responds that Pucker's deposition is not important due to untimeliness in the request for deposition. Dkt. No. 169 at 8.

While the Court agrees that the 2005 DVD is facially important to the underlying dispute regarding the public availability of the Lim Reference, this does not establish the importance of the deposition of Mr. Pucker. Further, it is unclear what unique testimony Mr. Pucker would now provide, that was not available at the time of his initial declaration or duplicative of other evidence regarding public availability discussed below. Samsung must stand on the opposition provided to the subsequent motions and cannot now justify deposing Mr. Pucker due to discovery strategy shortcomings. *See Estech Systems, Inc. v. Target Corp.*, 2021 WL 5154220, at *4, 5 (E.D. Tex. 2021).

    2.  Diligence

Samsung asserts it was diligent in seeking the relief requested, contending that the final election of prior art in early March was the soonest that a need for Mr. Pucker's declaration was foreseen. Dkt. No. 120 at 6. Further, Samsung asserts that the deposition is necessary to defend the declaration which has been challenged through several motions. Dkt. No. 120 at 7. Mojo responds that Samsung was not diligent in seeking the requested relief, contending that Samsung

"cannot point to Mojo's challenge of the public availability of the Lim reference as any rationale for its failure to identify and depose Pucker earlier." Dkt. No. 169 at 6. Further, Mojo contends that if Samsung were diligent, it would have discovered the need to depose Mr. Pucker prior to the close of fact discovery. *Id.* at 7.

The Court finds that Samsung was not diligent in seeking a deposition of Mr. Pucker in support of the prior art reference. While the final election of prior art references occurred on March 1, 2024, the initial election of prior art references, as stipulated by the Parties, was November 20, 2023. Dkt. No. 46; Dkt. No. 48. As early as November 20, Samsung should have been aware of discovery needs to support its invalidity theories. Instead, Samsung chose not to support the public availability of the Lim Reference until the filing of the Pucker Declaration as an attachment to an invalidity expert report. That Mojo has subsequently identified evidentiary shortcomings of these strategic decisions does not persuade the Court to allow a deposition of a witness that should have been obtained prior to the close of fact discovery.

3. Prejudice

Samsung asserts that since the discovery is narrow and targeted that Mojo will not suffer prejudice. Dkt. No. 120 at 7–8. Mojo asserts that the closeness of this evidentiary motion to the set trial date of August 5, 2024 would result in unfair prejudice. Dkt. No. 169 at 9. Further, Mojo asserts that allowing the deposition is prejudicial now that Samsung has the benefit of knowing the grounds upon which Mojo is challenging the public availability of the Lim Reference. Dkt. No. 169 at 8, 9. Samsung contends that a continuance is unnecessary, and Mojo responds that any continuance would also be unfairly prejudicial. Dkt. No. 120 at 8; Dkt. No. 169 at 9.

The Court finds that allowing the deposition of Mr. Pucker at this late stage of the case and with the benefit of dispositive motion briefing would greatly prejudice Mojo.

4

Accordingly, having found that allowing the deposition of Mr. Pucker would greatly prejudice Mojo and that Samsung was not diligent in seeking the deposition, Samsung's Motion is **DENIED**.[1]

### III. MOJO'S MOTION FOR PARTIAL SUMMARY JUDGMENT THAT SAMSUNG'S OBVIOUSNESS DEFENSE FAILS AS TO THE '371, '942, AND '777 PATENTS (DKT. NO. 92)

Mojo's Motion for Partial Summary Judgment centers on the question of public availability for the Lim Reference and the Qi Reference. Dkt. No. 92; Dkt. No. 142 (reply in support). Samsung opposed the Motion for Partial Summary Judgment through a response brief and sur-reply brief. Dkt. No. 111; Dkt. No. 164. For the following reasons, the Court recommends that the Motion be **DENIED**.

#### A. Legal Standard

Summary judgment is proper when there is no genuine dispute of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine [dispute] of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Id.* at 248. A dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

"When considering whether a given reference qualifies as a prior art 'printed publication,' the key inquiry is whether the reference was made 'sufficiently accessible to the public interested

---

[1] This Order does not address whether the recently discovered 2005 DVD purportedly in Mr. Pucker's possession is admissible.

in the art' before the critical date." *Voter Verified, Inc. v. Premier Election Sols., Inc.*, 698 F.3d 1374, 1380 (Fed. Cir. 2012) (quoting *In re Cronyn*, 890 F.2d 1158, 1160 (Fed. Cir. 1989)); *see also SRI Int'l*, 511 F.3d at 1195–96 (analyzing differing Federal Circuit cases regarding public accessibility). A reference will be considered publicly accessible if it was "disseminated or otherwise made available to the extent that persons interested and ordinarily skilled in the subject matter or art exercising reasonable diligence, can locate it." *Kyocera Wireless Corp. v. Int'l Trade Comm'n*, 545 F.3d 1340, 1350 (Fed. Cir. 2008). "[A] printed publication need not be easily searchable after publication if it was sufficiently disseminated at the time of its publication." *Suffolk Techs., LLC v. AOL Inc.*, 752 F.3d 1358, 1365 (Fed. Cir. 2014). "If accessibility is proved, there is no requirement to show that particular members of the public actually received the information." *Jazz Pharm.*, 895 F.3d at 1356 (quoting *Constant v. Advanced Micro-Devices, Inc.*, 848 F.2d 1560, 1569 (Fed. Cir. 1988)).

> If the material is not distributed to the public and never indexed, relevant factors include:
>
> (1) "the length of time the display was exhibited," (2) "the expertise of the target audience" (to determine how easily those who viewed the material could retain the information), (3) "the existence (or lack thereof) of reasonable expectations that the material displayed would not be copied," and (4) "the simplicity or ease with which the material displayed could have been copied."

*Medtronic*, 891 F.3d at 1381–82 (quoting *In re Klopfenstein*, 380 F.3d 1345, 1350 (Fed. Cir. 2004)).

### B. Analysis

#### 1. The Lim Reference

Mojo asserts that Samsung has not provided evidence by which the Lim Reference can be authenticated. Dkt. No. 92 at 13. Mojo contends that the Pucker Declaration does not speak to "the documents themselves, but to the SDR Forum generally" and otherwise Samsung cannot prove

that the produced version of the Lim Reference is the same version that was available at the 2005 SDR Forum. Dkt. No. 92 at 13–14. Samsung relies on the uniqueness of the Lim Reference paper title which appears on a "list of submitted papers for the 2005 Forum" and the online link to download the reference. Dkt. No. 111 at 15. Further, Samsung asserts that coupling the common occurrence of the title with the 2005 copyright date appearing on the paper meets the authenticity standard. Dkt. No. 111 at 16 (citing *United States v. Hester*, 2020 WL 4673948, at *3 (E.D. Tex. 2020) (Mazzant, J.)). The Court finds that Samsung has demonstrated sufficient evidence of authenticity such that the Lim Reference should not be excluded for lack of authenticity at this juncture.

Mojo asserts that the Lim Reference consists of two distinct items, the Lim Paper and corresponding Lim Slides purportedly used as a presentation at the 2005 SDR Forum. Dkt. No. 92 at 12–13. Mojo contends that the Lim Paper's copyright date alone cannot support a finding of public availability and that an archival website hosting the Lim Reference for download is insufficient due to the download link being "broken" and lacking sufficient authentication. Dkt. No. 92 at 13, 14. Samsung asserts that the Lim Reference was available for download on the SDR Forum website as of March 2007, that despite a broken download link now the paper was available at the date specified, and that the website can be relied upon for the "truth of the matter that the link to Lim was what it purports to be." Dkt. No. 111 at 13. Further, Samsung asserts that the Lim Reference was publicly distributed at the 2005 SDR Forum "on digital media such as a DVD." Dkt. No. 111 at 14–15. Samsung contends that the Pucker Declaration sufficiently demonstrates that such media was distributed at the 2005 Forum and included the Lim Reference. *Id.* at 15.

The Court finds that a genuine issue of material fact exists for the public availability of the Lim Reference. Mojo relies on arguments attacking the credibility of fact and expert witnesses

which is consistent with disputes that are reserved for determination by the jury. Mojo's arguments are also directed toward methodology and testimonial disputes already before the Court through separate motions to strike for each of the disputed witnesses. Absent these witness disputes, what is left are questions of facts related to the publishing practices of the SDR and the factual circumstances of the 2005 SDR Forum. Accordingly, the Court determines that in viewing the record a reasonable jury could find that the Lim Reference was publicly available either on the archived website or as distributed at the 2005 Forum.

### 2. The Qi Reference

Mojo asserts that the Qi Reference has not been proven to be publicly available based on the "uncorroborated date" appearing on the document. Dkt. No. 92 at 15. Further, Mojo asserts that the October 2010 date appearing on the document only refers to the private distribution to WPC members and that public download availability did not occur until March 2012. *Id.* Samsung asserts that its witness, David Baarman, will testify that the Qi Reference was publicly available as of October 2010 based on his personal knowledge as a co-author of the Qi Standard.[2] Dkt. No. 111 at 16–17. Samsung further contends that the testimony can serve as corroborating evidence of the October 2010 date appearing on the document. *Id.* Samsung also asserts that Mojo's reliance on a staggered private and public launch of versions of the standard is based on inadmissible hearsay and "Mojo's documents show that persons interested in the art could obtain a copy of the Qi standard before 2012." Dkt. No. 111 at 18–19.

The Court finds that the Parties present competing factual determinations regarding the availability of the Qi Standard for download by the public. On one hand, Samsung asserts that

---

[2] Mojo, in reply, asserts that David Baarman's testimony should be excluded, a duplicative argument that appears first in their Motion to Strike David Baarman's Report and Testimony (Dkt. No. 87). As the Court finds a genuine dispute of material fact on other grounds, consideration of whether David Baarman's testimony will be allowed is reserved for resolution of Dkt. No. 87.

Mojo's documents demonstrate that individuals were able to access the reference in 2010, on the other, Mojo asserts that the WPC website demonstrates a practice of holding public distribution until subsequent versions, placing the public availability in 2012. Accordingly, the Court finds that a genuine issue of material fact exists for the public availability of the Qi Reference.

For the reasons discussed above, it is recommended that Mojo's Motion for Partial Summary Judgment that Samsung's Obviousness Defense Fails as to the '371, '942, and '777 Patents (**Dkt. No. 92**) be **DENIED**.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendations [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 30th day of June, 2024.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE