# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| MOJO MOBILITY, INC., | § |
| *Plaintiff*, | § § § |
| v. | § § CASE NO. 2:22-CV-00398-JRG-RSP |
| SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., | § § § § |
| *Defendants*. | § § |

## MEMORANDUM ORDER

Before the Court is Plaintiff Mojo Mobility, Inc.'s Motion for Leave to Amend Infringement Contentions Under P.R. 3-6(b). **Dkt. No. 119**. Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. opposed the Motion through a response and sur-reply. Dkt. No. 167; Dkt. No. 196. For the reasons discussed below, Mojo's Motion is **DENIED**.

## I.     LEGAL STANDARD

"[A] party claiming patent infringement must serve on all parties" infringement contentions. P.R. 3-1. "Amendment or supplementation of any Infringement Contentions or Invalidity Contentions . . . may be made only by order of the Court, which shall be entered only upon a showing of good cause." P.R. 3-6(b). "Good cause," according to the Federal Circuit, "requires a showing of diligence." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006). Courts in this District routinely apply a four-factor test to determine whether good cause has been shown. *See Alt v. Medtronic, Inc.*, No. 2:04-CV-370, 2006 WL 278868, at *2 (E.D. Tex. Feb. 1, 2006) (citation omitted). Those four factors are: (1) the explanation for the failure to meet the deadline; (2) potential prejudice in allowing the thing that would be excluded; (3) the importance of the thing that would be excluded; and (4) the availability

1

of a continuance to cure such prejudice. The burden of proving good cause rests with the party seeking the untimely amendment. *Id.*; *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003)).

## II.  ANALYSIS

Mojo represents that the request to amend its infringement contentions "is for the sole purpose of mooting Samsung's motion to strike Prof. Rickett's DOE opinions regarding the 'ferrite layer' and 'ferrite layer' claim elements." Dkt. No. 119 at 11 (filed on May 13, 2024); *see* Dkt. No. 94 (Motion to Strike). Whether Mojo's amendment should be allowed is determined by the balance of the good cause factors.

### A.  Explanation for Failure to Meet the Deadline

Mojo's infringement contentions were originally served on February 28, 2023 and the instant Motion is the first attempt to amend the contentions. Mojo asserts that either the delay in seeking amendment is excusable due to ambiguities with Samsung's 30(b)(6) testimony occurring through Woo Sup Lee on January 26, 2024, or, alternatively, that the infringement contentions adequately disclosed the DOE theories.[1] Dkt. No. 119 at 12–16.

The Court finds that Mojo has not provided a sufficient explanation for not seeking amendment earlier. First, Mojo's reliance on purported ambiguities with Woo Sup Lee's deposition testimony does not explain why Mojo waited almost five months to seek amendment. Second, Mojo's assertion that the infringement contentions already disclose the sought amendment undermines the importance while also failing to support the delay in seeking amendment. Accordingly, this factor weighs against finding good cause.

---

[1] The Court carries determination of whether DOE is already encompassed by the infringement contentions for consideration with Dkt. No. 94.

**B.**                                                                                                          **Importance**

Mojo asserts that the importance of the amendment is derived from the potential for Dr. Rickett's opinions to be struck by the pending Motion to Strike. Dkt. No. 119 at 16–17. The Court does not find that this supports finding the amendment is important. Additionally, as noted above, Mojo's own arguments undermine a finding of importance by asserting that the sought subject matter is already encompassed in the infringement contentions. Accordingly, the Court finds that this factor weighs against finding good cause.

**C.     Prejudice and Possibility of a Continuance to Cure**

Mojo asserts that Samsung would not be prejudiced due to a lack of non-infringement arguments against the "ferrite" layer claim and since Samsung is in the best position to know if their products meet the claim limitation literally or through DOE. Dkt. No. 119 at 17. Samsung responds that a 14-month delay in asserting DOE would prejudice Samsung through lost opportunities for discovery, filing of related dispositive motions, and the need for further expert reports. Dkt. No. 167 at 19–20. Mojo asserts a continuance is not necessary and Samsung responds that a continuance would not cure the potential prejudice at this late stage of the case. Dkt. No. 119 at 18; Dkt. No. 167 at 19–20.

Mojo's request for amendment at a remarkably late stage of the case would result in serious prejudice to Samsung. The Court is not persuaded that this prejudice is mitigated by Samsung's knowledge of its own products as Mojo suggests, nor does the Court agree that a lack of related non-infringement arguments can support the finding Mojo seeks. Accordingly, the Court finds that the prejudice factor weighs against good cause and that a continuance would not cure the potential prejudice.

### III. CONCLUSION

With all factors weighing against a finding of good cause, Mojo's Motion for Leave to Amend Infringement Contentions Under P.R. 3-6(b) (Dkt. No. 119) is **DENIED**.

**SIGNED this 3rd day of July, 2024.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE