# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| MOJO MOBILITY, INC., § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | |
| § | Case No. 2:22-cv-00398-JRG-RSP |
| SAMSUNG ELECTRONICS CO., LTD. § | |
| and SAMSUNG ELECTRONICS § | |
| AMERICA, INC., § | |
| § | |
| *Defendants*. § | |

## ORDER ON MOTIONS *IN LIMINE*

At the Pretrial Conference held in the above-captioned case on July 1, 2024, the Court considered the motions *in limine* filed by Plaintiff Mojo Mobility, Inc. ("Mojo"), (Dkt. No. 201) and Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. ("Samsung"), (Dkt. No. 202). This Order summarizes and memorializes the Court's rulings and reasons, including additional instructions given to the parties. While this Order memorializes such rulings, it in no way limits or constrains the Court's rulings as announced into the record from the bench. Further, a party must approach the bench before introducing evidence or argument about the subject matter of a motion *in limine* that has been granted. Accordingly, it is hereby **ORDERED** as follows:

### A. Mojo's Motions *in Limine* (Dkt. No. 201)

1. <u>Plaintiff's MIL No. 1</u>: Mentions of any patents or alleged prior art references suggesting invalidity or low value of any of the asserted claims of the Mojo patents, beyond the alleged prior art elected by Samsung per the focusing order.

This motion *in limine* is **GRANTED** to the limited extent that non-elected patents are subject to this ruling, but does not preclude non-patent references. Because Samsung is presenting

1

an invalidity case based on elected patents, it is unduly confusing and prejudicial to show non-elected patents to the jury merely for background, state of the art purposes. The relevant contents of such non-elected patents may be discussed by Samsung's technical witnesses, but showing the patents to the jury, either as exhibits or demonstratives, would require Mojo to either point out the missing limitations or run the risk that the jury would mistakenly conclude that the patents were unrebutted evidence of invalidity. This risk is not as strong regarding non-patent references, so they are not included in this prohibition.

2. Plaintiff's MIL No. 2: Mentions of WPC with respect to licensing rates.

This motion *in limine* is **CARRIED** pending resolution of Dkt. No. 88.

3. Plaintiff's MIL No. 3: Anything covered by Mojo's pending motions to strike.

This motion *in limine* is **DENIED**.

### B.   Samsung's Motions *in Limine* (Dkt. Nos. 202)

1. Defendant's MIL No. 1: No evidence, testimony, argument, or suggestion regarding the hiring of Mr. Zack Deiri by Samsung Semiconductor, Inc.

This motion *in limine* is **GRANTED** because Plaintiff can point to no relevance for mention of Mr. Deiri's brief employment by non-party Samsung Semiconductor, Inc., whereas Samsung has established a risk of unfair prejudice and confusion.

2. Defendant's MIL No. 2: No evidence, testimony, argument, or suggestion that any company besides Samsung uses Mojo's technology.

This motion *in limine* is **GRANTED**. However, if Samsung opens the door by arguing that no other party has interest in Mojo's technology, Mojo can seek leave to offer such evidence.

3. <u>Defendant's MIL No. 3</u>: No evidence, testimony, argument, or suggestion that Mr. David Baarman is violating any non-disclosure agreements (NDAs) or breaching any contracts with Mojo.

This motion *in limine* is **GRANTED** as to any suggestion that Mr. Baarman is violating the NDAs or contracts by acting as a witness, but not as to the mere existence of the NDAs or contracts.

4. <u>Defendant's MIL No. 4</u>: No evidence, testimony, argument, or suggestion of communications or interactions with non-Samsung Electronics America, Inc./Samsung Electronics Co., Ltd. entities (absent a specific showing that such communications or interactions were connected to the facts in dispute.

This motion *in limine* is **DENIED** because whether such communications have reached the current parties is for the jury to decide.

5. <u>Defendant's MIL No. 5</u>: Court MIL No. 9 precludes any assertion or suggestion that Samsung does not generally respect intellectual property.

This motion *in limine* is **GRANTED** as to Samsung's general treatment of intellectual property rights, but does not limit Mojo's ability to contend that Samsung has violated Mojo's rights in this case.

**SIGNED this 7th day of July, 2024.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE