IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MOJO MOBILITY, INC., | § § § | |
| *Plaintiff*, | § § | |
| v. | § § § | CASE NO. 2:22-CV-00398-JRG-RSP |
| SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., | § § § § § | |
| *Defendants*. | § § | |

## MEMORANDUM ORDER

Before the Court is the "Motion to Strike Mojo Mobility's Late Disclosure of Mojo Mobility Purportedly Practicing the Asserted Patents" filed by Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. **Dkt. No. 85.** Samsung requests that a supplemental interrogatory response be stricken and that Mojo be held to "its prior position that it never practiced the asserted patents." Dkt. No. 85 at 5. Mojo opposed the Motion through a response and sur-reply. Dkt. No. 108; Dkt. No. 134. For the reasons below, the Motion is **GRANTED** to the extent provided below.

### I.   BACKGROUND

The present Motion addresses Samsung's Interrogatory No. 20, served on January 12, 2024, and Mojo's April 5, 2024, supplement to its response. Dkt. No. 85 at 3–4. Initially, Mojo stated as part of its P.R. 3-1 disclosures that Mojo "has had various prototype products that may embody one or more of the asserted claims," and mirrored that statement in a response to Samsung's Interrogatory No. 4. *Id.* at 3 (citing Dkt. No. 85-2 at 4). Mojo supplemented the response to Interrogatory No. 4 to state "Mojo never practiced (by creating a system that meets all of the claim limitations) the Asserted Patents." Dkt. No. 85-2 at 5.

Mojo provided prototypes to Samsung for inspection on December 12, 2023, and Samsung served Interrogatory No. 20 to address the prototypes. Dkt. No. 85 at 3; Dkt. No. 85-3 at 5. Mojo's initial response was "none of the devices practice any of the Asserted Claims." Dkt. No. 85-3 at 6. On March 18, 2024, Samsung served Dr. Zane's opening technical report which in relevant part relied on Mojo's statements regarding practice of the Asserted Patents. Dkt. No. 85 at 4. On April 5, 2024, Mojo supplemented its response to Interrogatory No. 20 to include that some of the Asserted Claims "[a]re practiced by the receiver and transmitter prototypes provided by Mojo Mobility to Samsung." Dkt. No. 85-5 at 3. Mojo proceeded to serve a rebuttal expert report, relying on the supplemented response, on April 8, 2024. Dkt. No. 85.

Samsung filed this Motion on April 24, 2024. Fact discovery closed on March 18, 2024, and expert discovery closed on April 29, 2024. Trial is set for August 5, 2024.

## II. LEGAL STANDARD

Rule 26(e) governs supplementing disclosures and responses, and provides:

> *In General.* A party who ... has responded to an interrogatory ... must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

Fed. R. Civ. P. 26(e). Rule 37 provides:

> *Failure to Disclose or Supplement.* If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c). In line with Rule 37, Patent Local Rule 3-1(f) specifies for patent proceedings before this Court that:

> If a party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party must identify, separately for each asserted claim, each such apparatus, product, device, process,

2

method, act, or other instrumentality that incorporates or reflects that particular claim.

P.R. 3-1(f).

The Court considers four factors when determining if a Rule 26 violation is "substantially harmless" under Rule 37. Those factors are the (1) importance of the evidence, (2) prejudice to the opposing party of including the evidence, (3) possibility of curing such prejudice by granting a continuance, and (4) explanation for a party's failure to disclose. *See Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 563 (5th Cir. 2004). The party defending against Rule 37 sanctions carries the burden of showing its failure to comply with Rule 26 was "substantially justified or harmless." *See Rembrandt Vision Techs. LP v. Johnson & Johnson Vision Care, Inc.*, 725 F.3d 1377, 1381 (Fed. Cir. 2013).

### III.     ANALYSIS

Samsung contends that Mojo's supplemental response to Interrogatory No. 20 should be stricken either for failing to comply with P.R. 3-1(f) or pursuant to Rule 37. Dkt. No. 85 at 5.

Mojo asserts that the supplemental response to Interrogatory No. 20 was required under Rule 26(e), contending that discovery of the "incorrect response" occurred during review of Dr. Zane's opening technical report. Dkt. No. 108 at 12. Mojo asserts the supplementation occurred less than a month after discovering the need for correction, rendering the supplementation timely. Dkt. No. 108 at 5, 12.

Mojo's reliance on Rule 26(e) to support materially altering a previous contention in response to an adverse expert report is not persuasive. First, the supplementation cannot be considered timely where Mojo asserted the "incorrect" position both in response to Interrogatory No. 20 and No. 4. At all times Mojo was in the best position to know whether it was asserting that the products and prototypes practice the Asserted Patents, and it is not reasonable that the earliest

3

discovery of the response's incorrectness was Samsung's expert report. Second, advantageously changing a contention to bolster rebuttal arguments in response to an adverse expert report is a problematic use of Rule 26(e). *See Effective Expl., LLC v. BlueStone Nat. Res. II, LLC*, 2017 WL 5895164, at *3 (E.D. Tex. Nov. 13, 2017); *State Auto. Mut. Ins. Co. v. Freehold Mgmt., Inc.*, No. 3:16-CV-2255-L, 2019 WL 1436659, at *25 (N.D. Tex. Mar. 31, 2019).

The Court is also not persuaded by Mojo's argument that the position was otherwise made known to Samsung through delivery of the prototypes. Mojo asserts Samsung could have discovered that the prototypes practiced the asserted patents through independent evaluation. However, it is Mojo's burden to identify contentions pursuant to P.R. 3-1 and Samsung cannot be faulted for relying on Mojo's representations that the prototypes did not practice the Asserted Claims. Nor does possession of the prototypes alone demonstrate that the difference in position had "otherwise been made known . . . during the discovery process" given the factual record before the Court.

Finally, Mojo has represented that the ultimate concern is Samsung's "false portrayal" of Mojo as a "non-practicing entity" or "patent troll." Dkt. No. 108 at 16. Mojo's argument regarding being characterized as a "patent troll" is meritless in light of the Court's Standing Order on Motions *in Limine* which at Court MIL No. 11 prohibits such characterization. While Court MIL No. 11 allows the use of the term non-practicing entity, to the extent Mojo believes that the Standing Order does not address its concerns, the proper avenue for seeking relief on this point is not through improper supplementation.

Accordingly, pursuant to P.R. 3-1(f), the Court finds that Mojo has not preserved "the right to rely, for any purpose, on the assertion that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention." P.R. 3-1(f). While Mojo's initial

disclosures might have preserved that right, the intervening responses indicating that the products and prototypes do not practice the asserted patents cut off that preservation.

Samsung's Motion to Strike Mojo Mobility's Late Disclosure of Mojo Mobility Purportedly Practicing the Asserted Patents is **GRANTED** to the extent that Mojo may not rely on the supplemental response to Samsung's Interrogatory No. 20 for any purpose, and will be held to its earlier response.

**SIGNED this 6th day of July, 2024.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE