# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| MOJO MOBILITY, INC., | |
| Plaintiff, | Civil Action No. 2:22-CV-00398-JRG-RSP |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG ELECTRONICS AMERICA, INC., | JURY TRIAL |
| Defendant. | |

**PLAINTIFF MOJO MOBILITY, INC.'S UNOPPOSED MOTION FOR RELIEF FROM THE STANDING ORDER ON NUMBER AND USE OF PRE-ADMITTED EXHIBITS IN CIVIL CASES ASSIGNED TO CHIEF JUDGE RODNEY GILSTRAP**

Mojo respectfully files this Unopposed Motion for Relief from numerical limits in the Court's August 9, 2023 Standing Order on Number and Use of Pre-Admitted Exhibits in Civil Cases Assigned to Chief Judge Rodney Gilstrap ("Standing Order"). The goal of the Standing Order is to make the objection process to exhibits more manageable by forcing the parties to make decisions earlier as to exhibits actually needed at trial:

> Too often in today's practice the Court finds itself confronted with hundreds or even thousands of proposed exhibits at the pretrial conference. It appears that each side designates every possible document as an exhibit to ensure it does not overlook something important. While of some comfort to the designating party, such practice is overly burdensome to the Court and to the party obligated to review the documents for objection. To provide for a more realistic and efficient means of resolving disputes regarding exhibits to be pre-admitted in advance of trial, the Court imposes the following limits ….

Standing Order at 1 (emphasis added).

The Standing Order has accomplished its goal in this case. The parties started with roughly 963 documents combined from each parties' respective exhibit lists. By the pretrial conference, Mojo reduced to 260 exhibits (i.e., the quantity of actual individual documents, not compilations) and Samsung reduced to 284 exhibits, and these were organized into a manageable number of groups/buckets for objections for the pretrial conference per request of the Court. Further to this, Mojo has continued to diligently narrow its exhibits and as of today is at 185 exhibits. Samsung's exhibit list as of today is at 175. After the pretrial conference, there remains only a small number of objections as to exhibits: Samsung has approximately 17 objections remaining against Mojo's current pre-admit exhibit list and Mojo has 13 objections remaining against Samsung's current pre-admit exhibit list. These remaining objections fall within a handful of remaining buckets. Thus, the remaining objections as to exhibits is very manageable in advance of the July 22, 2024 final pretrial conference. And the remaining pending motions to strike are expected to resolve several of these remaining disputes as to exhibits.

However, given the complexity of this case, Mojo respectfully submits that it needs more exhibits than the numerical limit allowed by the Standing Order. These complexities include (1) a large number of infringing Samsung products with no agreement to date on representative products, (2) a long history of interactions between the parties, (3) long claims that provide a complete, comprehensive solution to wireless charging technology, and (4) Samsung raising many defenses including standing. To be able to meet its burden of proof at trial, Mojo respectfully submits that it needs relief from the numerical limit on exhibits in the Standing Order. Mojo notes that Samsung's exhibit count also exceeds the numerical limit in the Standing Order.

Samsung has requested that the following paragraph be inserted to state their position:

"Samsung contends that the number of exhibits that Mojo seeks is needlessly excessive. While Samsung does not oppose Mojo's motion for leave, Samsung contends that its non-opposition should not be taken as an endorsement of Mojo's request for several multiples more exhibits than the standing order permits. Samsung continues to believe that the better practice is to further narrow the exhibit lists beyond the compromise proposal, and Samsung is hopeful that a further reduction can occur after the Court's rulings on the pending motions. If the Court is inclined to grant Mojo's motion, Samsung respectfully submits that it should get an equal increase in the numerical limit allowed by the Standing Order because of the complexities of this case, including (1) to rebut Mojo's six asserted patents across a wide variety and number of accused products, (2) to rebut Mojo's inclusion of numerous exhibits beyond the Court's limits, and (3) because there will be both a jury and bench trial in this case—wherein the bench trial will necessitate exhibits not needed for the jury trial."

To this end of being able to meet its burden of proof at trial, Mojo files this unopposed motion and proposed order respectfully seeking relief and an order as follows:

(1) Each party shall reduce their remaining respective pre-admit exhibits lists presented for the initial pretrial conference on July 1 to no more than 165 documents each, with each document counting as a single exhibit (i.e., no group/compilation/category exhibits). These reductions shall occur in two stages, with the first reduction to 175 documents each by July 15, and then the final reduction to 165 each by July 19 (in advance of the final pretrial conference on July 22). As noted above, with these reduced lists there will be at most only approximately 30 documents with remaining objections, and these objected to documents fall only within a handful of buckets, making the final pretrial conference on July 22 very manageable.

Dated: July 12, 2024                                        Respectfully submitted,

Samuel F. Baxter                                            */s/ Steven J. Pollinger*
Texas State Bar No. 1938000                                 Steven J. Pollinger
sbaxter@McKoolSmith.com                                     Texas State Bar No. 24011919
Jennifer Truelove                                           spollinger@McKoolSmith.com
Texas State Bar No. 24012906                                Charles E. Fowler, Jr.
jtruelove@McKoolSmith.com                                   Texas State Bar No. 24083014
Kevin Burgess                                               cfowler@McKoolSmith.com
Texas State Bar No. 24006927                                George T. Fishback, Jr.
kburgess@mckoolsmith.com                                    Texas State Bar No. 24120823
MCKOOL SMITH, P.C.                                          gfishback@McKoolSmith.com
104 E. Houston Street, Suite 300                            Kenneth M. Scott
Marshall, Texas 75670                                       Texas State Bar No. 24137497
Phone: (903) 923-9000                                       kscott@McKoolSmith.com
Fax: (903) 923-9099                                         MCKOOL SMITH, P.C.
                                                            303 Colorado Street, Suite 2100
Christopher P. McNett                                       Austin, Texas 78701
cmcnett@McKoolSmith.com                                     Phone: (512) 692-8700
MCKOOL SMITH, P.C.                                          Fax: (512) 692-8744
1999 K Street NW, Suite 600
Washington, D.C. 20006                                      Ryan McBeth
Phone: (202) 370-8300                                       Texas State Bar No. 24078955
Fax: (202) 370-8344                                         rmcbeth@McKoolSmith.com
                                                            Archis "Neil" Ozarkar

> Texas State Bar No. 24079096
> nozarkar@McKoolSmith.com
> MCKOOL SMITH, P.C.
> 600 Travis St., Suite 7000
> Houston, Texas 77002
> Phone: (713) 485-7300
> Fax: (713) 485-7344

ATTORNEYS FOR THE PLAINTIFF, MOJO MOBILITY, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on July 12, 2024.

> */s/ Steven J. Pollinger*
> Steven J. Pollinger

## CERTIFICATE OF AUTHORIZATION OF CONFERENCE

The Parties have met and conferred several times since the July 1st Pretrial Conference and both arrived the compromise position for both parties that is being moved for. Samsung indicated that it does not oppose the relief being sought by this motion.

> */s/ Steven J. Pollinger*
> Steven J. Pollinger