IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| MOJO MOBILITY, INC., § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CASE NO. 2:22-CV-00398-JRG-RSP |
| § | |
| SAMSUNG ELECTRONICS CO., LTD. § | |
| and SAMSUNG ELECTRONICS § | |
| AMERICA, INC., § | |
| § | |
| *Defendants*. § | |

## MEMORANDUM ORDER

Before the Court is the Motion to Strike or Exclude Portions of the Expert Reports of David S. Ricketts filed by Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. **Dkt. No. 94**; Dkt. No. 143 (reply in support). Plaintiff Mojo Mobility, Inc. opposed the Motion with a response and sur-reply. Dkt. No. 118; Dkt. No. 161. For the reasons discussed below, Samsung's Motion is **GRANTED** to the extent provided below in Parts II (A), (B), (D), and (E).

### I.   LEGAL STANDARD

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

Rule 702 requires a district court to make a preliminary determination, when requested, as to whether the requirements of the rule are satisfied with regard to a particular expert's proposed testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93 (1993). District courts are accorded broad discretion in making

1

Rule 702 determinations of admissibility. *Kumho Tire*, 526 U.S. at 152 ("the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable"). Although the Fifth Circuit and other courts have identified various factors that the district court may consider in determining whether an expert's testimony should be admitted, the nature of the factors that are appropriate for the court to consider is dictated by the ultimate inquiry—whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial. *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

Importantly, in a jury trial setting, the Court's role under *Daubert* is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role; instead, the Court's role is limited to that of a gatekeeper, ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue before the jury that it is appropriate for the jury's consideration. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391-92 (Fed. Cir. 2003) (applying Fifth Circuit law) ("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony."); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249-50 (5th Cir. 2002) ("'[t]he trial court's role as gatekeeper [under Daubert] is not intended to serve as a replacement for the adversary system.' . . . Thus, while exercising its role as a gate-keeper, a trial court must take care not to transform a *Daubert* hearing into a trial on the merits," quoting Fed. R. Evid. 702 advisory committee note). As the Supreme Court explained in *Daubert*, 509 U.S. at 596, "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

## II.     ANALYSIS

### A.  Objections to "Inferences and Commentary"

Samsung asserts that Dr. Ricketts provides improper opinions on "purported industry practices[.]" Dkt. No. 94 at 9. Samsung points to Ricketts's Report, Appendix I ¶¶ 6, 7–15, contending that Dr. Ricketts offers testimony regarding Samsung's interactions with Mojo and Samsung's state of mind. Dkt. No. 9–10. Mojo responds that Dr. Ricketts's testimony involves what a "reasonable company" might have done and does not "extend into speculation about Samsung's actual intent or subjective belief." Dkt. No. 118 at 13.

Paragraphs 7–13 present factual information regarding the interactions, and logical inferences therefrom.  Samsung objects to paragraph 13 of Appendix I for including "the improper non-technical inference that Samsung reached out to Mojo through Mr. David Baarman." Dkt. No. 94 at 11. Mojo does not contest this objection. *See* Dkt. No. 118. Samsung's objection is that the email Dr. Ricketts relies on to demonstrate that "Samsung again reached out through a third party" is not supported by the accompanying screenshot. Dkt. No. 94 at 11. The Court finds that the purported contradiction between the email and screenshot may weigh on credibility but does not present an independent reason to strike paragraph 13.

Samsung objects to paragraph 15 of Appendix I for including "an alleged historical fact" regarding motivations for claim and specification drafting and contends that the information is not within the personal knowledge of Dr. Ricketts. Dkt. No. 94 at 11. Specifically, Samsung objects to the sentence: "The inventors went out of their way to draft claims and specifications that would provide the public and POSITAs with disclosures of their inventions." Dkt. No. 94 at 11 (citing Appendix I ¶ 15).  Mojo does not contest this objection. *See* Dkt. No. 118. The Court finds that the statement extends beyond the scope of Dr. Ricketts' expertise and speculates to the motivations of

the inventors without supporting evidence. Accordingly, the sentence is stricken from Appendix I ¶ 15. (Dkt. No. 94-7 at 16).

### B.  Objections to Dr. Ricketts's Written Description Opinions

Samsung asserts that Dr Ricketts's opinions for written description that rely on the issued patents, as opposed to their corresponding applications, are contrary to Federal Circuit precedent. Dkt. No. 94 at 11–12 (quoting *Ariad Pharm., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351 (Fed. Cir. 2010); citing *Juno Therapeutics, Inc. v. Kite Pharma., Inc.*, 10 F.4th 1330, 1341 (Fed. Cir. 2021)). Samsung contends that Mojo would not be prejudiced if the opinions were stricken as Dr. Ricketts "also offers opinions based on the as-filed patent applications and provisional applications." *Id.* at 12. Mojo does not contest Samsung's characterization of the law, but asserts without support that reliance on the as issued patents was permissible due to the "long priority chain." Dkt. No. 118 at 15. Further, Mojo characterizes Dr. Ricketts's reliance on both the applications and issued patents as a "belt-and-suspenders" approach. *Id.* Dr. Ricketts shall limit these opinions to the applications as opposed to the as-issued patents in his written description opinions.

The Court finds that Mojo's opposition is unsupported and only serves to confirm that Dr. Ricketts relies on the as-issued patents in his written-description opinions. Dr. Ricketts reliance on the as-issued patents is contrary to patent law. *Ariad Pharm., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351 (Fed. Cir. 2010); *Juno Therapeutics, Inc. v. Kite Pharma., Inc.*, 10 F.4th 1330, 1341 (Fed. Cir. 2021). Accordingly, the Court strikes the corresponding analysis as listed by Samsung. *See* Dkt. No. 94 at 11, 12.

### C.  Objections to Opinions on Consumer Value

Samsung asserts that Dr. Ricketts is not qualified to discuss "how consumers value product

features" and "[w]hile Dr. Ricketts represents that his opinions on value are 'technical opinion' . . . . economic value is not a technical opinion." Dkt. No. 94 at 12–13. Further, Samsung contends that Dr. Ricketts's opinions on consumer value are speculative and subjective. *Id.* at 13. Mojo responds that Samsung's objections seemingly only challenge a single paragraph (Appendix N at 6–7) and asserts that Dr. Ricketts is well-qualified, the opinions are reliable, and are not improper under the *Daubert* standard. Dkt. No. 118 at 12–13. Samsung replies that the challenged portions are "all of Dr. Ricketts' opinions on economic value in pages 6-23 of [Dkt. No. 94-4]." Dkt. No. 143 at 5.

In relevant part Dr. Ricketts's opinion in Appendix N begins with "In my technical opinion, the value of wireless charging is approximately equally important with respect to smartphones, smartwatches, and earbud cases . . . ." Dkt. No. 94-4 at 4. Dr. Ricketts's opinions discuss differing Samsung product offerings related to wireless charging and compares the retail prices listed on Samsung's website. Dkt. No. 94-4 at 5–10, 11–13. Further, Dr. Ricketts points to additional capabilities between versions of a product to explain price differences. *Id.* Dr. Ricketts relies on the evidence to demonstrate that Mojo's Asserted Claims can be credited for "the value of wireless charging capability in the accused mobile devices . . . and wireless chargers." *Id.* at 11. Dr. Ricketts concludes his analysis by stating "[m]y analysis of the technical benefits provided by the asserted claims is directly tied to the claimed inventions, such that I am unaware of any requirement for any further apportionment or SSPPU analysis." Dkt. No. 94-4 at 21. This testimony is reasonably related to his expertise and is helpful to the factfinder.

### D. Doctrine of Equivalents Opinions

Samsung asserts that Mojo's infringement contentions did not disclose any DOE positions, contending that including a "boilerplate alternative" does not sufficiently preserve DOE

5

arguments. Dkt. No. 94 at 13–14. Mojo organizes its response by claim elements. Dkt. No. 118 at 6–12. Mojo does not contest that the "boilerplate alternative" included in its infringement contentions did not preserve the arguments. *See* Dkt. No. 118 at 6–12.

First, Mojo asserts that Samsung was on notice for the "Ferrite Layer" term since "Mojo identified that a particular layer of a wireless-charging coil assembly of the accused Samsung smartphone products was both a "ferrite" and a "ferromagnetic" layer. Dkt. No. 118 at 7, 7–10. Mojo also asserts that the dispute is moot "because Samsung's technical expert . . . does not argue noninfringement on this claim element." Dkt. No. 118 at 10. The Court finds that Mojo preserved the right to rely on its contention that the component is either a ferrite or ferromagnetic layer, but that these descriptions do not otherwise preserve a broader doctrine of equivalents argument. Nor does the Court find the dispute moot due to the absence of a noninfringement argument. Accordingly, Dr. Ricketts's reliance more generally on DOE in Dkt. No. 94-5 ¶¶ 91, 99–105, Dkt. No. 94-11 ¶¶ 29, 33–38, Dkt. No. 94-12 ¶¶ 37, 41–46, Dkt. No. 94-13 ¶¶ 35, 39–44, and Dkt. No. 94-14 ¶¶ 4, 7–12 is stricken.

Second, Mojo indicates that they will "not . . . pursue doctrine of equivalents through Prof. Ricketts's testimony in regard to the PID claim element at trial." Dkt. No. 118 at 11. The Court finds that the dispute as to Dkt. No. 94-6 ¶¶ 20–21 and other related DOE opinions for the PID claim element is therefore moot.

Samsung also contends that 'Dr. Ricketts' opinion that one of Samsung's disclosed non-infringing alternatives infringes under [DOE]" should be stricken as well. Dkt. No. 94 at 14. Samsung further clarifies that "voltage detection" will no longer be relied upon as a non-infringing alternative. Dkt. No. 94 at 15. The Court finds that the dispute as to the NIA is moot based on Samsung's representation and any concerns regarding "a backdoor" regarding discussion of DOE

on this topic is not appropriately addressed within the context of a motion to strike.

### E. Opinions that Mojo Practices the Asserted Patents

Samsung asserts that Dr. Ricketts' opinion that Mojo practices the asserted patents should be excluded. Dkt. No. 94 at 15. Previously, the Court has ruled that "Mojo may not rely on the supplemental response to Samsung's Interrogatory No. 20 for any purpose, and will be held to its earlier response" which was the position that Mojo does not practice the asserted patents. *See* Dkt. No. 234. Accordingly, the Court strikes Dr. Ricketts' opinions that Mojo practices the Asserted Patents.

### F. Secondary Considerations

Samsung's Motion addresses several reasons to strike Dr. Ricketts' secondary considerations opinions. Dkt. No. 94 at 16–20. Mojo in response represents "Mojo agrees not to pursue its arguments related to secondary considerations through Prof. Ricketts' testimony at trial[.]" Dkt. No. 118 at 17. Based on this representation, the Court finds that the dispute is moot.

The motion (Dkt. No. 94) is denied in all other respects where not expressly granted herein.

**SIGNED this 22nd day of July, 2024.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

7