IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MOJO MOBILITY, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CASE NO. 2:22-CV-00398-JRG-RSP |
| | § | |
| SAMSUNG ELECTRONICS CO., LTD. | § | |
| and SAMSUNG ELECTRONICS | § | |
| AMERICA, INC., | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM ORDER

Before the Court is the Motion to Exclude the Expert Opinions of Dr. Rebbecca Reed-Arthurs filed by Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. **Dkt. No. 95**; Dkt. No. 145 (reply in support). Plaintiff Mojo Mobility, Inc. opposed the Motion with a response and sur-reply. Dkt. No. 116; Dkt. No. 160. For the reasons discussed below, Samsung's Motion is **DENIED**.

### I. LEGAL STANDARD

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

Rule 702 requires a district court to make a preliminary determination, when requested, as to whether the requirements of the rule are satisfied with regard to a particular expert's proposed testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93 (1993). District courts are accorded broad discretion in making

Rule 702 determinations of admissibility. *Kumho Tire*, 526 U.S. at 152 ("the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable"). Although the Fifth Circuit and other courts have identified various factors that the district court may consider in determining whether an expert's testimony should be admitted, the nature of the factors that are appropriate for the court to consider is dictated by the ultimate inquiry—whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial. *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

Importantly, in a jury trial setting, the Court's role under *Daubert* is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role; instead, the Court's role is limited to that of a gatekeeper, ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue before the jury that it is appropriate for the jury's consideration. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391-92 (Fed. Cir. 2003) (applying Fifth Circuit law) ("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony."); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249-50 (5th Cir. 2002) ("'[t]he trial court's role as gatekeeper [under Daubert] is not intended to serve as a replacement for the adversary system.' . . . Thus, while exercising its role as a gate-keeper, a trial court must take care not to transform a *Daubert* hearing into a trial on the merits," quoting Fed. R. Evid. 702 advisory committee note). As the Supreme Court explained in *Daubert*, 509 U.S. at 596, "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

## II.     ANALYSIS

### A.  Objections Regarding Apportioning Value

Samsung asserts that Dr. Reed-Arthurs' survey fails to apportion value to the claimed inventions and concludes "the entirety of the survey and corresponding analysis and results" should be excluded. Dkt. No. 95 at 9, 10 n.3. Samsung asserts two reasons for why the exclusion is warranted.

First, Samsung asserts that "Dr. Reed-Arthurs' survey improperly captures consumer value attributable to the Qi Standard and its adoption," contending that reference to the Qi Standard in the survey's description of "wireless charging features of interest" provided the suggestion that the respondents consider the Qi Standard in their evaluations. Dkt. No. 95 at 10–11. Further, Samsung contends that Dr. Reed-Arthurs's deposition testimony demonstrates that she was aware of the Qi standard and how it could affect the survey, but "tries to diminish this capture of the value of Qi." *Id.* at 11. Samsung concludes that survey respondents "would have been left thinking of the Qi standard and its value . . . when considering compatibility with third party wireless chargers." *Id.* Mojo responds that Dr. Reed-Arthurs makes passing reference to the Qi standard as "an example of the third-party wireless-charging feature enabled by the accused patents." Dkt. No. 116 at 6. Mojo disputes Samsung's assertion of what the respondents would think of the Qi standard based on the references in the survey. *Id.* at 7.

The Court finds that Samsung has not demonstrated a basis upon which the entirety of the report can be excluded. The objections demonstrate that the competing experts disagree regarding the value of relevant technology and the applicability of the Qi standard in evaluating the asserted patents. Samsung relies on deposition testimony to undermine and contradict Dr. Reed-Arthurs' report. In essence, Samsung has identified factual disputes regarding the conclusions of the report

3

and contentions regarding the credibility of Dr. Reed-Arthurs. Both concerns are within the purview of the jury and exclusion would be improper.

Second, Samsung asserts that "Dr. Reed-Arthurs' survey improperly captures consumer value attributable to unpatented wireless charging features." Dkt. No. 95 at 12. Samsung contends that the capture of the "myriad wireless charging technologies apart from the asserted claims" is due to the survey respondents' familiarity with wireless charging. *Id.* Based on the assertion that the survey captures the Qi standard's value to wireless charging, Samsung contends that the survey fails to address "60 to 70 standard essential patents" that apply to wireless charging and the Qi standard. *Id.* Further, Samsung asserts that Dr. Reed-Arthurs cannot rely on Dr. Ricketts' testimony for apportionment "to ignore the value of the Qi standard and other innovations and technology included in wireless charging." *Id.* at 12–13. Mojo responds that "Dr. Reed-Arthurs did not disregard apportionment in her survey" and permissibly relies on Dr. Ricketts' explanation of apportionment provided to Dr. Reed-Arthurs. Dkt. No. 116 at 8–9.

The Court finds that the parties have identified a factual dispute on apportionment highlighted by competing expert testimony. The resolution of this dispute is not proper within the context of this motion to strike and instead is for the jury to decide. Accordingly, the Court does not find that Dr. Reed-Arthurs' report should be excluded on these bases.

### B. Objections to Methodology

Samsung asserts that Dr. Reed-Arthurs' creation of, and subsequent analytical reliance on, a marginal consumer subgroup lacks "supporting literature or other indicia of reliability." Dkt. No. 95 at 13. Samsung contends that Dr. Reed-Arthurs' process for waiting until the final results to decide whether to use the subgroup, as well as inconsistency with determining principles, compounds the unreliability. Dkt. No. 95 at 14–15. Samsung's further objections to the results of

4

the analysis, specifically regarding "willingness-to-pay," stem from this initial objection to the creation of the subgroup. Dkt. No. 95 at 14, 15–16. Mojo responds with citations to literature purportedly supporting Dr. Reed-Arthurs' approach to considering the "marginal subgroup of respondents." Dkt. No. 116 at 10–13. Mojo also contends that Dr. Reed-Arthurs' principles for determining when to use the marginal subgroup are not inconsistent and Samsung relies on mischaracterizations of deposition testimony and of a previous case where Dr. Reed-Arthurs employed a similar methodology. Dkt. No. 116 at 13–16.

The Court finds that Dr. Reed-Arthurs' testimony is sufficiently reliable and is not the product of unreliable principles or methods. Samsung's assertions regarding competing principles of analysis on this topic emphasize the need to assign this issue for determination by the jury. Samsung's concerns with the testimony and any perceived inconsistencies in testimony or application can be adequately addressed through vigorous cross-examination and presentation of contrary evidence.

Accordingly, the motion (Dkt. No.95) is DENIED.

**SIGNED this 22nd day of July, 2024.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE