IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| MOJO MOBILITY, INC., § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CASE NO. 2:22-CV-00398-JRG-RSP |
| § | |
| SAMSUNG ELECTRONICS CO., LTD. § | |
| and SAMSUNG ELECTRONICS § | |
| AMERICA, INC., § | |
| § | |
| *Defendants*. § | |

**MEMORANDUM ORDER**

Before the Court is the Motion to Exclude the Expert Report of Jim Bergman filed by Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. **Dkt. No. 96**; Dkt. No. 144 (reply in support). Plaintiff Mojo Mobility, Inc. opposed the Motion with a response and sur-reply. Dkt. No. 115; Dkt. No. 159. For the reasons discussed below, Samsung's Motion is **DENIED**.

### I.     LEGAL STANDARD

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

Rule 702 requires a district court to make a preliminary determination, when requested, as to whether the requirements of the rule are satisfied with regard to a particular expert's proposed testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93 (1993). District courts are accorded broad discretion in making

1

Rule 702 determinations of admissibility. *Kumho Tire*, 526 U.S. at 152 ("the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable"). Although the Fifth Circuit and other courts have identified various factors that the district court may consider in determining whether an expert's testimony should be admitted, the nature of the factors that are appropriate for the court to consider is dictated by the ultimate inquiry—whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial. *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

Importantly, in a jury trial setting, the Court's role under *Daubert* is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role; instead, the Court's role is limited to that of a gatekeeper, ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue before the jury that it is appropriate for the jury's consideration. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391-92 (Fed. Cir. 2003) (applying Fifth Circuit law) ("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony."); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249-50 (5th Cir. 2002) ("'[t]he trial court's role as gatekeeper [under Daubert] is not intended to serve as a replacement for the adversary system.' . . . Thus, while exercising its role as a gate-keeper, a trial court must take care not to transform a *Daubert* hearing into a trial on the merits," quoting Fed. R. Evid. 702 advisory committee note). As the Supreme Court explained in *Daubert*, 509 U.S. at 596, "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

## II. ANALYSIS

### A. Citations to the Patents

Samsung asserts that "Mr. Bergman's report does nothing more than provide the raw number of citations to each asserted patent by third parties and/or patent examiners and is therefore improper." Dkt. No. 96 at 9. Mojo in the course of responding to the Motion contends "Bergman does not base his valuation analysis . . . on how many times each patent is cited. He simply lists (as a matter of indisputable background fact) how many times each patent was cited." Dkt. No. 115 at 6. The Court finds that Samsung has neither shown that the number of citations is irrelevant, nor that it is unfairly prejudicial. The weight of the testimony is properly left to the jury.

### B. Reliance on Other Expert Testimony

Samsung seeks to strike Mr. Bergman's testimony that relies on the testimony of other experts based on underlying objections raised in separate motions to strike. Dkt. No. 96 at 11–12, 12–14, 14, 14–15. Regarding sections IV(B) and IV(D)(1) of Samsung's Motion, the Court finds that since exclusion has been denied for the underlying disputes these disputes are moot.

The Court also finds that Mr. Bergman's reliance on Dr. Reed-Arthurs's testimony regarding the consumer value is not subjective or speculative such that exclusion is warranted.

Section IV(D)(2) further seeks to strike Mr. Bergman's income approach due to improperly relying on Dr. Ricketts. Dkt. No. 96 at 14–15. Samsung asserts that "Dr. Ricketts's opinions, and Mr. Bergman's reliance thereon, fail to account for the incremental value of the purported claimed invention." *Id.* at 15 (emphasis removed). It is unclear whether these assertions rely on Samsung's contemporaneously filed motion to strike regarding Dr. Ricketts or are being asserted for the first time in this Motion. If relying on the motion to strike Dr. Ricketts, the dispute is moot due to the related objection being denied by separate order. If not, nothing within this Motion provides an

independent basis, apart from what was already considered on this point, that would persuade the Court to hold differently.

### C.  Assigning Value to Other Technical Contributions

Samsung asserts that "Mr. Bergman's analysis fails to account for features that are attributable to the Qi Standard rather than the asserted patents." Dkt. No. 96 at 15. The Court finds that this objection is grounded in a fact dispute regarding the applicability of the Qi Standard to the asserted patents. Rather than providing a reason to strike, this objection highlights the competing testimony of the damage experts in this case. Accordingly, the Court finds that Samsung's concerns regarding technical contribution can be addressed through cross-examination and the presentation of contrary evidence.

### D.  Objections to Mr. Bergman's Market Approach Analysis

Samsung asserts that Mr. Bergman "fails to tie his market approach analysis related to Mojo's licensing practices to the asserted patents." Dkt. No. 96 at 15. Samsung points to Mr. Bergman's reference to Mojo's royalty guidelines and contends that Mr. Bergman does not subsequently apply those royalty guidelines. *Id.* at 16 (citing 96-1 ¶¶ 310, 333, 314–318). Further, Samsung contends that Mr. Bergman "fails to apportion to the six patents at issue here, particularly when only one of the currently asserted patents had issued then." *Id.* (referencing 96-1 ¶¶ 315, 318). Upon review of the relevant paragraphs, the Court finds that Samsung's concerns identify disputes regarding credibility and do not present a reason to find the paragraphs unreliable.

Accordingly, the motion (Dkt. No. 96) is DENIED.

**SIGNED this 22nd day of July, 2024.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE