**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| MOJO MOBILITY INC., | § | |
| | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:22-CV-00398-JRG-RSP |
| | § | |
| SAMSUNG ELECTRONICS CO., LTD | § | |
| *and* SAMSUNG ELECTRONICS | § | |
| AMERICA, INC., | § | |
| | § | |
| | § | |
| *Defendants.* | § | |

**MEMORANDUM OPINION AND ORDER**

### I.    INTRODUCTION

Before the Court is the Motion for Judgment as a Matter of Law as to Invalidity ("the Motion") filed by Defendants Samsung Electronics Co., LTD and Samsung Electronics America, Inc. (collectively, "Samsung"). (Dkt. No. 358). In the Motion, Samsung moves the Court to enter judgment as a matter of law under Federal Rule of Civil Procedure 50(b) that the patents asserted at trial are invalid. For the following reasons, the Court **DENIES** the Motion.

### II.    BACKGROUND

At trial, Plaintiff asserted infringement of five (5) patents: U.S. Patent No. 9,577,440, U.S. Patent No. 11,201,500, U.S. Patent No. 11,316,371, U.S. Patent No. 11,462,942, and U.S. Patent No.11,342,777 (collectively, the "Asserted Patents"). Samsung presented evidence through its expert, Dr. Regan Zane, that the Asserted Patents were invalid as obvious under 35 U.S.C. § 103. (Dkt. No. 358 at 1-9). Plaintiff Mojo Mobility Inc. ("Plaintiff") cross-examined Dr. Zane but did

not present a separate rebuttal case.  (*Id.* at 2); (*see also* Dkt. No. 383 at 6).  Nonetheless, the jury found that none of the asserted claims were invalid.  (Dkt. No. 297 at 6-7).

### III.    LEGAL STANDARD

Judgment as a matter of law should only be granted "if, viewing the evidence in the light most favorable to the nonmovant and giving it the advantage of every fair and reasonable inference, there is insufficient evidence from which a jury reasonably could find for the nonmovant." *Tercero v. Tex. Southmost College Dist.*, 989 F.3d 291, 299 (5th Cir. 2021).  "The Fifth Circuit views all evidence in a light most favorable to the verdict and will reverse a jury's verdict only if the evidence points so overwhelmingly in favor of one party that reasonable jurors could not arrive at any contrary conclusion." *Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*, 880 F.3d 1356, 1361 (Fed. Cir. 2018) (citing *Bagby Elevator Co. v. Schindler Elevator Corp.*, 609 F.3d 768, 773 (5th Cir. 2010)).  A court must "resolve all conflicting evidence in favor of [the verdict] and refrain from weighing the evidence or making credibility determinations." *Gomez v. St. Jude Med. Daig. Div. Inc.*, 442 F.3d 919, 937–38 (5th Cir. 2006).

Claims are invalid under § 103 where "the claimed invention as a whole would have been obvious" to a skilled artisan "before the effective filing date" of the patents.  35 U.S.C. § 103. Proving obviousness requires showing that the prior art suggests the claim limitations and "a skilled artisan would have been motivated to combine the teachings of the prior art references" and "would have had a reasonable expectation of success in doing so." *Pfizer, Inc. v. Apotex, Inc.*, 480 F.3d 1348, 1361 (Fed. Cir. 2007).  "Obviousness is a question of law based on underlying findings of fact." *W. Union Co. v. MoneyGram Payment Sys., Inc.*, 626 F.3d 1361, 1369 (Fed. Cir. 2010).  Obviousness must be established by clear and convincing evidence; a preponderance alone

is insufficient. *Core Wireless Licensing v. LG Electronics*, 880 F.3d 1356, 1364 (Fed. Cir. 2018) (citing 35 U.S.C. § 282).

## IV.  ANALYSIS

In its Motion, Samsung argues that no reasonable jury could find that the Asserted Patents are valid over its cited prior art references as a matter of law. (Dkt. No. 358 at 1–9).  Samsung argues that Plaintiff never effectively rebutted Dr. Zane's testimony with respect to obviousness. (*Id.*).  In particular, Samsung asserts that Plaintiff "did not call Dr. Ricketts to the stand to try to rebut Dr. Zane, and it did not elicit any admissions from Dr. Zane that undermined his invalidity testimony." (*Id.* at 2).  Samsung further argues that the validity opinions offered by Plaintiff's expert, Dr. Ricketts, in Plaintiff's case-in-chief were conclusory such that they could not serve as effective rebuttal evidence.  (Dkt. No. 379 at 3).  Samsung argues that, as a result, "[t]he only evidence before the jury proved obviousness." (*Id.* at 1).

In response, Plaintiff argues that it was not required to put on a rebuttal case following Samsung's case-in-chief for the jury to find the patents not invalid.  (Dkt. No. 372 at 2-5) (citing *Core Wireless*, 880 F.3d at 1363–64).  Plaintiff correctly observes that it was Samsung's burden to prove invalidity by clear and convincing evidence.  (Dkt. No. 383 at 2–3).  Nonetheless, Plaintiff argues that it effectively cross-examined Dr. Zane in eliciting testimony that Samsung's Calhoon, Okada, Sogabe, and Qi prior art references did not teach various patented features.  (Dkt. No. 372 at 4).  Plaintiff asserts that its cross-examination demonstrated that Samsung failed to establish that a person of ordinary skill in the art would be motivated to combine Samsung's prior art references as the challenged claims require.  (Dkt. No. 383 at 4-5).  Plaintiff also argues it further undermined Dr. Zane's testimony when it cross-examined him on secondary considerations of non-obviousness and when it examined Dr. Partovi on whether Samsung's prior art references had

been cited by the United States Patent and Trademark Office. (*Id.*). Separately, Plaintiff contends that the jury was free to find Dr. Zane a non-credible witness because he "admitted that Samsung's lawyers drafted significant portions" of his report and because he did not rely on prior art references from companies Dr. Zane identified when discussing the development of wireless technology, including Samsung itself. (Dkt. 372 at 3-4; Dkt. 383 at 3-6). Finally, Plaintiff argues that Samsung elected not to cross-examine Plaintiff's expert, Dr. Ricketts, on validity, leaving his "opinions on validity uncontradicted and unimpeached[.]" (*Id.* at 5).

In reply to Plaintiff's arguments, Samsung asserts that Dr. Zane relied on prior art references and combinations that differed from those highlighted in cross-examination. (Dkt. No. 379 at 1). For example, Samsung specifies that Dr. Zane did not rely on the Calhoon reference to teach a planar coil, contrary to Plaintiff's point on cross-examination. (Dkt. 358 at 6). Also, Samsung insists that Plaintiff's argument regarding lawyers drafting Dr. Zane's report is about the time Dr. Zane spent drafting the report and that "there is no floor for the amount of time an expert spends drafting a report to be found credible[.]" (Dkt. No. 379 at 2).

The Court agrees with Plaintiff. It was Samsung's burden to prove "by clear and convincing evidence" that the patents were invalid. *Core Wireless*, 880 F.3d at 1364. *See also*, 35 U.S.C. § 282 ("A patent shall be presumed valid. . . . The burden of establishing invalidity of a patent or any claim thereof shall rest on the party asserting such invalidity."). The jury found that Samsung did not meet their burden, and the Court sees no basis to overturn the jury's determination.

Indeed, in *Core Wireless*, the Federal Circuit held that "[b]ecause the burden rests with the alleged infringer to present clear and convincing evidence supporting a finding of invalidity, granting judgment as a matter of law for the party carrying the burden of proof is generally

'reserved for extreme cases.'"  880 F.3d at 1364.  An "extreme case[]" would be when something drastic occurs, "such as when the opposing party's witness makes a key admission."  *Id.* Importantly, the Federal Circuit also held that judgment as a matter of law is not warranted simply "because [the defendant] presented a prima facie case of [invalidity] and [plaintiff] failed to present any affirmative evidence in rebuttal."  *Id.* at 1363–64.  Although Samsung presented evidence of invalidity it does not follow that judgment as a matter of law must necessarily be granted in Samsung's favor.

Further, the process of weighing competing evidence goes to the core function of our jury system.  Plaintiff points to several reasons why the jury could have found Dr. Zane to have insufficient credibility: he did not write "significant portions of his report," he did not cite prior art references from major companies (including Samsung itself) included on the timeline he showed the jury when discussing the development of the relevant technology, and Dr. Partovi's testimony established a potential inconsistency in Samsung's theory of the case.  (*See* Dkt. No. 308 at 372-73); (Dkt. No. 312 at 1056-66, 1075-77); (Dkt. 372 at 3-4; Dkt. 383 at 3-6).  As expected, Samsung disagrees, arguing that Plaintiff's cross-examination was insufficient and that the amount of "time [Dr. Zane] spent preparing his invalidity expert report" is not a "legitimate" basis to find him non-credible. (Dkt. No. 379 at 1–2).  Nonetheless, these *post hoc* arguments are (1) insufficient to show that this is an "extreme case" warranting a grant of judgment as a matter of law, and (2) they invite the Court to usurp the role of the jury in judging the credibility of the witness and assigning appropriate weight (in their minds) to the evidence presented.  This Court declines such invitation.  *Core Wireless*, 880 F.3d at 1364; *Gomez*, 442 F.3d at 937–38 (holding that a court must "refrain from weighing the evidence or making credibility determinations").

Finally, the jury was entitled to determine whether there were any objective indicia of non-obviousness, and if not, whether the lack of secondary indicia demonstrated that the patents were obvious.  Despite Samsung's urging, the Court will not now put its own feet into the jury's shoes.

V.    **CONCLUSION**

For the foregoing reasons, the Motion should be and hereby is **DENIED**.

## So Ordered this

**Mar 12, 2026**

_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE